CHARLES D. AXELROD (STATE BAR NO. 39507)
GARY E. KLAUSNER (STATE BAR NO. 69077)
H. ALEXANDER FISCH (STATE BAR NO. 223211)
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars
12th Floor
Los Angeles, CA 90067
Telephone:  (310) 228-5600
Telecopy:  (310) 228-5788

Attorneys for District
Valley Health System

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:07-bk-18293-PC |
| VALLEY HEALTH SYSTEM, a California Local Health Care District | Chapter 9 |
| | **STATUS REPORT** |
| Debtor, | |
| | <u>Status Conference</u>: |
| | DATE: May 19, 2009 |
| | TIME: 1:30 p.m. |
| | PLACE: 3420 Twelfth Street |
| | Courtroom 304 |
| | Riverside, CA 92501-3819 |

Valley Health System, a California Local Healthcare District and debtor in the above-captioned chapter 9 case (the "District"), submits the following Status Report in anticipation of the status conference in this matter scheduled for May 19, 2009 at 1:30 p.m.  This Status Report is intended to update the most recent Status Report, which was submitted to this Court on or about February 11, 2009.

486899v1

# I.

# SIGNIFICANT EVENTS CONCERNING BUSINESS OPERATIONS AND RECOVERY OF ASSETS.

## A.  Business Operations

As stated in its most recent status report, the District continues to operate its two remaining hospitals.  Additionally, the District is utilizing the facility formerly used as a skilled nursing facility to operate a chemical dependency program and a post-treatment retreat center.

Also as previously stated, the general downturn in the national economy, which is particularly severe in the portion of the Inland Empire served by the District, has complicated the District's efforts to restructure.  For the first nine months of its current fiscal year, the District had a loss from operations of approximately $5 million, which compares favorably to the $13 million loss sustained by the District in just the first six months of its prior fiscal year.  In spite of continuing efforts to reduce expenses and increase revenue, as of March 31, 2009, the District was losing approximately $800,000 per month from its operations.  The District projects that total losses for this fiscal year will exceed $8 million.

## B.  Creditors Committee's Desire for A Sale of Substantially All Assets

In recent weeks, the Official Committee of Unsecured Creditors (the "Committee") has urged the District to begin a process to sell its assets.  The District's management and board of directors are aware of the Committee's position and are mindful of the District's cash position.  A decision to sell substantially all assets, however, is uniquely committed to the District's elected officials and, pursuant to state law, its voters.  The District is continuing to implement changes designed to return to profitability, some of which are described below, but the Committee's position that the alternative to successful rehabilitation is a sale is no revelation to the District.  When and if the District concludes that it needs to implement a sale process, the District will do so.

## C.  Restructuring of Labor Costs

As a part of its overall efforts to rehabilitate, the District anticipates filing a motion in the near term to, among other things, reject its prepetition agreement with SEIU-United Healthcare

Workers West & Local 121 (the "SEIU") and confirm certain interim compensation with respect to both the SEIU and the California Nurses Association ("CNA"). As will be demonstrated in that motion, and as evidenced from the point in this case at which the District has felt compelled to seek such relief, the District has worked for over a year to find a negotiated solution to reducing its significant labor costs. The District anticipates that an order granting the relief to be requested will reduce expenses by $4.7 million for its next fiscal year and reduce or eliminate future litigation with its attendant costs and distractions, thus significantly improving the District's chances of successfully reorganizing.

**D.     Litigation With Aetna**

On October 2, 2008, the District initiated adversary proceeding number 08-01386 against Aetna Health Management LLC and Aetna Health of California (together, "Aetna"), alleging that Aetna violated the automatic stay and breached its contract with the District by failing to pay $2,374,000 owed on account of services rendered after the District's petition date. On November 4, 2008, Aetna filed an answer, denying any liability to the District, and a counterclaim, seeking allowance of its claim and asserting a purported right of recoupment. On November 21, 2008, the District filed an answer to Aetna's counterclaim.

