1  CHARLES D. AXELROD – State Bar No.39507
   GARY E. KLAUSNER – State Bar No. 69077
2  H. ALEXANDER FISCH – State Bar No. 223211
   MARINA FINEMAN – State Bar No. 193065
3  NEETA MENON – State Bar No. 254736
   STUTMAN, TREISTER & GLATT
4  PROFESSIONAL CORPORATION
   1901 Avenue Of The Stars, 12th Floor
5  Los Angeles, CA  90067
   Telephone:  (310) 228-5600
6  Facsimile:  (310) 228-5788
   caxelrod@stutman.com; gklausner@stutman.com;
7  mfineman@stutman.com; nmenon@stutman.com

8  Chapter 9 Counsel for Valley Health System

9  DANIEL K. SPRADLIN - State Bar No. 82950
   dspradlin@wss-law.com
10 M. LOIS BOBAK - State Bar No. 127540
   lbobak@wss-law.com
11 WOODRUFF, SPRADLIN & SMART, APC
   555 Anton Boulevard, Suite 1200
12 Costa Mesa, California 92626-7670
   Telephone:  (714) 558-7000
13 Facsimile:   (714) 835-7787

14 Special Counsel for Debtor and Defendant Valley Health System

15 Counsel continued on next page.

16                UNITED STATES BANKRUPTCY COURT

17        CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

18

| | |
|---|---|
| 19  In re | CASE NO. 6:07 -BK-18293-PC |
| 20  VALLEY HEALTH SYSTEM, a California Local Health Care District, | CHAPTER 9 |
| 21                    Debtor. | ADV. PROC. NO. 6:09-AP-01708-PC |
| 22  PRIME HEALTHCARE MANAGEMENT, | **ORDER (i) CONFIRMING FIRST** |
| 23  INC., a California corporation, et al. | **AMENDED PLAN FOR ADJUSTMENT OF DEBTS OF VALLEY HEALTH** |
| 24                    Plaintiffs, | **SYSTEM DATED DECEMBER 17, 2009, AS MODIFIED FEBRUARY 19, 2010,** |
| 25  v. | **AND (ii) GRANTING JUDGMENT FOR VALLEY HEALTH SYSTEM IN EACH** |
| 26  VALLEY HEALTH SYSTEM, a California Local Healthcare District, et al., DOES 1-10, | **CHALLENGE ACTION** |
| 27                    Defendants. | |
| 28 | |

537207v2

R.D. KIRWAN (SBN 046259)
PETER J. GURFEIN (SBN 127173)
CHAD STEGEMAN (SBN 225745)
DEVIN STONE (SBN 260326)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  310.229.1000
Facsimile:  310.229.1001
Email:        rkirwan@akingump.com
                 pgurfein@akingump.com
                 cstegeman@akingump.com
                 dstone@akingump.com

Attorneys for Real Party in Interest in Adversary Proceeding
Physicians for Healthy Hospitals, Inc.

1    The hearing ("Confirmation Hearing") to consider confirmation of the First Amended

2    Plan For The Adjustment of Debts of Valley Health System Dated December 17, 2009 (as modified

3    by the Plan Modifications defined in (xii) below, the "Plan") commenced before the undersigned

4    Judge of the United States Bankruptcy Court for the Central District of California, Riverside

5    Division (the "Court") in Courtroom 304 located at 3420 Twelfth Street, Riverside, California, on

6    February 9, 2010, at 10:30 a.m. and continued from time to time thereafter until its conclusion on

7    February 26, 2010.  Appearances are as set forth in the record of the hearing dates.

8    Pursuant to this Court's order of December 23, 2009 ("Order Approving Disclosure

9    Statement") [Docket No. 694], the Stipulation to Withdraw Renewed Motion for Relief from Stay,

10   Dismiss Appeal and to Adjudicate Issues Raised by Challenge Actions ("Stipulation to Withdraw

11   Renewed Motion for Relief from Stay") [Docket No. 753] and the Order Approving Stipulation to

12   Withdraw Renewed Motion for Relief from Stay, Dismiss Appeal and to Adjudicate Issues Raised

13   by Challenge Actions, entered by this Court on January 22, 2010 ("Order Approving Stipulation to

14   Withdraw Renewed Motion for Relief from Stay") [Docket No. 755], the Confirmation Hearing was

15   consolidated with trial of the various claims and causes of actions which were described in the

16   Disclosure Statement as the "Challenge Actions."  Accordingly, the findings of fact and conclusions

17   of law made by this Court on the record in connection with the Plan Confirmation Hearing and the

18   Memorandum Decision filed and entered by this Court on April 8, 2010 address and fully adjudicate

19   all claims, causes of action and issues which were raised, or could have been raised, in connection

20   with the Plan and the Challenge Actions.

