MICHAEL S. WINSTEN (SBN 126554)
WINSTEN LAW GROUP
27201 Puerta Real, Suite 465
Mission Viejo, California 92691
Tel:   (949) 429-3400
Fax:   (949) 429-3500
E-Mail: *mike@winsten.com*

THOMAS J. POLIS (SBN 119326)
POLIS & ASSOCIATES,
A Professional Law Corporation
Newport Gateway
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612
Tel:  (949) 862-0040
Fax:  (949) 862-0041
E-Mail:  *tom@polis-law.com*

Attorneys for Creditors
DaVita Inc., and Renal Treatment
Center – California, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:07-18293 PC |
| | Chapter 9 |
| VALLEY HEALTH SYSTEM, a California Local health Care District, | Honorable Peter H. Carroll |
| | **Motion for Order Determining Allowed Administrative Claim; Declaration of Nicole Montanari  in Support Thereof** |
| Debtor. | **[No hearing requested]** |

**Motion for Order Determining Allowed Administrative Claim;
Declaration of Nicole Montanari**

- 1 -

TO THE U.S. TRUSTEE, ALL PARTIES IN INTEREST AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that movant Renal Treatment Center - California, Inc. ("Movant"), a subsidiary of DaVita Inc. ("DaVita") hereby moves the Court for an order determining that it is entitled to an Allowed Administrative Claim in the amount of **$320,094.91** for dates of services July 1, 2010, through November 30, 2010, and additional amounts which are continuing to accrue for services rendered on and after December 1, 2010. These charges are for trade debt incurred for dialysis services provided by the Movant at Hemet Valley Medical Center and Menifee Valley Medical Center at the Debtor's request, pursuant to written contracts between Movant and the Debtor, as more particularly explained in the accompanying Declaration of Nicole Montari.

This Motion is made pursuant to 11 U.S.C. § 503(b)(1)(A) and:

1.   Section II.A.2. of the First Amended Plan of Adjustment of Debts of Valley Health System Dated December 17, 2009, as Modified February 19, 2010;

2.   Section V.A.1.a. of the First Amended Disclosure Statement With Respect to the Plan of Adjustment of Debts of Valley Health System Dated December 17, 2009;

3.   Section 16 of the Order (i) Confirming First Amended Plan of Adjustment of Debts of Valley Health System Dated December 17, 2009, as Modified February 19, 2010, and (ii) Granting Judgment for Valley Health System In Each Challenge Action.

These postpetition services were necessary and beneficial to the Debtor, and qualify for administrative expense priority treatment pursuant to 11 U.S.C. Section 503(b)(1)(A) for postpetition costs incurred by the debtor in possession in preserving the estate for the benefit of all the estates' creditors. [*In re DAK Indus., Inc.* (9th Cir. 1995) 66 F3d 1091, 1094; *In re Abercrombie* (9th Cir. 1998) 139 F3d 755, 757.]

\\\
\\\
\\\

**Motion for Order Determining Allowed Administrative Claim;
Declaration of Nicole Montanari**

- 2 -

1     WHEREFORE, the Movant respectfully requests that it be granted an Allowed Administrative Claim in the amount of **$320,094.91** for dates of services July 1, 2010, through November 30, 2010, and additional amounts which are continuing to accrue for services rendered on and after December 1, 2010.

Dated: December 13, 2010          WINSTEN LAW GROUP

By: *[signature]*
    Michael S. Winsten
Attorneys for Creditors
DaVita Inc., and Renal Treatment
Center - California, Inc.

---

Motion for Order Determining Allowed Administrative Claim;
Declaration of Nicole Montanari

- 3 -

# DECLARATION OF NICOLE MONTANARI

I, Nicole Montanari, declare:

**1.** I have personal knowledge of the matters stated herein and, if called as a witness and sworn, could and would competently testify thereto.