The District and Aetna have since filed a set of stipulated facts that will govern disposition of the limited issues raised by their adversary proceeding. The parties will file simultaneous motions and responses on May 22 and June 12, 2009, respectively, and a hearing will be held to resolve the bulk of the dispute on June 23, 2009.

**E.     May 15 Interest Payment**

As a part of its efforts to conserve cash while allowing ongoing cost reduction and revenue enhancement initiatives to bear fruit, the District will not make the $3,361,528 payment to its revenue bondholders scheduled for May 15, 2009.[1]

---

[1] While the bond payment is not being made directly by the District, the payment will be made from the bondholders' reserve fund.

## II.

## PLAN NEGOTIATIONS

As discussed in the February 11 status report, in September 2008, the District began serious negotiations with the its bondholders and the Committee, which included presentations of a proposed business plan containing, among other things, projected revenues, expenses, capital expenditures, reserves and payment to creditors.  The District's business plan contemplated that creditors would receive payment over a period of time from net cash flows from operations and the sale of assets.  The business plan provided, and the District still intends, for the bondholders to paid substantially in accordance with the terms of the applicable bond documents and unsecured creditors to be paid all or substantially all of their allowed claims in full, without interest, over a period of time – perhaps as long as ten years.

The discussions between the District and its bondholders and the Committee have not resumed since being temporarily suspended prior to the February status conference.  The District is continues to revise its projections to reflect the reduction in revenue and ongoing initiatives.

The District would prefer to file a plan of adjustment which has the consent of its major creditor constituencies, however, the District may decide to file its plan of adjustment and continue negotiating with its creditors and bondholders thereafter.  In this manner the District would, hopefully, expedite the process of eventually getting a plan confirmed.

The District has continued to provide the financial advisors to the bondholders and the Committee with financial reports and information on a regular basis and as requested by them.

## III.

## ANALYSIS, EVALUATION AND OBJECTION TO CLAIMS

The District's task of objecting to claims to reconcile the proofs of claim filed in its chapter 9 case to its books and records is less urgent given its more pressing restructuring issues. Nonetheless, the District has continued to review proofs of claim filed in its chapter 9 case and reconcile the asserted claims to its books and records.  Through this process, the District has identified several claims asserted in excessive amounts, or that are not valid, and anticipates filing further objections in the future.  As a result of this process, the District identified several creditors

who may not have received notice of the initial bar date in this case.  On May 6, 2009, the Court entered an order setting a supplemental bar date for such creditors, whom the District has since served with notice of the bar date as set forth in the Court's order.

The District has also filed objections to four claims totaling $6,534,407.57.  Two of the District's objections, to claims totaling $3,994,841.57, have been sustained.  The remaining two objections are to claims filed by Dr. Kali P. Chaudhuri and KM Strategic Management, LLC, totaling $2,539,566.00.  The District, KM Strategic Management and Dr. Chaudhuri have been working to resolve the objections consensually, and the District's objections are presently set for hearing on July 6, 2009.

The District anticipates that further claim objections will be necessary, and will file such objections at the earliest possible opportunity, after having marshaled the relevant facts and exhausted the opportunity for resolution other than by way of formal objection.

## IV.

## DEVELOPMENTS WITH RESPECT TO LABOR ISSUES

As reported previously, the District and its two major unions, the SEIU and the CNA have conducted negotiations since spring of 2008 with the objective of entering into collective bargaining agreements containing modifications to the collective bargaining agreements which were in effect or alleged to have been in effect prior to the commencement of the District's chapter 9 case.