21   Having considered, among other things:

22   (i)    the Plan;

23   (ii)    the disclosure statement, approved by the Order Approving Disclosure

24   Statement, entered December 23, 2009, finding and holding, among other things, that the disclosure

25   statement contained adequate information for use in connection with the solicitation of acceptances

26   of the Plan, including all of the exhibits thereto (the "Disclosure Statement");

27   (iii)    the declarations of service relative to the dissemination of the Plan, Disclosure

28   Statement, ballots and notice of the date and time of the confirmation hearing and the deadlines to

1    vote on and object to confirmation of the Plan, including the Affidavit of Service and Vote

2    Certification of Robert Stevens of Globic Advisors, Inc., the Declaration of Nick Eller of the Press

3    Enterprise regarding publication in that newspaper of notice regarding the hearing on confirmation

4    of the Plan, and the affidavit of Joyce Carter of Bowne Communications;

5                    (iv)    Declaration of Kendra A. Johnson to which is attached the ballot tabulation

6    report of the Voting Agent;

7                    (v)    the objections (including those of Beckman Coulter, Inc. "BCI"), Key

8    Equipment Finance Inc ("Key"), U.S. Bank National Association, as Indenture Trustee (the

9    "Indenture Trustee"), and Prime Healthcare Services, Inc. and its associates (collectively, "Prime")

10   and the Supplemental Objection of Prime, responses to objections, supporting declarations

11   (including those of William Cherry, M.D., Michael B. Foutz, and Todd E. Swanson) and all

12   pleadings and memoranda of points and authorities filed in support of, or in opposition to,

13   confirmation of the Plan, the withdrawals in open court of the confirmation objections of the

14   Indenture Trustee, BCI and Key (leaving Prime as the sole objector to confirmation);

15                   (vi)    the pleadings and related documents filed in connection with the acquisition

16   by Prime of a Class 2A Claim in the approximate amount of $4,300 on January 22, 2010;

17                   (vii)    the oral motion to strike the Supplemental Objection of Prime as having been

18   filed after the Court ordered deadline for filing objections, which motion was granted;

19                   (viii)    the motions for protective orders by the Debtor regarding the scope of

20   discovery, the oppositions filed by Prime to the protective order motions, any stipulation reached by

21   the parties regarding protective orders and voluntary limitations on the scope of discovery, this

22   Court's rulings on the protective order motions and on any discovery limitation stipulation presented

23   to this Court for its approval;

24                   (ix)    the argument of counsel at the Confirmation Hearing;

25                   (x)    the testimony, documentary evidence and other items admitted into evidence

26   at the Confirmation Hearing;

27

28

(xi)    the Administrative Record prepared and certified by Debtor in considering whether to approve the sale of substantially all of its assets to Physicians for Healthy Hospitals, Inc. ("PHH");

(xii)    the Plan modifications filed by the Debtor on February 19, 2010 (the "Plan Modifications"); and

(xiii)    the pleadings, evidence and argument presented by the parties prior to and at the trial of the Challenge Actions;

Having separately issued, on the record, its findings of fact and conclusions of law regarding the confirmation requirements of section 943(b), finding herein that all amounts to be paid for services or expenses in the case or incident to the Plan have been fully disclosed and are reasonable and concluding that compliance has been made with all aspects of section 943(b)(1)-(7) of the Bankruptcy Code, including those aspects of title 11 made applicable by sections 103(e) and 901 of title 11, and that judgment in each of the Challenge Actions must be granted in favor of the Debtor and/or PHH, as the case may be, the Court hereby

**ORDERS:**

1.    Pursuant to Bankruptcy Code section 943, the Plan is confirmed.

2.    All Plan objections, not expressly withdrawn, are overruled on the merits.

3.    Pursuant to Bankruptcy Code section 944: (1) the Debtor is discharged as of the effective date of the Plan ("Effective Date") from all pre-Effective Date debts, obligations and claims other than those excepted from discharge by the Plan or this Order or those owed to an entity that, before confirmation of the Plan, had neither notice nor actual knowledge of the Debtor's chapter 9 case, and (2) the provisions of the Plan bind any creditor whether or not (a) a proof of such creditor's claim was filed or is deemed to have been filed, (b) such claim is allowed or (c) such creditor has accepted the Plan.

4.    The Court retains jurisdiction over the Debtor's chapter 9 case in the manner provided for in the Plan.

5.    All entities that have, hold or may hold claims arising prior to the Effective Date, including any plaintiffs or petitioners in any of the Challenge Actions, are permanently

enjoined, from and after the Effective Date, from (a) commencing or continuing, in any manner, any

action or other proceeding of any kind with respect to any such pre-Effective Date claim or cause of

action against the Debtor or PHH or that would interfere with the closing of the transactions

contemplated by the Plan or otherwise delay or impede the full implementation of the Plan, (b)

enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree

or order against the Debtor with respect to such pre-Effective Date claims or causes of action, (c)

creating, perfecting or enforcing any lien or encumbrance of any kind against the Debtor or its

property or interests in property, and (d) asserting any right of setoff, subrogation or recoupment of

any kind against any obligation due to the Debtor with respect to any such pre-Effective Date claim

or cause of action except as otherwise permitted by section 553 of the Bankruptcy Code; provided,

however, the injunction and discharge provided for in the Plan or in this Order shall not preclude

Aetna from exercising any otherwise valid and enforceable right of setoff or recoupment in

connection with the Post-Petition Contract.[1]

6.     All injunctions or stays provided for in the Debtor's chapter 9 case pursuant to

sections 105, 362, or 922 of the Bankruptcy Code shall remain in full force and effect until the last to

occur of the Effective Date or the date on which the discharge of the Debtor occurs.