**2.** I am an employee of DaVita Inc. ("DaVita"). My current title is Assistant Revenue Manager. My job responsibilities include billing and collections (*i.e.,* Accounts Receivables) for Valley Health Systems ("VHS") and its operating assets known as Hemet Valley Medical Center and Menifee Valley Medical Center (the "Hospitals"), under contracts with Renal Treatment Centers – Inc. ("RTC"), a subsidiary of DaVita. DaVita provides certain administrative and management services for RTC.

**3.** Specifically, I am responsible for billings and collections for VHS and the Hospitals. RTC has provided its acute dialysis services for VHS patients at the Hospitals continuously from 2004 to the present, without interruption. The following contracts between RTC and VHS are presently in place:

**a.** **Independent Contract Agreement between VHS and Renal Treatment Centers – California, Inc., dated as of November 1, 2004, as amended from time to time (the "2004 Acute Services Agreement")** - The phrase "acute dialysis services" is used to describe the dialysis services provided to the Hospitals' patients who are admitted and confined to the Hospitals. The 2004 Acute Services Agreement was entered into by RTC as of November 1, 2004, and was in effect through August 31, 2010. Some of the provisions of the 2004 Acute Services Agreement contain information which both VHS and RTC agreed in Section 19.13 of the 2004 Acute Services Agreement to be confidential and proprietary, so it is not being included as an Exhibit to this Declaration. DaVita is willing and able to submit the 2004 Acute Services Agreement to the Court under seal should that become necessary for any reason.

**b.  Acute Services Agreement between VHS and Renal Treatment Centers – California, Inc., dated August 26, 2010, Effective September 1, 2010 (the "2010 Acute Services Agreement")** - The 2010 Acute Services Agreement was entered into by RTC and VHS on August 26, 2010, with an effective date of September 1, 2010.  Some of the provisions of the 2010 Acute Services Agreement contain information which both VHS and RTC agreed in Section 4.4 of the 2010Acute Services Agreement to be confidential and proprietary, so it is not being included as an Exhibit to this Declaration.  DaVita is willing and able to submit the 2010 Acute Services Agreement to the Court under seal should that become necessary for any reason.

**4.**  Pursuant to the 2004 Acute Services Agreement and the 2010 Acute Services Agreement, DaVita billed VHS for the life-sustaining acute dialysis treatments and related ancillary services ("Services") that DaVita provided to the Hospitals' dialysis patients from November 1, 2004, through the present time.  DaVita continues to provide its Services to the Hospitals' patients, and those Services will continue to be required as a matter of medical necessity and continuity of care.

**5.**  The invoices for the Services are compiled and issued monthly by DaVita for RTC after the Services are provided, and have been previously provided to VHS. The invoices contain confidential and proprietary information so they are not being included as an Exhibit to this Declaration.  DaVita is willing and able to submit the 2004 Acute Services Agreement to the Court under seal should that become necessary for any reason.

**6.**  There currently exists an outstanding balance of **$320,094.91** owed by VHS to RTC for post-petition services rendered from July 1, 2010, through November 30, 2010, under the Acute Services Agreement, as follows:

# DECLARATION OF NICOLE MONTANARI

I, Nicole Montanari, declare:

**1.** I have personal knowledge of the matters stated herein and, if called as a witness and sworn, could and would competently testify thereto.

**2.** I am an employee of DaVita Inc. ("DaVita"). My current title is Assistant Revenue Manager. My job responsibilities include billing and collections (*i.e.,* Accounts Receivables) for Valley Health Systems ("VHS") and its operating assets known as Hemet Valley Medical Center and Menifee Valley Medical Center (the "Hospitals"), under contracts with Renal Treatment Centers – Inc. ("RTC"), a subsidiary of DaVita. DaVita provides certain administrative and management services for RTC.