In June of 2008, the SEIU filed an Unfair Labor Practice Charge ("ULP") with the Public Employment Relations Board ("PERB") in connection with which the SEIU requested that PERB order the District to execute a prepetition collective bargaining agreement which had been negotiated in 2006 but which the District had refused to sign prior to the petition date.  The District responded to the ULP and, among other things, asserted that the automatic stay precluded PERB from processing the ULP.  Nevertheless, PERB issued a complaint against the District.  The District requested that PERB and the SEIU refrain from any further proceedings in connection with the complaint, again, raising the issue of the automatic stay.  Neither PERB nor the SEIU would agree.  Accordingly, the District initiated in the bankruptcy court an adversary proceeding in which the

District sought, *inter alia*, injunctive relief against the SEIU. On November 10, 2008, this Court granted the District's motion for a preliminary injunction.

On or about October 17, 2008, the SEIU filed a motion with the United States District Court requesting that the District Court withdraw the reference of the Adversary Proceeding. By order entered December 8, 2008, the District Court withdrew the reference and requested that the District and the SEIU submit further briefing on issues relating to the intersection of the Bankruptcy Code on the one hand, and the Norris-LaGuardia Act on the other. After further hearings, the District Court requested additional briefing on a variety of issues including issues relating to the automatic stay, exceptions from the automatic stay, the bankruptcy court's authority to grant injunctive relief under section 105 and the enforceability, if any, of orders made by PERB. Briefing before the District Court has closed, and no decision has yet been issued. This Court's preliminary injunction remains in effect.

On or about August 22 and October 6, 2008, the SEIU filed two further ULPs with PERG. On November 25, 2008, the District filed with PERB a motion titled "*Valley Health System's Motion to Dismiss Complaint in LA-CE-459-M and to Dismiss Charges in LA-CE-479-M and LA-CE-488-M* (the "Motion to Dismiss"). On March 11, 2009, a PERB Deputy General Counsel denied the Motion to Dismiss with respect to the two ULPs not subject to this Court's preliminary injunction. The PERB, however, has taken no further action in connection with the additional ULPs.

On April 10 and April 24, 2009, the District and the SEIU met again to discuss certain proposals by the District to restructure labor costs. At the April 10 meeting, the District indicated to the SEIU that, given the District's continuing operating losses, and the significant share of expenses related to labor costs, rejection of the District's prepetition agreement with the SEIU was a very real possibility. On April 24, 2009, the parties conferred again. A further meeting between the SEIU and the District is scheduled to take place contemporaneously with the May 19 status conference.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: May 14, 2009 | STUTMAN, TREISTER & GLATT<br>CHARLES D. AXELROD<br>GARY E. KLAUSNER<br>H. ALEXANDER FISCH |
|   | By: /s/ H. Alexander Fisch<br>    Attorneys for District<br>    VALLEY HEALTH SYSTEM |

| In re: | CHAPTER 11 |
|---|---|
| VALLEY HEALTH SYSTEM, a California Local Health Care District<br><br>Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067.

The following document described as **Status Report** was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below on May 14, 2009:

> The Honorable Peter Carroll
> USBC - Central District of CA
> 3420 Twelfth Street
> Courtroom No. 304
> Riverside, CA 92501-3819

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On May 13, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 14, 2009 | Therese A. Barron | */s/ Therese A. Barron* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| VALLEY HEALTH SYSTEM, a California Local Health Care District    Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |

**VALLEY HEALTH SYSTEM**
5965 - Special Notice List
Revised 4/30/09
Doc. No. 483619v3

The Honorable Peter Carroll
USBC - Central District of California
3420 Twelfth Street
Courtroom No. 304
Riverside, CA 92501-3819

Valley Health System
1117 East Devonshire Avenue
Hemet, CA 92543

Internal Revenue Service
Insolvency Group 1
290 North "D" Street
San Bernardino, CA 92401

Securities Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036

Employment Development Dpt.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Attn: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

Trustee for Bondholders
US Bank Attn: Mike Vraa, Trust Officer
60 Livingston Ave.
Mail Code EP-MN-WE3T
St. Paul, MN 55107-2292

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA 92501

Atty for Both: Menifee Valley Community
Medical Group & Hemet Community
Medical Group/Joseph M. Galosic, Esq.
26632 Towne Center Dr. #300
Foothill Ranch, CA 92610-2808