7.     The Debtor and all of its officers, directors, employees, and professionals are

authorized to take any and all actions deemed necessary or reasonable by them in the exercise of

their business judgment to cause the consummation and implementation of all transactions

contemplated by the Plan to occur and to otherwise assure that the Plan's provisions are implemented

as provided for in the Plan.  In particular, the Debtor is authorized to take all actions necessary to

close and implement the sale of substantially all of the Debtor's assets to PHH pursuant to the terms

of the Asset Sale Agreement entered into between the Debtor and PHH as of October 14, 2009

("ASA").

---

[1]     "Aetna" and "Post Petition Contract" are defined in the Settlement Agreement between Aetna
and the Debtor entered into as of March 10, 2010.

8.      In the event that the Aetna Post-Petition Contract is not assumed by the Debtor and assigned to PHH prior to or as of the Effective Date, then, or before the Effective Date, the Debtor shall deposit the sum of $750,000 into a segregated account which shall be used solely for the purpose of satisfying any allowed Administrative Claim of Aetna relating to the Post-Petition Contract (herein the "Aetna Reserve Fund").  The Debtor's creation of the Aetna Reserve Fund shall not reduce or limit any obligation by PHH in connection with the ASA, including, without limitation, PHH's obligations, pursuant to ¶ 1.2.4 of the ASA.  At such time as a determination has been made by the Bankruptcy Court in a Final Order, or pursuant to agreement of the parties, regarding Aetna's administrative claim, if any, the monies in the Aetna Reserve Fund shall be disbursed either: (a) to Aetna, pursuant to court order or agreement of the parties, or (b) to the extent not necessary to satisfy any Aetna administrative claim, to PHH.

9.      The Effective Date of Plan shall occur on the first day after which the conditions set forth in section XII.B of the Plan are satisfied or waived.

10.     The provisions of the Plan and this Order shall bind the Debtor and all its creditors and all of the petitioners and plaintiffs in the Challenge Actions regardless of: (a) whether or not the claims of such creditors or claims and causes of action of such plaintiffs and petitioners in the Challenge Actions are expressly provided for under the Plan; (b) whether or not such creditors or petitioners and plaintiffs in the Challenge Actions have accepted the Plan; and (c) whether or not such creditors or plaintiffs and petitioners in the Challenge Actions have filed proofs of claim in this case.

11.     All executory contracts and unexpired leases of the Debtor, to the extent not previously assumed or rejected, are rejected as of the Effective Date or such other date as set forth in any order regarding the rejection of any of the Debtor's executory contracts or unexpired leases.  The bar date for filing a proof of claim based on the rejection of an executory contract or unexpired lease which is rejected pursuant to the terms of this Order, shall be thirty (30) days from service of notice of entry of this Order or as otherwise provided in any order regarding the rejection of any of the Debtor's executory contracts or unexpired leases.

12.     From and after the Effective Date, any person who desires notice of any pleadings or documents filed with the Court, or any hearing in the Court, or other matter as to which the Bankruptcy Code requires notice to be provided, shall file a request for post-confirmation notice and shall serve the request on the Debtor.

13.     Following the Effective Date, the adjudication of claims and the distribution of payments to Class 2A creditors under the Plan shall be administered by the Disbursing Agent to be appointed by the Creditors Committee prior to the Effective Date.  The costs and fees incurred for and by the Disbursing Agent shall be paid out of the funds paid to the Class 2A creditors by PHH pursuant to the ASA.

14.     If and to the extent that there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall govern and control.  The failure to reference any particular provision of the Plan in this Order shall have no effect on the binding nature, enforceability or legality of such provision and such provision shall have the same binding effect, enforceability and legality of any other provision of the Plan.

15.     This Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental or regulatory authority or governmental unit with respect to the implementation or consummation of the Plan or any documents, instruments or agreements referred to in or contemplated by the Plan and any amendments or modifications thereto and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements and any amendments or modifications thereto and all actions taken by the Debtor, PHH or any other person or entity in connection with the implementation of the Plan, including the Closing of the ASA shall be deemed to have been taken in good faith and in accordance with all applicable law.

16.     All requests for payment of any administrative claims (other than those administrative claims assumed by PHH pursuant to the ASA and claims for professional fees) must be filed and served on the Debtor and Creditors Committee no later than sixty days after the Effective Date (the "Administrative Claims Bar Date"); provided however, that the Administrative Claims Bar Date may be extended from time to time upon the mutual agreement of the Debtor and

Committee or pursuant to order of the Bankruptcy Court.  Holders of administrative claims that are required to file a request for payment of such administrative claims that do not file such a request by the applicable Administrative Claims Bar Date will be forever barred from asserting such administrative claims against the Debtor or its property.

17.    Judgment in each of the Challenge Actions, as described in this Court's Memorandum Decision filed and entered on April 8, 2010, is granted in favor of the Debtor and PHH.  The Debtor and PHH are authorized and directed to file any documents or pleadings in any of the Challenge Actions that are necessary to inform any court in which any such action was pending, that such action has been resolved by this Court and that judgment has been entered in favor of the Debtor and PHH.