**3.** Specifically, I am responsible for billings and collections for VHS and the Hospitals. RTC has provided its acute dialysis services for VHS patients at the Hospitals continuously from 2004 to the present, without interruption. The following contracts between RTC and VHS are presently in place:

**a.** **Independent Contract Agreement between VHS and Renal Treatment Centers – California, Inc., dated as of November 1, 2004, as amended from time to time (the "2004 Acute Services Agreement")** - The phrase "acute dialysis services" is used to describe the dialysis services provided to the Hospitals' patients who are admitted and confined to the Hospitals. The 2004 Acute Services Agreement was entered into by RTC as of November 1, 2004, and was in effect through August 31, 2010. Some of the provisions of the 2004 Acute Services Agreement contain information which both VHS and RTC agreed in Section 19.13 of the 2004 Acute Services Agreement to be confidential and proprietary, so it is not being included as an Exhibit to this Declaration. DaVita is willing and able to submit the 2004 Acute Services Agreement to the Court under seal should that become necessary for any reason.

**b.    Acute Services Agreement between VHS and Renal Treatment Centers – California, Inc., dated August 26, 2010, Effective September 1, 2010 (the "2010 Acute Services Agreement")** - The 2010 Acute Services Agreement was entered into by RTC and VHS on August 26, 2010, with an effective date of September 1, 2010.  Some of the provisions of the 2010 Acute Services Agreement contain information which both VHS and RTC agreed in Section 4.4 of the 2010Acute Services Agreement to be confidential and proprietary, so it is not being included as an Exhibit to this Declaration.  DaVita is willing and able to submit the 2010 Acute Services Agreement to the Court under seal should that become necessary for any reason.

**4.**    Pursuant to the 2004 Acute Services Agreement and the 2010 Acute Services Agreement, DaVita billed VHS for the life-sustaining acute dialysis treatments and related ancillary services ("Services") that DaVita provided to the Hospitals' dialysis patients from November 1, 2004, through the present time.  DaVita continues to provide its Services to the Hospitals' patients, and those Services will continue to be required as a matter of medical necessity and continuity of care.

**5.**    The invoices for the Services are compiled and issued monthly by DaVita for RTC after the Services are provided, and have been previously provided to VHS. The invoices contain confidential and proprietary information so they are not being included as an Exhibit to this Declaration.  DaVita is willing and able to submit the 2004 Acute Services Agreement to the Court under seal should that become necessary for any reason.

**6.**    There currently exists an outstanding balance of **$320,094.91** owed by VHS to RTC for post-petition services rendered from July 1, 2010, through November 30, 2010, under the Acute Services Agreement, as follows:

**Declaration of Nicole Montanari**

- 5 -

**Hemet Valley Medical Center:**

| Account # | Month | Billed Amt | Total Paid | Paid Date | Balance |
|---|---|---|---|---|---|
| HVMC | | | | | |
| 29247 | July-10 | $ 39,623.65 | - | - | $ 39,623.65 |
| 29247 | Aug-10 | $ 44,432.45 | - | - | $ 44,432.45 |
| 29247 | Sept-10 | $ 42,235.00 | - | - | $ 42,235.00 |
| 29247 | Oct-10 | $ 52,491.25 | - | - | $ 52,491.25 |
| 29247 | Nov-10 | $35,941.25 | - | - | $35,941.25 |
| | Total | $ 214,723.60 | - | Total | $ 214,723.60 |

**Menifee Valley Medical Center:**

| Account # | Month | Billed Amt | Total Paid | Paid Date | Balance |
|---|---|---|---|---|---|
| MVMC | | | | | |
| 29248 | July-10 | $ 19,769.62 | - | - | $ 19,769.62 |
| 29248 | Aug-10 | $ 29,055.44 | - | - | $ 29,055.44 |
| 29248 | Sept-10 | $ 14,055.00 | - | - | $ 14,055.00 |
| 29248 | Oct-10 | $ 22,223.75 | - | - | $ 22,223.75 |
| 29248 | Nov-10 | $20,267.50 | - | - | $20,267.50 |
| | Total | $105,371.31 | - | Total | $105,371.31 |

**7.** Additional amounts are continuing to accrue for services rendered on and after December 1, 2010.

**8.** At no time has anyone at VHS expressed to DaVita or RTC that the amounts DaVita billed for RTC under the 2004 Acute Services Agreement or the 2010 Acute Services Agreement, including the amounts that remain unpaid, were incorrect or erroneous in any way.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct and that this declaration was executed on December 13, 2010, at Irvine, California.