Atty/ DePuy Orthopedics, Inc.
David W. Dykhouse
Patterson Bleknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Atty: Anaheim Memorial Hospital
Paul R. Glassman
Greenberg Traurig, LLP
2450 Colorado Avenue, Ste. 400E
Santa Monica, CA 90404

DaVita
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA 926917

Renal Treatment Center- California, Inc.
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA 92691

Primeshares
60 Madison Ave., 2d Floor
New York, NY 10011-1600

Atty/Sodexho USA aka Sodexho Marriott
Servs. / Poyner & Spruill LLP
Attn: Judy D. Thompson
301 South College St., #2300
Charlotte, NC 28202

Atty/Blue Cross of CA
Creim Macias Koenig & Frey LLP
Attn: Stuart I. Koenig
633 W. Fifth St., 51st Fl.
Los Angeles, CA 90071

Atty/Menifee Valley Community Med. Grp.
William E. Thomas, Esq.
6800 Indiana Avenue, #130
Riverside, CA 92506

Atty/KM Strategic Mgmt.
Davis & Wojcik
Robert A. Davis, Jr.
1105 East Florida Ave.
Hemet, CA 92543

Atty/Southland Endoscopy
Davis & Wojcik
Attn: Joseph M. Wojcik
1105 East Florida Ave.
Hemet, CA 92543

Atty/Hemet Community Med. Group
Shulman Hodges & Bastian LLP
Attn: L.M. Shulman/M. Bradshaw
26632 Towne Center Dr., #300
Foothill Ranch, CA 92610

IBM Credit LLC
Special Handling Group
Attn: Pamela Wilcox
4111 Northside Parkway
Atlanta, GA 30327

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| VALLEY HEALTH SYSTEM, a California Local Health Care District  Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |

Atty/Health Net
Pillsbury Winthrop Shaw Pittman LLP
Attn: Nadine J. Youssef
725 S. Figueroa St., #2800
Los Angeles, CA 90017

Attys/ Siemens Financial Services Inc.
Arlene N. Gelman & Stephanie Hor-Chen
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL 60601

Meline Industries, Inc.
Attn: Anne Kisha
One Medline Place
Mundelein, IL 60060

Agent for GE Money Bank
Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Ave. Ste 1120
Miami, FL 33131-1605

Atty/ US Bank National Assn. as Trustee
W. Smith, N. Coco, M. Hughes, & J.
DeJonker / McDermott, Will Emery
227 West Monroe St. Ste. 5400
Chicago,IL 60606

Atty/ Cardinal Health 110, Inc. et al
Greenberg Traurig LLP
Attn: S.L. Heyen/ J.K. Terry
1000 Louisiana #1800
Houston, TX 77002

Health Net
Attn: Patrice Halloway
7755 Center Ave., 8th Fl.
Huntington Beach, CA 92647

Atty/ Valley Medical Staffing Inc.,
Michael B. Conley
3685 Mount Diablo Blvd. #351
Lafayette, CA 94549

Atty/ Owens & Minor, Inc
Buchalter Nemer P.C.
Benjamin S. Seigel, Esq.
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA 90017

Atty/ Inland Empire Health Plan
Tin Kin Lee Esq.
Law Offices of Tin Kin Lee
55 S. Lake Ave. Ste 705
Pasadena, CA 91101

U.S. Bank National Association Corporate
Trust Services
Attn: Keith Marshall
633 West Fifth St. 24th Floor
Los Angeles, CA 90071

Atty/ Scan Health
Karl E. Block, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd. Ste. 2200
Los Angeles, CA 90067

Atty/ Siemens Financial Services Inc.
Uzzi O Raanan
Danning Gill et al LLP
2029 Century Park E 3FL
Los Angeles, CA 90067-2904

Owens & Minor, Inc.
Larry R. Whitley CBF
455 South Brea Canyon Road
City of Industry, CA 91789-3058