18.    This Court's judgment in favor of the Debtor and PHH in the Challenge Actions is a determination on the merits of each of the claims and causes of action that were or could have been adjudicated in each of the Challenge Actions and this judgment shall be preclusive as to all issues that were raised or could have been raised by the plaintiffs and petitioners in each of said Challenge Actions such that each of the plaintiffs and petitioners shall be barred by *res judicata* and collateral estoppel from attempting to assert any claims or causes of actions described in or arising in or relating to any of the transactions set forth or which could have been set forth in the Challenge Actions in any future actions or proceedings against the Debtor or PHH.  Judgment on each of the Challenge Actions includes, but is not limited to, the following:

a.    Debtor's Board of Directors did not violate a fiduciary duty by approving the Asset Sale Agreement with an unconditional "no shop" provision.  Neither California law nor federal bankruptcy law require Debtor to engage in competitive bidding or "shop" its assets.  Judgment is therefore entered in Debtor's and PHH's favor that Debtor and its Board of Directors upheld their fiduciary duties in completing the proposed sale of assets.

b.    No member of Debtor's Board of Directors was "financially interested" in the Asset Sale Agreement, or attendant contracts, in violation of California Government Code section 1090.  Even if one of the board members possessed an "interest" in the asset sale, such interest would be too remote and speculative to run afoul of Section 1090 of the Government Code.

1    Therefore, judgment is entered in favor of Debtor and PHH that no member of the Debtor's Board of

2    Directors was financially interested in any way in the proposed sale.

3              c.       The proposed asset sale provides "fair market value" for Debtor's

4    assets under California Health & Safety Code § 32121(p)(1).  Debtor's appraiser – an independent

5    consultant with expertise in methods of appraisal and valuation – in accordance with applicable

6    governmental and industry standards for appraisal and valuation, determined that PHH offered and

7    Debtor would receive fair and reasonable consideration for its assets.  Thus, judgment is entered in

8    Debtor's and PHH's favor.  The proposed transfer of assets to PHH for the consideration offered

9    constitutes a transfer of the assets at fair market value.

10             d.       Debtor's sale of assets to PHH pursuant to the ASA is not a "project"

11   for the purposes of the California Environmental Quality Act ("CEQA").  There is no evidence in the

12   administrative record that Debtor's approval of the ASA will potentially cause either a direct

13   physical change in the environment or a reasonably foreseeable indirect physical change in the

14   environment.  To the contrary, Debtor's approval of the ASA results in nothing more than a change

15   in ownership of Debtor's assets.  Accordingly, Debtor's sale of assets to PHH was not subject to

16   CEQA.  Furthermore, because plaintiffs had ample opportunity during the administrative

17   proceedings to raise their objections, but failed to do so, they are now barred from challenging the

18   transaction pursuant to CEQA.  Judgment is therefore entered in Debtor's and PHH's favor that

19   Debtor did not violate CEQA in connection with the proposed asset sale.

20             e.       Debtor's proposed sale of assets to PHH did not violate California

21   Government Code section 65402.  Plaintiffs failed to submit evidence of the existence of general

22   plans in the applicable jurisdictions that would trigger the advisory procedures specified in

23   Government Code section 65402.  Further, even if Government Code section 65402 was indeed

24   applicable, Debtor could still submit the proposed sale of its assets to the appropriate agency at any

25   time prior t a transfer of the assets to PHH.  Because plaintiffs had ample opportunity during the

26   administrative proceedings to raise their objections, but failed to do so, they are now barred from

27   challenging the transaction pursuant to Government Code section 65402.  Judgment is therefore

28   entered in Debtor's and PHH's favor that Debtor did not violate Government Code section 65402.

537207v2                                    8

f.    Debtor's sale of assets to PHH does not require approval by the Local

Agency Formation Commission ("LAFCO") under California Government Code § 56824.12.  The

proposed sale of assets to PHH and the Plan do not constitute a "change of organization" within the

Government Code and in any event is controlled by the provisions of California Health & Safety

Code § 32121(p)(1).  Therefore judgment is entered in Debtor's and PHH's favor that Debtor was not

required to seek LAFCO approval before or after the proposed sale of assets to PHH.

19.    This Order shall be effective upon entry on the Court's docket, and the stay

imposed by Bankruptcy Rule 3020(e) shall not apply.

Presented by:


/s/ *H. Alexander Fisch*
CHARLES D. AXELROD
GARY E. KLAUSNER
H. ALEXANDER FISCH
NEETA MENON
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION

Chapter 9 Counsel for VALLEY HEALTH SYSTEM

###

DATED: April 26, 2010

_____
United States Bankruptcy Judge

537207v2                                                9

| In re: VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
| --- | --- | --- |
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | | ADV. PROC. NO. 6:09-AP-01708-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067.