> [See following page with facsimile signature]
> Nicole Montanari

**Hemet Valley Medical Center:**

| Account # | Month | Billed Amt | Total Paid | Paid Date | Balance |
|---|---|---|---|---|---|
| HVMC | | | | | |
| 29247 | July-10 | $ 39,623.65 | - | - | $ 39,623.65 |
| 29247 | Aug-10 | $ 44,432.45 | - | - | $ 44,432.45 |
| 29247 | Sept-10 | $ 42,235.00 | - | - | $ 42,235.00 |
| 29247 | Oct-10 | $ 52,491.25 | - | - | $ 52,491.25 |
| 29247 | Nov-10 | $35,941.25 | - | - | $35,941.25 |
| | Total | $ 214,723.60 | - | Total | $ 214,723.60 |

**Menifee Valley Medical Center:**

| Account # | Month | Billed Amt | Total Paid | Paid Date | Balance |
|---|---|---|---|---|---|
| MVMC | | | | | |
| 29248 | July-10 | $ 19,769.62 | - | - | $ 19,769.62 |
| 29248 | Aug-10 | $ 29,055.44 | - | - | $ 29,055.44 |
| 29248 | Sept-10 | $ 14,055.00 | - | - | $ 14,055.00 |
| 29248 | Oct-10 | $ 22,223.75 | - | - | $ 22,223.75 |
| 29248 | Nov-10 | $20,267.50 | - | - | $20,267.50 |
| | Total | $105,371.31 | - | Total | $105,371.31 |

7.  Additional amounts are continuing to accrue for services rendered on and after December 1, 2010.

8.  At no time has anyone at VHS expressed to DaVita or RTC that the amounts DaVita billed for RTC under the 2004 Acute Services Agreement or the 2010 Acute Services Agreement, including the amounts that remain unpaid, were incorrect or erroneous in any way.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct and that this declaration was executed on December 13, 2010, at Irvine, California.

Nicole Montanari

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
27201 Puerta Real, Suite 465, Mission Viejo, CA 92791

A true and correct copy of the foregoing document described as _____
Motion for Order Determining Allowed Administrative Claim; Declaration of Nicole Montanari in Support Thereof
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/13/10_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
None.

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 12/13/10_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/13/10 | Michelle Fujimoto | /s/ Michelle Fujimoto |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                       F 9013-3.1.PROOF.SERVICE

## BY U.S. MAIL:

| | |
|---|---|
| **District's Counsel**<br>Stutman, Treister & Glatt PC<br>Professional Corporation<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067<br><br>Attn:  Gary E. Klausner, Esq.<br>        Marina Fineman, Esq. | **Counsel to the Former Committee and the Post-Effective Date Committee**<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>11th Floor<br>Los Angeles, CA 90067-4100<br>Attn:  Samuel R. Maizel, Esq.<br>        Jeffrey L. Kandel, Esq. |
| **United States Bankruptcy Court**<br>Clerk of the Court<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 | **United States Trustee**<br>United States Trustee<br>Office of the U.S. Trustee<br>3685 Main St., Ste. 300<br>Riverside, CA 92501<br>Attn:  Terri H. Andersen and<br>        Timothy J. Farris |
| **The District**<br>Valley Health System<br>c/o Joel Bergenfeld<br>1117 East Devonshire Avenue<br>Hemet, CA 92453 | |

## BY OVERNIGHT MAIL:

The Honorable Peter H. Carroll
US Bankruptcy Court – Riverside
3420 Twelfth Street
Riverside, CA 92501-3819