Atty/ HRC Manor Care Inc.
F. Borges, G. Stebens, D. Pomerantz
Beam, Brobeck, West, Borges & Rosa LLP
600 West Santa Ana Blvd. Ste. 1000
Santa Ana, CA 92701-4856

Atty/ US Bank National Association
Jean B LeBlanc
McDermott Will & Emery LLP
2049 Century Park East, Ste. 3800
Los Angeles, CA 90067

Universal Health Services
Robert E. Darby
Fulbright & Jaworski, LLP
555 South Flower St., 41st floor
Los Angeles, CA 90071

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| VALLEY HEALTH SYSTEM, a California Local Health Care District  Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |

## Parties Who Will Receive Electronic Service

Andrew K Alper on behalf of Creditor Key Equipment Finance Inc.
aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com

Terri H Andersen on behalf of U.S. Trustee United States Trustee (RS)
terri.andersen@usdoj.gov

Kathryn M Barnes on behalf of Creditor c/o Kathryn Barnes Valley Medical Staffing, Inc.
kbarnes@thelen.com

Mark Bradshaw on behalf of Creditor Hemet Community Medical Group Inc
mbradshaw@shbllp.com

Michael E Busch on behalf of Creditor BETA Healthcare Group
michael.busch@fnf.com

Traci L Cotton on behalf of Creditor UT System obo UT MD Anderson Cancer Center
tcotton@utsystem.edu

Melissa Davis on behalf of Creditor KM Strategic Management LLC
mdavis@shbllp.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS)
timothy.j.farris@usdoj.gov

H Alexander Fisch on behalf of Counter-Defendant Valley Health System
afisch@stutman.com

Roger F Friedman on behalf of Creditor Kali Chaudhuri
rfriedman@rutan.com

Mark S Horoupian on behalf of Interested Party Prime Healthcare Management LLC
mhoroupian@sulmeyerlaw.com

Allan H Ickowitz on behalf of Creditor Kaiser Foundation Hospitals
aickowitz@nossaman.com

Sheri Kanesaka on behalf of Creditor Catholic Healthcare West
sheri.kanesaka@lw.com

Q Scott Kaye on behalf of Creditor U.S. Bank, National Association, as trustee
qskaye@mwe.com

John W Kim on behalf of Creditor Kaiser Foundation Hospitals
jkim@nossaman.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| VALLEY HEALTH SYSTEM, a California Local Health Care District<br><br>Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |

Stuart I Koenig on behalf of Creditor Blue Cross Of California
Skoenig@cmkllp.com

Jean LeBlanc on behalf of Creditor U.S. Bank, National Association, as trustee
jleblanc@mwe.com

Dana N Levitt on behalf of Creditor U.S. Bank, National Association, as trustee
dlevitt@mwe.com, WSmith@mwe.com

Samuel R Maizel on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims
smaizel@pszjlaw.com, smaizel@pszjlaw.com

David J Mccarty on behalf of Counter-Claimant Aetna Health Management LLC
dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com

Uzzi O Raanan on behalf of Creditor Siemens Financial Services, Inc.
uor@dgdk.com

Christian L Raisner on behalf of Creditor Local 121 RN
bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net

Christopher O Rivas on behalf of Creditor General Electric Capital Corporation
crivas@reedsmith.com

Leonard M Shulman on behalf of Creditor Hemet Community Medical Group Inc
lshulman@shbllp.com

Gerald N Sims on behalf of Creditor BETA Healthcare Group
jerrys@psdslaw.com

Adam M Starr on behalf of Creditor Anaheim Memorial Hospital
starra@gtlaw.com

Derrick Talerico on behalf of Creditor SCAN Health Plan
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

Wayne R Terry on behalf of Creditor BANK OF THE WEST
wterry@hemar-rousso.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Andrea M Valdez on behalf of Creditor Universal Health Services
avaldez@fulbright.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| VALLEY HEALTH SYSTEM, a California Local Health Care District  Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

*009*
*r1*