The foregoing document described as **[PROPOSED] ORDER (i) CONFIRMING FIRST AMENDED PLAN FOR ADJUSTMENT OF DEBTS OF VALLEY HEALTH SYSTEM DATED DECEMBER 17, 2009, AS MODIFIED FEBRUARY 19, 2010, AND (ii) GRANTING JUDGMENT FOR VALLEY HEALTH SYSTEM IN EACH CHALLENGE ACTION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On **April 15, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

See following page.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ ___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/15/2010 | Claudia C. Lee | /s/  Claudia C. Lee |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM,<br><br>Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
|---|---|

## I.  SERVICE BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

None.

## II.  SERVICE BY U.S. MAIL

The Honorable Peter Carroll
USBC - Central District of California
3420 Twelfth Street
Courtroom No. 304
Riverside, CA  92501-3819

Valley Health System
1117 East Devonshire Avenue
Hemet, CA  92543

Attys for the Committee of Unsecured Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

Internal Revenue Service
Insolvency Group 1
290 North "D" Street
San Bernardino, CA  92401

Securities Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA  90036

Employment Development Dpt.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

Franchise Tax Board
Attn:  Bankruptcy
P.O. Box 2952
Sacramento, CA  95812-2952

Trustee for Bondholders
US Bank/ FAX:  651/495-3775
Attn:  Mike Vraa, Trust Officer
60 Livingston Ave.
Mail Code EP-MN-WE3T
St. Paul, MN  55107-2292

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

Atty for Both: Menifee Valley Community Medical Group & Hemet Community Medical Group
Joseph M. Galosic, Esq.
26632 Towne Center Dr. #300
Foothill Ranch, CA  92610-2808

Atty/ DePuy Orthopedics, Inc.
David W. Dykhouse
Patterson Bleknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036-6710

Atty: Anaheim Memorial Hospital
Paul R. Glassman
Greenberg Traurig, LLP
2450 Colorado Avenue, Ste. 400E
Santa Monica, CA  90404

DaVita
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  926917

Renal Treatment Center- California, Inc.
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  92691

Primeshares
60 Madison Ave., 2nd Floor
New York, NY  10011-1600

Atty/Sodexho USA aka Sodexho Marriott Servs.
Poyner & Spruill LLP
Attn:  Judy D. Thompson
301 South College St., #2300
Charlotte, NC  28202

Atty/Blue Cross of CA
Creim Macias Koenig & Frey LLP
Attn:  Stuart I. Koenig
633 W. Fifth St., 51st Fl.
Los Angeles, CA  90071

Atty/Menifee Valley Community Med. Grp.
William E. Thomas, Esq.
6800 Indiana Avenue, #130
Riverside, CA  92506

Atty/KM Strategic Mgmt.
Davis & Wojcik
Robert A. Davis, Jr.
1105 East Florida Ave.
Hemet, CA  92543

Atty/Southland Endoscopy
Davis & Wojcik
Attn:  Joseph M. Wojcik
1105 East Florida Ave.
Hemet, CA  92543

Atty/Hemet Community Med. Group
Shulman Hodges & Bastian LLP
Attn:  L.M. Shulman/M. Bradshaw
26632 Towne Center Dr., #300
Foothill Ranch, CA  92610

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM,<br><br>Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
|---|---|

IBM Credit LLC
Special Handling Group
Attn:  Pamela Wilcox
4111 Northside Parkway
Atlanta, GA  30327

Atty/Health Net
Pillsbury Winthrop Shaw Pittman LLP
Attn:  Nadine J. Youssef
725 S. Figueroa St., #2800
Los Angeles, CA  90017

Health Net
Attn:  Patrice Halloway
7755 Center Ave., 8th Fl.
Huntington Beach, CA  92647

Atty/ Siemens Financial Services Inc.
Uzzi O Raanan
Danning Gill et al LLP
2029 Century Park E, 3rd Fl.
Los Angeles, CA  90067-2904

Attys/ Siemens Financial Services Inc.
Arlene N. Gelman & Stephanie Hor-Chen
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL  60601

Atty/ Valley Medical Staffing Inc.
Michael B. Conley
3685 Mount Diablo Blvd,. #351
Lafayette, CA  94549

Owens & Minor, Inc.
Larry R. Whitley CBF
455 South Brea Canyon Road
City of Industry, CA  91789-3058

Meline Industries, Inc.
Attn: Anne Kisha
One Medline Place
Mundelein, IL  60060

Atty/ Owens & Minor, Inc
Buchalter Nemer P.C.
Benjamin S. Seigel, Esq.
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA  90017

Atty/ HRC Manor Care Inc.
Fredrick Borges, Glen Stebens, Dale Pomerantz
Beam, Brobeck, West, Borges & Rosa LLP
1301 Dove Street, #700
Newport Beach, CA  92660-2412

Agent for GE Money Bank
Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Ave., Ste 1120
Miami, FL  33131-1605

Atty/ Inland Empire Health Plan
Tin Kin Lee Esq.
Law Offices of Tin Kin Lee
55 S. Lake Ave., Ste 705
Pasadena, CA  91101

Atty/ US Bank National Association
Jean B LeBlanc
McDermott Will & Emery LLP
2049 Century Park East, Ste. 3800
Los Angeles, CA  90067

Atty/ US Bank National Assn. as Trustee
William P. Smith, Nathan F. Coco, Miles W.
Hughes, & Jason J. DeJonker
McDermott, Will Emery
227 West Monroe St., Ste. 5400
Chicago, IL  60606

U.S. Bank National Association
Corporate Trust Services
Attn: Keith Marshall
633 West Fifth St., 24th Floor
Los Angeles, CA  90071

Universal Health Services
Robert E. Darby
Fulbright & Jaworski, LLP
555 South Flower St., 41st Floor
Los Angeles, CA  90071

Atty/ Cardinal Health 110, Inc. et al
Greenberg Traurig LLP
Attn: S.L. Heyen/ J.K. Terry
1000 Louisiana, #1800
Houston, TX  77002

Atty/ Scan Health
Karl E. Block, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA  90067

Attorney for Beckman Coulter
Jillan L. Nolan, Esq.
Bernstein Law Firm P
Suite 2200 Gulf Tower
Pittsburgh, PA 15219

Attorney for Beckman Coulter
Jennifer Witherell Crastz, Esq.
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Flr.
Encino, CA  91436

Atty/Prime Healthcare Management,
Inc. Albert L. Lewis, Jr./John Lloyd/
Edward J. Fazekas /Daniel P. Brunton,
Esq./Lauren B. Ross, Esq.
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA 92101-3375

Counsel for Save the Hospitals, Inc.; Prime Healthcare
Services, Inc./ A. Lewis Jr./ J. Lloyd/ E. Fazekas
Marc Rappel/Heather Fowler/Nathan Smith
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071

Law Offices of Yolanda Flores-Burt
Yolanda Flores-Burt
780 North Euclid Street, Suite 201
Anaheim, CA 92801

Law Offices of Shawna S. Nazari
15303 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

537207v2

| | | |
|---|---|---|
| In re:  VALLEY HEALTH SYSTEM, | Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |

Atty/ US Bank National Association
Jason D. Strabo
McDermott Will & Emery LLP
2049 Century Park East, 38th Floor
Los Angeles, CA  90067

## II.  <u>SERVICE BY OVERNIGHT COURIER</u>

Hon. Peter H. Carroll
U.S. Bankruptcy Court
Central District of California-Riverside Division
3420 Twelfth Street, Room 385
Riverside, CA 92501-3819

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**
537207v2

| In re:  VALLEY HEALTH SYSTEM,<br><br>Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
|---|---|

## NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** Category I. below:  The United States trustee and case trustee (if any) will always be in this category.
**4)** Category II. below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER (i) CONFIRMING FIRST AMENDED PLAN FOR ADJUSTMENT OF DEBTS OF VALLEY HEALTH SYSTEM DATED DECEMBER 17, 2009, AS MODIFIED FEBRUARY 19, 2010, AND (ii) GRANTING JUDGMENT FOR VALLEY HEALTH SYSTEM IN EACH CHALLENGE ACTION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **April 15, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

　　　　See following page.

　　　　　　　　　　　　　　　　　　　☒  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

　　　　See following page.

　　　　　　　　　　　　　　　　　　　☒  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

　　　　See following page.

　　　　　　　　　　　　　　　　　　　☒  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                     **F 9021-1.1**

537207v2

| | |
|---|---|
| In re:  VALLEY HEALTH SYSTEM, <br><br> Debtor(s). | CHAPTER 9 <br> CASE NUMBER 6:07-bk-18293-PC <br> ADV. PROC. NO. 6:09-AP-01708-PC |

## I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Andrew K Alper on behalf of Creditor Key Equipment Finance Inc.
aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com

Terri H Andersen on behalf of U.S. Trustee United States Trustee (RS)
terri.andersen@usdoj.gov

Kathryn M Barnes on behalf of Creditor c/o Kathryn Barnes Valley Medical Staffing, Inc.
kbarnes@thelen.com

Mark Bradshaw on behalf of Creditor Hemet Community Medical Group Inc
mbradshaw@shbllp.com

Michael E Busch on behalf of Creditor BETA Healthcare Group
michael.busch@fnf.com

Traci L Cotton on behalf of Creditor UT System obo UT MD Anderson Cancer Center
tcotton@utsystem.edu

Jennifer Witherell Crastz on behalf of Creditor Beckman Coulter, Inc.
jcrastz@hemar-rousso.com

Melissa Davis on behalf of Creditor KM Strategic Management LLC
mdavis@shbllp.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS)
timothy.j.farris@usdoj.gov

H Alexander Fisch on behalf of Counter-Defendant Valley Health System
afisch@stutman.com

Yolanda Flores-Burt on behalf of Interested Party NEF
yflores1@sbcglobal.net

Heather Fowler on behalf of Interested Party Prime Healthcare Management, Inc.
heather.fowler@lw.com, colleen.rico@lw.com

Roger F Friedman on behalf of Creditor Kali Chaudhuri
rfriedman@rutan.com

Fred Gaines on behalf of Debtor Valley Health System
fgaines@gaineslaw.com

Peter J Gurfein on behalf of Interested Party Physicians for Healthy Hospitals, Inc.
pgurfein@akingump.com

Mark S Horoupian on behalf of Interested Party Prime Healthcare Management LLC
mhoroupian@sulmeyerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                            **F 9021-1.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | | ADV. PROC. NO. 6:09-AP-01708-PC |

Allan H Ickowitz on behalf of Creditor Kaiser Foundation Hospitals
aickowitz@nossaman.com

Jeffrey L Kandel on behalf of Creditor Committee Official Committee of Creditors Holding
Unsecured Claims
jkandel@pszjlaw.com

Sheri Kanesaka on behalf of Creditor Catholic Healthcare West
kanesaka@gmail.com

Q Scott Kaye on behalf of Creditor U.S. Bank, National Association, as trustee
qskaye@mwe.com

John W Kim on behalf of Creditor Kaiser Foundation Hospitals
jkim@nossaman.com

Bradford Klein on behalf of Creditor Halo Unlimited, Inc dba Infant Hearing Screening
Specialists
brad.e.klein@gmail.com

Robert A Klyman on behalf of Interested Party Prime Healthcare Services, Inc.
robert.klyman@lw.com

Stuart I Koenig on behalf of Creditor Blue Cross Of California
Skoenig@cmkllp.com

Jean LeBlanc on behalf of Creditor U.S. Bank, National Association, as trustee
jleblanc@mwe.com

Paul J Leeds on behalf of Creditor Healthcare Management Solutions, Inc.
reisingc@higgslaw.com

Dana N Levitt on behalf of Creditor U.S. Bank, National Association, as trustee
dlevitt@mwe.com, WSmith@mwe.com

Michael S Lurey on behalf of Creditor Catholic Healthcare West
michael.lurey@lw.com, colleen.rico@lw.com

Samuel R Maizel on behalf of Creditor Committee Official Committee of Creditors Holding
Unsecured Claims
smaizel@pszjlaw.com, smaizel@pszjlaw.com

David J Mccarty on behalf of Counter-Claimant Aetna Health Management LLC
dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com

Neeta Menon on behalf of Debtor Valley Health System
nmenon@stutman.com

Thomas J Polis on behalf of Creditor DaVita Inc
tom@polis-law.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9021-1.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | | ADV. PROC. NO. 6:09-AP-01708-PC |

Uzzi O Raanan on behalf of Creditor Siemens Financial Services, Inc.
uor@dgdk.com

Christian L Raisner on behalf of Creditor Local 121 RN
bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net

Christopher O Rivas on behalf of Creditor General Electric Capital Corporation
crivas@reedsmith.com

Stephanie M Seidl on behalf of Counter-Claimant Aetna Health Management LLC
sseidl@sheppardmullin.com

Leonard M Shulman on behalf of Creditor Hemet Community Medical Group Inc
lshulman@shbllp.com

Gerald N Sims on behalf of Creditor BETA Healthcare Group
jerrys@psdslaw.com

Nathan M Smith on behalf of Interested Party Save The Hospitals, Inc.
nathan.smith@lw.com

Adam M Starr on behalf of Creditor Anaheim Memorial Hospital
starra@gtlaw.com

Jason D Strabo on behalf of Creditor U.S. Bank, National Association, as trustee
jstrabo@venable.com, losangelestrialdocket@mwe.com

Derrick Talerico on behalf of Creditor SCAN Health Plan
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

Wayne R Terry on behalf of Creditor BANK OF THE WEST
wterry@hemar-rousso.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Andrea M Valdez on behalf of Creditor Universal Health Services
avaldez@fulbright.com

David M Wiseblood on behalf of Creditor
c/o Christian L. SEIU-United Healthcare Workers West
dwiseblood@seyfarth.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9021-1.1**
537207v2

| In re:  VALLEY HEALTH SYSTEM, Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
|---|---|

## II.  SERVICE BY THE COURT/BNC

**Attorneys for Debtor**
H. Alexander Fisch, Esq.
Stutman, Treister & Glatt
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067

**Debtor**
Valley Health System
1117 East Devonshire Avenue
Hemet, CA  92543

**Attorney for Beckman Coulter**
Jennifer Witherell Crastz, Esq.
Hemar, Rousso & Heald, LLP
15910  Ventura Boulevard, 12th Floor
Encino, CA  91436

**Attorney for Beckman Coulter**
Jillian L. Nolan, Esq.
Bernstein Law Firm, P.C.
Suite 2200 Gulf Tower
Pittsburgh, PA  15219

## III.  TO BE SERVED BY THE DEBTOR BY U.S. MAIL

Attys for the Committee of Unsecured Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

Internal Revenue Service
Insolvency Group 1
290 North "D" Street
San Bernardino, CA  92401

Securities Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA  90036

Employment Development Dpt.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

Franchise Tax Board
Attn:  Bankruptcy
P.O. Box 2952
Sacramento, CA  95812-2952

Trustee for Bondholders
US Bank/ FAX:  651/495-3775
Attn:  Mike Vraa, Trust Officer
60 Livingston Ave.
Mail Code EP-MN-WE3T
St. Paul, MN  55107-2292

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

Atty for Both: Menifee Valley Community Medical Group & Hemet Community Medical Group
Joseph M. Galosic, Esq.
26632 Towne Center Dr. #300
Foothill Ranch, CA  92610-2808

Atty/ DePuy Orthopedics, Inc.
David W. Dykhouse
Patterson Bleknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036-6710

Atty: Anaheim Memorial Hospital
Paul R. Glassman
Greenberg Traurig, LLP
2450 Colorado Avenue, Ste. 400E
Santa Monica, CA  90404

DaVita
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  926917

Renal Treatment Center- California, Inc.
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  92691

Primeshares
60 Madison Ave., 2nd Floor
New York, NY  10011-1600

Atty/Sodexho USA aka Sodexho Marriott Servs.
Poyner & Spruill LLP
Attn:  Judy D. Thompson
301 South College St., #2300
Charlotte, NC  28202

Atty/Blue Cross of CA
Creim Macias Koenig & Frey LLP
Attn:  Stuart I. Koenig
633 W. Fifth St., 51st Fl.
Los Angeles, CA  90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9021-1.1**
537207v2

| In re:  VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |

Atty/Menifee Valley Community Med. Grp.
William E. Thomas, Esq.
6800 Indiana Avenue, #130
Riverside, CA  92506

Atty/KM Strategic Mgmt.
Davis & Wojcik
Robert A. Davis, Jr.
1105 East Florida Ave.
Hemet, CA  92543

Atty/Southland Endoscopy
Davis & Wojcik
Attn:  Joseph M. Wojcik
1105 East Florida Ave.
Hemet, CA  92543

Atty/Hemet Community Med. Group
Shulman Hodges & Bastian LLP
Attn:  L.M. Shulman/M. Bradshaw
26632 Towne Center Dr., #300
Foothill Ranch, CA  92610

IBM Credit LLC
Special Handling Group
Attn:  Pamela Wilcox
4111 Northside Parkway
Atlanta, GA  30327

Atty/Health Net
Pillsbury Winthrop Shaw Pittman LLP
Attn:  Nadine J. Youssef
725 S. Figueroa St., #2800
Los Angeles, CA  90017

Health Net
Attn:  Patrice Halloway
7755 Center Ave., 8th Fl.
Huntington Beach, CA  92647

Atty/ Siemens Financial Services Inc.
Uzzi O Raanan
Danning Gill et al LLP
2029 Century Park E, 3rd Fl.
Los Angeles, CA  90067-2904

Attys/ Siemens Financial Services Inc.
Arlene N. Gelman & Stephanie Hor-Chen
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL  60601

Atty/ Valley Medical Staffing Inc.
Michael B. Conley
3685 Mount Diablo Blvd,. #351
Lafayette, CA  94549

Owens & Minor, Inc.
Larry R. Whitley CBF
455 South Brea Canyon Road
City of Industry, CA  91789-3058

Meline Industries, Inc.
Attn: Anne Kisha
One Medline Place
Mundelein, IL  60060

Atty/ Owens & Minor, Inc
Buchalter Nemer P.C.
Benjamin S. Seigel, Esq.
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA  90017

Atty/ HRC Manor Care Inc.
Fredrick Borges, Glen Stebens, Dale
Pomerantz
Beam, Brobeck, West, Borges & Rosa LLP
1301 Dove Street, #700
Newport Beach, CA  92660-2412

Agent for GE Money Bank
Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Ave., Ste 1120
Miami, FL  33131-1605

Atty/ Inland Empire Health Plan
Tin Kin Lee Esq.
Law Offices of Tin Kin Lee
55 S. Lake Ave., Ste 705
Pasadena, CA  91101

Atty/ US Bank National Association
Jean B LeBlanc
McDermott Will & Emery LLP
2049 Century Park East, Ste. 3800
Los Angeles, CA  90067

Atty/ US Bank National Assn. As Trustee
William P. Smith, Nathan F. Coco, Miles W.
Hughes, & Jason J. DeJonker
McDermott, Will Emery
227 West Monroe St., Ste. 5400
Chicago, IL  60606

U.S. Bank National Association Corporate
Trust Services
Attn: Keith Marshall
633 West Fifth St., 24th Floor
Los Angeles, CA  90071

Universal Health Services
Robert E. Darby
Fulbright & Jaworski, LLP
555 South Flower St., 41st Floor
Los Angeles, CA  90071

Atty/ Cardinal Health 110, Inc. et al
Greenberg Traurig LLP
Attn: S.L. Heyen/ J.K. Terry
1000 Louisiana, #1800
Houston, TX  77002

Atty/ Scan Health
Karl E. Block, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA  90067

Atty/Prime Healthcare Management, Inc./
Albert L. Lewis, Jr./John Lloyd/ Edward J.
Fazekas
Daniel P. Brunton, Esq./Lauren B. Ross, Esq.
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA  92101-3375

Counsel for Save the Hospitals, Inc.; Prime
Healthcare Services, Inc./ A. Lewis Jr./ J.
Lloyd/ E. Fazekas
Marc Rappel/Heather Fowler/Nathan Smith
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |

Law Offices of Yolanda Flores-Burt
Yolanda Flores-Burt
780 North Euclid Street, Suite 201
Anaheim, CA 92801

Law Offices of Shawna S. Nazari
15303 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

Atty/ US Bank National Association
Jason D. Strabo
McDermott Will & Emery LLP
2049 Century Park East, 38th Floor
Los Angeles, CA  90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**

537207v2