GARY E. KLAUSNER (SBN 69077)
IRV M. GROSS (SBN 53659)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Telecopy: (310) 229-1244
Email: gek@lnbyb.com; img@lnbyb.com

Counsel for Valley Health System, a California
Local Health Care District, Chapter 9 Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

|  |  |
|---|---|
| In re<br><br>VALLEY HEALTH SYSTEM, a California Local Health Care District,<br><br>        Debtor. | Case No. 6:07-bk-18293-PC<br><br>Chapter 9<br><br>**NOTICE OF MOTION AND MOTION OF DEBTOR VALLEY HEALTH SYSTEM FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST PEGGY KIRTON, DIANA AGNELLO AND GREGORY G. PETERSEN, AND EACH OF THEM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GARY E. KLAUSNER**<br><br>[No hearing required unless set by the Court pursuant to LBR 9020-1(d)(2)] |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE, AND TO PEGGY KIRTON, DIANA AGNELLO AND GREGORY G. PETERSEN, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that Chapter 9 Debtor Valley Health System, a California Local Health Care District ("VHS"), will and hereby does move this Court (the "Motion") for issuance of an order to show cause ("OSC") requiring Peggy Kirton ("Kirton"), Diana Agnello ("Agnello") and their counsel, Gregory G. Petersen, Esq. ("Petersen"), and together with Kirton and Agnello, the "Contemnors"), and each of them, to appear in person in Courtroom 201 of the United States Bankruptcy Court, 1415 State Street, Santa Barbara, California 93101, at a date and time to be determined by the Court, then and there to show cause why the Court should not enter an order:

1.      Adjudging the Contemnors, and each of them, to be in civil contempt of court for their violation of this Court's *Order (i)Confirming First Amended Plan for Adjustment of Debts of Valley Health System Dated December 17, 2009, As Modified February 19, 2010, and (ii) Granting Judgment For Valley Health System In Each Challenge Action"* filed and entered in this bankruptcy case on April 26, 2010 (the "Confirmation Order"), and specifically, the injunction contained therein barring the prosecution of pre-effective date claims against VHS (the "Discharge Injunction");

2.      Requiring Contemnors, and each of them, to cease prosecuting any and all currently pending litigation against VHS or the Valley Health System Retirement Plan (the "VHS Retirement Plan") and prohibiting Contemnors from commencing any litigation, including but not limited to lawsuits, adversary proceedings, petitions for mandamus, or administrative proceedings against VHS or the VHS Retirement Plan;

3.      At a further hearing to be set by this Court, fining the Contemnors in an amount according to proof that will compensate VHS for the attorneys' fees and costs and any other damages it has suffered as a result of Contemnors' violation of the Discharge Injunction.

This Motion is made under section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. §105(a) ("§105(a)"), Federal Rule of Bankruptcy Procedure 9020, and Local Bankruptcy Rule 9020-1, and is based on the Contemnors' flagrant and continuing

disregard of the Confirmation Order and violation of the Discharge Injunction. In support of this Motion, VHS will rely on these moving papers, the attached Memorandum of Points and Authorities and the Declaration of Gary E. Klausner, the pleadings and orders on file in this case, and related adversary proceedings and appeals, and such other additional evidence and arguments of counsel as may be presented at or before the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9020-1(e)(1), any objection to the Motion must be filed with the Clerk of the Bankruptcy Court, located at 1415 State Street, Santa Barbara, CA 93101, and served upon the Office of the United States Trustee, located at 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017, and upon counsel for VHS (Levene, Neale, Bender, Yoo & Brill L.L.P., Attention: Gary E. Klausner, 10250 Constellation Blvd., Ste. 1700, Los Angeles, California 90067) **not more than seven (7) days** after the date of service of this Motion.  Pursuant to Local Bankruptcy Rule 9020-1(d)(1), failure to file and serve a timely response may lead the Court to conclude that there is no objection to the issuance of the OSC.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9020-1(e)(1), VHS requests that the show cause hearing be set by the Court for a date and time no less than twenty-one (21) days after the OSC is issued.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9020-1(1)(d), no hearing will be held on this Motion unless the Court orders otherwise.

**WHEREFORE**, VHS respectfully requests the Court to issue an Order to Show Cause, in substantially the form attached hereto as Exhibit "1", requiring the Contemnors, and each of them, to show cause why they should not be held in civil contempt.

DATED: April 14, 2015

LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.


By: _____*/s/ Gary E. Klausner*_____
          GARY E. KLAUSNER
          IRV M. GROSS
Attorneys for Valley Health System, a California Local
Health Care District, Debtor

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 4

I.      INTRODUCTION .............................................................................................. 4

II.     UNDISPUTED FACTS ...................................................................................... 5

     A.  VHS's Bankruptcy and the Confirmation Order ............................................. 5

     B.  Contemnors Commence and Prosecute Lawsuits That Violate the
         Discharge Injunction ...................................................................................... 6

         1.  THE KIRTON ACTION .......................................................................... 6

         2.  THE REICHARDT I ACTION ................................................................ 8

         3.  THE REICHARDT II ACTION ............................................................... 9

III.    ARGUMENT ................................................................................................... 10

     A.  A Contempt Motion Is the Necessary and Proper Means By Which to Address
         Contemnors' Wrongful Conduct .................................................................... 10

     B.  The Contemnors, And Each of Them, Should Be Held In Contempt for
         Violating The Discharge Injunction ............................................................... 12

IV.    RELIEF REQUESTED ..................................................................................... 14

V.     CONCLUSION ................................................................................................ 14

DECLARATION OF GARY E. KLAUSNER ................................................................ 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Barrientos v. Wells Fargo Bank,*
    633 F.3d 1186 (9th Cir. 2011) ...................................................................10

*In re Continental Airlines, Inc.,*
    236 B.R. 318 (D. Del. 1999) .....................................................................10

*In re Count Liberty, LLC,*
    370 B.R. 259 (Bankr. C.D. Cal. 2007)......................................................11

*Faden v. Segal (In re Segal),*
    2015 WL 400643*6 (B.A.P. 9th Cir. 2015) (unpublished) ........................13

*In re Grihalva,*
    2013 WL 531127*5 (Bankr. D. Nev. September 3, 2013) .........................13

*Hardy v. United States (In re Hardy),*
    97 F.3d 1384 (11th Cir. 1996) .......................................................11, 12, 13

*Havelock v. Taxel (In re Pace),*
    67 F.3d 187 (9th Cir. 1995) ......................................................................11

*Hicks v. Feiock,*
    485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988) .............................11

*Institute of Cetacean Research v. Sea Shepherd etc.,*
    774 F.3d 935 (9th Cir. 2014) ....................................................................11

*Kirkland v. Legion Insurance Company,*
    343 F.3d 1135 (9th Cir. 2003) ..................................................................10

*Knupfer v. Lindblade (In re Dyer),*
    322 F.3d 1178 (9th Cir. 2003) ..................................................................11

*Konop v. Hawaiian Airlines, Inc.,*
    2009 WL 943287*1 (D. Haw. April 8, 2009).............................................10

*Perry v. O'Donnell,*
    759 F.2d 702 (9th Cir. 1985) ....................................................................11

*Renwick v. Bennett (In re Bennett),*
    298 F.3d 1059 (9th Cir. 2002) ..............................................................11, 12

*In re Taggart,*
    522 B.R. 627 (Bankr. D. Ore. 2014)..........................................................11

ii

**Other State Cases**

Jan Reichardt, et al. v. Valley Health System, A California Local Health Care
    District, Retirement Plan, et al.,
    Case No. RIC 1201152 ...............................................................................8

Kirton v. Valley Health System, Valley Health System Retirement Plan, et al.,
    Case No. RIC 10017129 .........................................................................2, 4, 6

**Federal Statutes**

11 U.S.C.
    § 105(a) ........................................................................................2, 11

**Other State Statutes**

*Code of Civil Procedure*
    *§ 1985*..........................................................................................8

**Other Authorities**

Federal Rule of Bankruptcy Procedure 9020.......................................................2

Local Bankruptcy Rule 9020-1 .......................................................................2

Local Bankruptcy Rule 9020-1(1)(d)................................................................3

Local Bankruptcy Rule 9020-1(d)(1)................................................................3

Local Bankruptcy Rule 9020-1(e)(1)................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I.

## INTRODUCTION

On April 26, 2010, this Court entered its order ("Confirmation Order") confirming VHS's Chapter 9 Plan of Adjustment ("Plan"). That Plan became effective on October 13, 2010 when VHS closed the sale of substantially all of its assets to Physicians for Healthy Hospitals, Inc. ("PHH"). The Confirmation Order discharged VHS from all pre-Effective Date claims, liabilities and obligations, except only for claims that were expressly excluded from the discharge. The Confirmation Order also contained a provision enjoining the holder of any discharged claim from taking any action or initiating any proceeding to collect or enforce such claim.

Notwithstanding the Confirmation Order, and in willful disregard thereof, the Contemnors (two former VHS employees and their counsel, Gregory G. Petersen) have initiated and have continued to prosecute civil actions against VHS seeking, inter alia, $100 million in damages and/or mandatary injunctive relief, causing VHS substantial economic harm and interfering with the implementation of its Plan. Contemnors have also asserted multi-million dollar damage claims against dozens of individuals who have served as members of VHS's board of directors claiming impropriety in connection with the administration of the VHS Retirement Plan. Notwithstanding this court's clear and definitive rulings in January and February 2011 that Contemnors violated the Confirmation Order and that claims relating to the funding of the VHS Retirement Plan were discharged, they have continued to prosecute claims involving the VHS Retirement Plan which have put VHS and its property at risk, by, among other things, using the misnomer "VHS Retirement Plan" to attempt to circumvent the Confirmation Order and the discharge and injunction provisions contained therein. In short, Contemnors have vigorously pursued several litigations against numerous defendants seeking to obtain relief they did not obtain through the legitimate bankruptcy proceedings before this Court. This circumvention is a direct affront the core of the bankruptcy

---

[1] Unless otherwise stated, all defined terms have the same meaning as in the preceding Notice of Motion.

process and the protections it provides, including against endless, expensive and multiple litigations against parties subject to the law's protection.

In the present Motion, VHS seeks a contempt order that would prohibit Contemnors' continued and unbridled violation of the Discharge Injunction and would impose a fine upon Contemnors in an amount that will reimburse VHS for the hundreds of thousands of dollars of attorneys' fees and costs it has been forced to incur as a result of Contemnors' wrongful conduct. VHS recognizes that courts do not take requests for contempt orders lightly, but respectfully submits that in this instance, for the reasons explained herein, such a remedy is not only appropriate but necessary. Accordingly, VHS urges the Court to grant the Motion.

## II.

### UNDISPUTED FACTS

#### A. VHS's Bankruptcy and the Confirmation Order

On December 13, 2007, VHS filed a petition under chapter 9 of the Bankruptcy Code, and an order for relief was entered on February 20, 2008.

On April 26, 2010, this Court entered the Confirmation Order; a true and correct copy of the Confirmation Order is marked as Exhibit "2" and is attached hereto and incorporated herein by reference. For purposes of this Motion, salient provisions of the Confirmation Order provide in pertinent part as follows:

- Paragraph 3: (1) the Debtor is discharged as of the Effective Date from all pre-Effective Date debts, obligations and claims other than those excepted from discharge by the Plan or the Confirmation Order or those owed to an entity that, before confirmation of the Plan, had neither notice nor actual knowledge of the chapter 9 case, and (2) the provisions of the Plan bound every creditor;[2]

- Paragraph 5: all entities that have, hold or may hold claims arising prior to the Effective Date are **permanently enjoined**, from and after the Effective Date, from commencing or continuing, in any manner, any action or other

---

[2] The primary means by which the Plan was to be implemented was the sale of substantially all of VHS's assets to PHH. The "Effective Date" was the date the sale closed, October 13, 2010.

proceeding of any kind with respect to any such pre-Effective Date claim or cause of action against the Debtor.

**B.**      **Contemnors Commence and Prosecute Lawsuits That Violate the Discharge Injunction**

     **1.**      **THE KIRTON ACTION**

On August 26, 2010, Contemnors commenced an action (the "Kirton Action") in the Riverside County Superior Court, Kirton v. Valley Health System, Valley Health System Retirement Plan, et al., Case No. RIC 10017129, by filing a *Petition for Writ of Mandate Pursuant to Code of Civil Procedures § 1085 RE: (1) Violation of Valley Health System Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief* (the "Kirton Petition").[3] Kirton and Agnello (the "Kirton Parties") were the plaintiffs in the Kirton Action.

On September 22, 2010, VHS timely removed the Kirton Action to the Bankruptcy Court. On October 22, 2010, VHS and other parties filed a motion to dismiss the Kirton Action (the "Kirton Dismissal Motion").[4]  In the Kirton Dismissal Motion, the movants argued, inter alia, that the "VHS Retirement Plan is not a separate legal entity that can sue or be sued."[5]  The Kirton Parties failed to respond to the Kirton Dismissal Motion.  On January 18, 2011, the Bankruptcy Court entered an order granting the Kirton Dismissal Motion and dismissing with prejudice the entire Kirton Action against all defendants (the "Kirton Dismissal Order").[6]  In the Kirton Dismissal Order, the Bankruptcy Court stated that the Kirton Action was being dismissed "for the reasons set forth in the [Kirton Dismissal] Motion," which reasons included that (1) the Kirton Parties' initiation of the Kirton Action constituted a violation of the Confirmation Order, and the discharge and injunctive provisions contained therein, and (2) the VHS Retirement Plan was not a

---

[3] A true and correct copy of the Kirton Petition is attached hereto as Exhibit "3."

[4] A true and correct copy of the Kirton Dismissal Motion is attached hereto as Exhibit "4."

[5] Kirton Dismissal Motion, pp. 4, 5, and 13

[6] A true and correct copy of the Kirton Dismissal Order is attached hereto as Exhibit "5."

separate legal entity and, therefore, did not have the capacity to sue or be sued.[7]

The Kirton Parties filed a motion for reconsideration of the Kirton Dismissal Order (the "Kirton Motion for Reconsideration"). In the Kirton Motion for Reconsideration, the Kirton Parties argued, among other things, that the VHS Retirement Plan is a separate entity that can be sued. The Bankruptcy Court rejected that argument and all of the other arguments made in support of the Kirton Motion for Reconsideration, and on February 24, 2011, the Bankruptcy Court entered an order denying the Kirton Motion for Reconsideration. In support of its denial of the Kirton Motion for Reconsideration, the Bankruptcy Court also issued a memorandum of decision (the "Kirton MOD").[8] In the Kirton MOD, the Bankruptcy Court: (1) affirmed the Kirton Dismissal Order and the reasons that order was entered, i.e., that the Kirton Parties' claims were discharged and they were enjoined from pursuing them through litigation or otherwise;[9] (2) held that despite protests from the Kirton Parties, the Bankruptcy Court had jurisdiction to rule on the Kirton Dismissal Motion and enter the Kirton Dismissal Order;[10] and (3) held that the VHS Retirement Plan was not a separate entity that could be sued, but simply a mechanism by which VHS implemented a retirement benefit plan for its employees:[11]

> On the Petition Date, the VHS Retirement Plan was tantamount to a prepetition contract between VHS and the plan participants . . . . VHS's only funding obligations arose from its contractual obligations under the VHS Retirement Plan. The Trustees of the VHS Retirement Plan had no contractual obligations under the Plan in their individual capacities.[12]

---

[7] See Kirton Dismissal Motion at pp. 4, 5, and 13 arguing for dismissal on these bases and the Kirton Dismissal Order at p. 4, ¶ 1 granting the Kirton Dismissal Motion "for the reasons set forth in the [Kirton Dismissal] Motion and [the Kirton Dismissal Order]."

[8] A true and correct copy of the Kirton MOD is attached hereto as Exhibit "6."

[9] Kirton MOD, pp. 8-10.

[10] Kirton MOD, pp. 10-13.

[11] Kirton MOD, p. 8, ll. 18-23.

[12] Id.

The Kirton Dismissal Order was appealed and thereafter vacated by the Bankruptcy Appellate Panel (the "BAP") solely on jurisdictional grounds on March 13, 2012. On August 7, 2014, however, the Court of Appeals for the Ninth Circuit (the "Ninth Circuit") reversed the BAP's ruling with respect to the Kirton Dismissal Order, finding that the Bankruptcy Court has jurisdiction over the Kirton Action because, inter alia, the Kirton Action related to the interpretation of the Confirmation Order and its discharge and injunction provisions, and because the Kirton Action, like the matter *sub judice*, involves claims against VHS and its property.[13] The Ninth Circuit remanded the Kirton Action to the BAP with instructions to address the merits of the appeal.

On February 24, 2015, the BAP rendered its Memorandum (the "BAP Memorandum") and Order affirming the Bankruptcy Court's order dismissing the Kirton Action with prejudice.[14] The Kirton Parties have appealed the BAP's ruling to the Ninth Circuit Court of Appeals.

## 2. THE REICHARDT I ACTION

On January 25, 2012, Petersen, the same counsel that represented the Kirton Parties in the Kirton Action, commenced another action (the "Reichardt I Action") in the Riverside County Superior Court, Jan Reichardt, et al. v. Valley Health System, A California Local Health Care District, Retirement Plan, et al., Case No. RIC 1201152, by filing a *Petition for Writ of Mandate Pursuant to Code of Civil Procedure §1985 Re: (1) Violation of the California Constitution* (the "Reichardt I Petition").[15] The plaintiffs in the Reichardt I Action are Jan Reichardt ("Reichardt"), Rosie De La Rosa ("De La Rosa"), and Aileen Grisham ("Grisham"),[16] as individuals and on behalf of "all others similarly situated" (collectively referred to herein as the "Reichardt I Petitioners") which include, presumably, the Kirton Parties.

---

[13] A true and correct copy of the Ninth Circuit's August 7, 2014 decision is attached hereto as Exhibit "7."

[14] A true and correct copy of the BAP Memorandum is attached hereto as Exhibit "8".

[15] A true and correct copy of the Reichardt I Petition is attached hereto as Exhibit "9."

[16] Reichardt, De La Rosa, and Grisham are all also named plaintiffs in Reichardt II, (discussed below) except that in the Complaint Grisham is referred to as "Aileen Gresham," perhaps erroneously.

On January 27, 2012, VHS removed the Reichardt I Action to the Bankruptcy Court, where it is still pending. The parties agreed to stay the Reichardt I Action pending a resolution of the appeals in the Kirton Action.

**3.     THE REICHARDT II ACTION**

Despite the Bankruptcy Court's previous rejection of the claims asserted in the Kirton Action (and by logical extension those same claims as carried over again in the Reichardt I Action) and, in particular, the Bankruptcy Court's ruling that the VHS Retirement Plan is not a legal entity with the capacity to sue or be sued, on July 8, 2014, Petersen (along with the Kirton Parties and additional plaintiffs, some of whom are also plaintiffs in the Reichardt I Acton) commenced yet another lawsuit in the Riverside County Superior Court, by filing a Complaint (the "Reichardt II Action").[17]  The Reichardt II complaint purports to assert claims against the "VHS Retirement Plan", Met Life, Inc. as the alleged administrator of the VHS Retirement Plan, as well as against persons that are alleged to have been trustees of the VHS Retirement Plan over the last two decades[18] (collectively defined in the Reichardt II complaint as the "Individual Defendants" and referred to herein as the "Plan Trustees") and Does 1 – 1000.

On September 10, 2014, VHS timely filed a notice of removal and removed the Reichardt II Action to the Bankruptcy Court. The Bankruptcy Court scheduled an initial status conference for November 6, 2014 and the parties filed their respective status reports. Thereafter, the Bankruptcy Court sua sponte continued the initial status conference to February 5, 2015 and eventually to March 12, 2015.

On October 31, 2014, the plaintiffs in the Reichardt II Action filed a motion with the U.S. District Court seeking to withdraw the reference of the Reichardt II Action, and a  motion to remand the Reichardt II Action to the state court. On February 5, 2015, the District Court denied both motions.

---

[17] A true and correct copy of the Complaint filed in the Reichardt II Action is attached hereto as Exhibit "10."

[18] Some of these individuals ceased acting as trustees as long ago as 1996.

On or about November 13, 2014, VHS filed a motion with the Bankruptcy Court requesting an order determining that VHS, as opposed to the "VHS Retirement Plan", was the real party defendant in the Reichardt II Action. Thereafter, on or about February 24, 2015, and prior to the scheduled hearing on VHS' motion, the plaintiffs filed a notice of dismissal without prejudice of the VHS Retirement Plan as a defendant in Reichardt II Action, thus mooting VHS's motion.

By order entered on March 16, 2015, the Bankruptcy Court granted the Plan Trustees' motion to dismiss the Reichardt II Action against them without prejudice.

### III.

### ARGUMENT

**A.**  **A Contempt Motion Is the Necessary and Proper Means By Which to Address Contemnors' Wrongful Conduct**

The proper method of dealing with violations of a discharge injunction is by means of a motion for contempt in the bankruptcy case. *Barrientos v. Wells Fargo Bank,* 633 F.3d 1186, 1189-90 (9th Cir. 2011) (an adversary proceeding is unnecessary, and seeking "an injunction against violating an existing injunction would be superfluous"). A "discharge injunction" that may be the subject of a contempt motion includes the type of injunction provided for in a plan and in the confirmation order approving the plan. *See, e.g,. Konop v. Hawaiian Airlines, Inc.,* 2009 WL 943287*1 (D. Haw. April 8, 2009); *In re Continental Airlines, Inc*., 236 B.R. 318, 331 (D. Del. 1999).

Whether a contempt is civil or criminal depends on the purpose and character of the sanction imposed. If the purpose of the sanction is to punish a past violation of a court order the contempt is criminal. If the purpose of the contempt is remedial, so that the sanction sought is to compensate for the costs incurred as a result of the contemptuous conduct or to coerce future compliance with the court's order, the contempt is civil. *Kirkland v. Legion Insurance Company,* 343 F.3d 1135, 1140 (9th Cir. 2003). The bankruptcy court's authority to address and issue sanctions for civil contempt,

10

and specifically to award attorneys' fees and costs, is derived from §105(a). *Havelock v. Taxel (In re Pace),* 67 F.3d 187, 193 (9th Cir. 1995).[19]

The party moving for a civil contempt order has the burden of showing by clear and convincing evidence that the contemnor violated a specific and definite order of the court. In the context of a motion based on the violation of a discharge injunction, the evidence offered must establish that the alleged contemnor (1) knew the discharge injunction was applicable and (2) intended the actions which violated the discharge injunction. *Renwick v. Bennett (In re Bennett),* 298 F.3d 1059, 1069 (9th Cir. 2002) (*citing Hardy v. United States (In re Hardy),* 97 F.3d 1384, 1390 (11th Cir. 1996)). The Ninth Circuit has expressly adopted the test set forth in *Hardy*. *In re Taggart*, 522 B.R. 627, 632 (Bankr. D. Ore. 2014). In determining whether the moving party has met his burden, "[t]he court is not required to find that a party willfully or intentionally failed to comply, nor is 'good faith' a defense." *In re Count Liberty, LLC,* 370 B.R. 259, 273 (Bankr. C.D. Cal. 2007). Even good faith reliance on advice of counsel will not excuse a violation of a court order or provide a defense to a civil contempt motion. *Institute of Cetacean Research v. Sea Shepherd etc.,* 774 F.3d 935, 955 (9th Cir. 2014). Once the moving party carries his burden, the burden shifts to the contemnor to demonstrate why he was unable to comply with the subject order. *Id*.

With respect to available relief, the court may impose a fine upon the contemnor in an amount sufficient to compensate the moving party for the actual damages incurred as a result of the violation, including both attorneys' fees and costs. *Id* at 274; *see, e.g. Perry v. O'Donnell,* 759 F.2d 702, 705 (9th Cir. 1985) ("an award of fees and expenses is appropriate as a remedial measure"). In addition, a contempt order may serve to coerce an individual into future compliance with the court's order. *Id*.

_____

[19] Criminal or punitive sanctions may not be imposed by a bankruptcy court under §105(a). *Knupfer v. Lindblade (In re Dyer),* 322 F.3d 1178, 1192 (9th Cir. 2003). Nevertheless, the court may exercise coercive power in a civil contempt action to effect compliance with a court order. Incarceration, for example, is deemed an appropriate coercive sanction in a civil contempt action, but only if the contemnor can avoid the sentence and purge himself of the contempt by complying with the terms of the original order. *Hicks v. Feiock,* 485 U.S. 624, 635 n.7, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988).

**B.** <u>**The Contemnors, And Each of Them, Should Be Held In Contempt for Violating**</u>
<u>**The Discharge Injunction.**</u>

Applying the two part *Hardy* test adopted by the Ninth Circuit, a host of undisputed facts establish that Contemnors (1) knew there was a Discharge Injunction applicable to their claims, and (2) despite such knowledge, intended to and did prosecute lawsuits that directly violated the Discharge Injunction. *In re Bennett, supra.* Indeed, not only are those facts undisputed, they have already been established by both this Court and the BAP. Thus, in the Kirton MOD, the Court expressly found that:

- "Kirton received notice of VHS's bankruptcy and the deadline of August 25, 2008, within which to file proofs of claim.";[20]

- "Kirton did not object to confirmation of VHS's plan";[21]

- "When the sale closed on October 13, 2010, VHS's confirmed plan of adjustment became effective and binding upon all parties in interest, including Kirton.";[22]

- "VHS was then [when the Plan became effective] discharged from its pre-petition obligations to Kirton based upon or arising out of the VHS Retirement Plan,"[23]; and

- "***Kirton was enjoined from enforcing such obligations except as provided by the confirmed plan***."[24]

Similarly, in the BAP Memorandum, the appellate panel made essentially the same findings. Specifically, the BAP found that the "Kirton Parties" were served notice of the claims bar date, bankruptcy court approval of the first amended disclosure statement, and the confirmation hearing

---

[20] Kirton MOD at 9. In the Kirton MOD, "Kirton" refers collectively to Kirton and Agnello. *Id.* at 1.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* (emphasis added). Contemnors have never contended, nor could they, that any of the claims asserted in the different lawsuits they filed arose from obligations that were excepted from the Discharge Injunction under the Plan.

on the Plan.[25]  They also received copies of the Plan and the first amended disclosure statement, did not object to confirmation of the Plan, and did not otherwise participate in the Plan confirmation process.[26]  Neither did they appeal the Confirmation Order or file proofs of claim.[27]  In short, the undisputed facts determined by both this Court and the BAP establish that the Contemnors knew that the Discharge Injunction barred their claims, thereby satisfying the first prong of the *Hardy* test for establishing civil contempt.

It is also beyond peradventure that the second prong of the *Hardy* test, that the Contemnors intended the actions that violated the Discharge Injunction, has been equally satisfied in this case. Specifically, Contemnors intended to and did file the complaints commencing the Kirton Action and the two Reichardt Actions, respectively, and it was that conduct that constituted a violation of the Discharge Injunction.[28]  *See, e.g., Faden v. Segal (In re Segal),* 2015 WL 400643*6 (B.A.P. 9th Cir. 2015) (unpublished) (filing of cross-complaint deemed a violation of the discharge injunction even if it wasn't served, rejecting argument that the unserved pleading was merely a technical violation); *In re Grihalva*, 2013 WL 531127*5 (Bankr. D. Nev. September 3, 2013).

For the reasons explained in this Motion, VHS respectfully submits that it has established by clear and convincing evidence that the Contemnors, and each of them, knew of the Discharge Injunction and its application to their claims, but nevertheless intended to and did file and prosecute those claims despite the fact they were barred by the Discharge Injunction.  Furthermore, at no time have the Contemnors argued - nor could they - that their claims were excepted from the Discharge Injunction or that they were unable to comply with the Discharge Injunction for reasons beyond their control.  Accordingly, both reason and case law compel the conclusion that Contemnors violated the Discharge Injunction and should be held in civil contempt for their conduct.

---

[25] BAP Memorandum at 4.

[26] *Id.*

[27] *Id.*

[28] While it is implausible that Petersen, and therefore his clients Kirton and Agnello to whom his knowledge is imputed, was not aware that the filing of the Kirton and Reichardt complaints violated the Discharge Injunction, the Court need not reach that issue because it is settled law that neither intent to violate the court order, whether the violation of the court order was willful, nor whether the violation of the court order was done inadvertently and in good faith, is relevant in a civil contempt proceeding *supra*.

**IV.**

**RELIEF REQUESTED**

VHS respectfully requests the Court to issue an OSC requiring the Contemnors, and each of them, to appear in person, at a time and date to be determined by the Court, and then and there to show cause why the Court should not enter an order:

1.    Adjudging Contemnors, and each of them, to be in civil contempt of court for violating the Discharge Injunction;

2.    Requiring Contemnors, and each of them, to cease prosecuting any and all currently pending litigation against VHS or the VHS Retirement Plan, and prohibiting Contemnors from commencing any litigation, including but not limited to lawsuits, adversary proceedings, petitions for mandamus, or administrative proceedings, against VHS or the VHS Retirement Plan that would violate the Discharge Injunction;

3.    At or following an evidentiary hearing, to be set by this Court, fining Contemnors, in an amount to be determined, to compensate VHS for the attorneys' fees and costs it has incurred as a result of Contemnors' violation of the Discharge Injunction, and ordering that such fine be paid directly to VHS.

**V.**

**CONCLUSION**

For the foregoing reasons, VHS respectfully requests the Court to issue an order to show cause, in substantially the form attached hereto as Exhibit "1", requiring Contemnors, and each of them, to show cause why they should not be held in civil contempt for violating the Discharge Injunction.

DATED:  April 14, 2015             **VALLEY HEALTH SYSTEM,**
                                   **A CALIFORNIA LOCAL HEALTH CARE DISTRICT**

                                   */s/ Gary E. Klausner*
                                        GARY E. KLAUSNER
                                        IRV M. GROSS
                                   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
                                   Chapter 9 Counsel for Valley Health System, a
                                   California Local Health Care District

## DECLARATION OF GARY E. KLAUSNER

I, GARY E. KLAUSNER, hereby declare as follows:

1.      I am over 18 years of age.  Except where otherwise stated, I have personal knowledge of the facts set forth below based on, among other things, my review of and/or participation in drafting various pleadings and papers filed in the bankruptcy case and related adversary proceedings and appeals, and, if called to testify, I could and would testify competently thereto.

2.      I am duly licensed to practice law in the State of California and before this Court.

3.      I am a partner in the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P., bankruptcy counsel for Valley Health System, a California Local Healthcare District.

4.      I make this declaration in support of the Motion to which this declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meanings as in the Motion.

5.      On December 13, 2007, VHS filed a petition under chapter 9 of the Bankruptcy Code, and an order for relief was entered on February 20, 2008.

6.      On April 26, 2010, this Court entered the Confirmation Order, confirmin VHS' Chapter 9 Plan of Adjustment (the "Plan").  A true and correct copy of the Confirmation Order is marked as Exhibit "2" and is attached hereto and incorporated herein by reference.

7.      The primary means by which the Plan was to be implemented was the sale of substantially all of VHS's assets to PHH.  The "Effective Date" occurred on the date the sale closed, October 13, 2010.

8.      On August 26, 2010, Contemnors commenced an action (the "Kirton Action") in the Riverside County Superior Court, Kirton v. Valley Health System, Valley Health System Retirement Plan, et al., Case No. RIC 10017129, by filing a *Petition for Writ of Mandate Pursuant to Code of Civil Procedures § 1085 RE: (1) Violation of Valley Health System Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief* (the "Kirton Petition"). A true and correct copy of the Kirton Petition is attached hereto as Exhibit "3."  Kirton and Agnello (the "Kirton Parties") were the plaintiffs in the Kirton Action.

9.      On September 22, 2010, VHS timely removed the Kirton Action to the Bankruptcy Court.  On October 22, 2010, VHS and other parties filed a motion to dismiss the Kirton Action (the

"Kirton Dismissal Motion"). A true and correct copy of the Kirton Dismissal Motion is attached hereto as Exhibit "4." The Kirton Parties failed to respond to the Kirton Dismissal Motion. On January 18, 2011, the Bankruptcy Court entered an order granting the Kirton Dismissal Motion and dismissing with prejudice the entire Kirton Action against all defendants (the "Kirton Dismissal Order"). A true and correct copy of the Kirton Dismissal Order is attached hereto as Exhibit "5." In the Kirton Dismissal Order, the Bankruptcy Court stated that the Kirton Action was being dismissed "for the reasons set forth in the [Kirton Dismissal] Motion," which reasons included that (1) the Kirton Parties' initiation of the Kirton Action constituted a violation of the Confirmation Order, and the discharge and injunctive provisions contained therein, and (2) the VHS Retirement Plan was not a separate legal entity and, therefore, did not have the capacity to sue or be sued.

10.     The Kirton Parties filed a motion for reconsideration of the Kirton Dismissal Order (the "Kirton Motion for Reconsideration"). In the Kirton Motion for Reconsideration, the Kirton Parties argued, among other things, that the VHS Retirement Plan is a separate entity that can be sued. The Bankruptcy Court rejected that argument and all of the other arguments made in support of the Kirton Motion for Reconsideration, and on February 24, 2011, the Bankruptcy Court entered an order denying the Kirton Motion for Reconsideration. In support of its denial of the Kirton Motion for Reconsideration, the Bankruptcy Court also issued a memorandum of decision (the "Kirton MOD"). A true and correct copy of the Kirton MOD is attached hereto as Exhibit "6."

11.     The Kirton Dismissal Order was appealed and thereafter vacated by the Bankruptcy Appellate Panel (the "BAP") solely on jurisdictional grounds on March 13, 2012. On August 7, 2014, however, the Court of Appeals for the Ninth Circuit (the "Ninth Circuit") reversed the BAP's ruling with respect to the Kirton Dismissal Order, finding that the Bankruptcy Court has jurisdiction over the Kirton Action because, inter alia, the Kirton Action related to the interpretation of the Confirmation Order and its discharge and injunction provisions, and because the Kirton Action, like the matter sub judice, involves claims against VHS and its property. A true and correct copy of the Ninth Circuit's August 7, 2014 decision is attached hereto as Exhibit "7." The Ninth Circuit remanded the Kirton Action to the BAP with instructions to address the merits of the appeal.

12.    On February 24, 2015, the BAP rendered its Memorandum (the "BAP Memorandum") and Order affirming the Bankruptcy Court's order dismissing the Kirton Action with prejudice.  A true and correct copy of the BAP Memorandum is attached hereto as Exhibit "8". The Kirton Parties have appealed the BAP's ruling to the Ninth Circuit Court of Appeals.

13.    On January 25, 2012, Petersen, the same counsel that represented the Kirton Parties in the Kirton Action, commenced another action (the "Reichardt I Action") in the Riverside County Superior Court, Jan Reichardt, et al. v. Valley Health System, A California Local Health Care District, Retirement Plan, et al., Case No. RIC 1201152, by filing a *Petition for Writ of Mandate Pursuant to Code of Civil Procedure §1985 Re: (1) Violation of the California Constitution* (the "Reichardt I Petition").  A true and correct copy of the Reichardt I Petition is attached hereto as Exhibit "9."  The plaintiffs in the Reichardt I Action are Jan Reichardt ("Reichardt"), Rosie De La Rosa ("De La Rosa"), and Aileen Grisham ("Grisham"), as individuals and on behalf of "all others similarly situated" (collectively referred to herein as the "Reichardt I Petitioners") which include, presumably, the Kirton Parties.  Reichardt, De La Rosa, and Grisham are all also named plaintiffs in Reichardt II, except that in the Complaint Grisham is referred to as "Aileen Gresham," perhaps erroneously.

14.    On January 27, 2012, VHS removed the Reichardt I Action to the Bankruptcy Court, where it is still pending.  The parties agreed to stay the Reichardt I Action pending a resolution of the appeals in the Kirton Action.

15.    Despite the Bankruptcy Court's previous rejection of the claims asserted in the Kirton Action (and by logical extension those same claims as carried over again in the Reichardt I Action) and, in particular, the Bankruptcy Court's ruling that the VHS Retirement Plan is not a legal entity with the capacity to sue or be sued, on July 8, 2014, Petersen (along with the Kirton Parties and additional plaintiffs, some of whom are also plaintiffs in the  Reichardt I Acton) commenced yet another lawsuit in the Riverside County Superior Court, by filing a Complaint (the "Reichardt II Action").  A true and correct copy of the Complaint filed in the Reichardt II Action is attached hereto as Exhibit "10."  The Reichardt II complaint purports to assert claims against the "VHS Retirement Plan", Met Life, Inc. as the alleged administrator of the VHS Retirement Plan, as well as

against persons that are alleged to have been trustees of the VHS Retirement Plan over the last two decades[29] (collectively defined in the Reichardt II complaint as the "Individual Defendants" and referred to herein as the "Plan Trustees") and Does 1 – 1000.

16.     On September 10, 2014, VHS timely filed a notice of removal and removed the Reichardt II Action to the Bankruptcy Court.  The Bankruptcy Court scheduled an initial status conference for November 6, 2014 and the parties filed their respective status reports.  Thereafter, the Bankruptcy Court sua sponte continued the initial status conference to February 5, 2015 and eventually to March 12, 2015.

17.     On October 31, 2014, the plaintiffs in the Reichardt II Action filed a motion with the U.S. District Court seeking to withdraw the reference of the Reichardt II Action and a   motion to remand the Reichardt II Action to the state court.  On February 5, 2015, the District Court denied both motions.

18.     On or about November 13, 2014, VHS filed a motion with the Bankruptcy Court requesting an order determining that VHS, as opposed to the "VHS Retirement Plan", was the real party defendant in the Reichardt II Action.  Thereafter, on or about February 24, 2015, and prior to the scheduled hearing on VHS' motion, the plaintiffs filed a notice of dismissal without prejudice of the VHS Retirement Plan as a defendant in Reichardt II Action, thus mooting VHS's motion.

19.     By order entered on March 16, 2015, the Bankruptcy Court granted the Plan Trustees' motion to dismiss the Reichardt II Action against them without prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of April 2015, at Los Angeles, California.

*/s/ Gary E. Klausner*
GARY E. KLAUSNER

---

[29] Some of these individuals ceased acting as trustees as long ago as 1996.



EXHIBIT "1"

GARY E. KLAUSNER (SBN 69077)
IRV M. GROSS (SBN 53659)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Telecopy: (310) 229-1244
Email: gek@lnbyb.com; img@lnbyb.com

Counsel for Valley Health System, a California
Local Health Care District, Chapter 9 Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

|  |  |
|---|---|
| In re <br><br> VALLEY HEALTH SYSTEM, a California Local Health Care District, <br><br>             Debtor. | Case No. 6:07-bk-18293-PC <br><br> Chapter 9 <br><br><br> **[PROPOSED] ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST PEGGY KIRTON, DIANA AGNELLO AND GREGORY G. PETERSEN, AND EACH OF THEM** <br><br><br> <u>Hearing</u> <br> Date: _____ <br> Time: \_\_\_:\_\_\_ \_\_.m. <br> Place: 1415 State Street <br>        Courtroom 201 <br>        Santa Barbara, CA 93101-2511 |

1

2       On April 14, 2015, Chapter 9 Debtor Valley Health System, a California Local Health Care

3   District ("VHS"), filed its motion (the "Motion") for issuance of an order to show cause re civil

4   contempt against Peggy Kirton ("Kirton"), Diana Agnello ("Agnello") and their counsel, Gregory

5   G. Petersen, Esq. ("Petersen" and together with Kirton and Agnello, the "Contemnors").

6       Upon consideration of the Motion and all papers and evidence submitted in support of or in

7   opposition thereto, and for good cause shown,

8       **IT IS HEREBY ORDERED AS FOLLOWS:**

9       1.    The Contemnors, and each of them, shall appear before the Court at the above-

10  referenced date, time, and location and show cause as to why the Court should not enter an order:

11          a.    Adjudging the Contemnors, and each of them, to be in civil contempt of court

12  for their violation of this Court's *Order (i)Confirming First Amended Plan for Adjustment of*

13  *Debts of Valley Health System Dated December 17, 2009, As Modified February 19, 2010, and*

14  *(ii) Granting Judgment For Valley Health System In Each Challenge Action"* filed and entered

15  in this bankruptcy case on April 26, 2010, and specifically, the injunction contained therein

16  barring the prosecution of pre-effective date claims against VHS (the "Discharge Injunction"),

17  due to their commencement and prosecution of the following actions, as discussed in the

18  Motion:

19          i.    Kirton v. Valley Health System, Valley Health System Retirement

20  Plan, et al., Case No. RIC 10017129;

21          ii.    Jan Reichardt, et al. v. Valley Health System, A California Local

22  Health Care District, Retirement Plan, et al., Case No. RIC 1201152; and

23          iii.    Jan Reichardt, et al. v. Valley Health System, A California Local

24  Health Care District, Retirement Plan, et al., Case No. RIC 1406794;

25          b.    Requiring Contemnors, and each of them, to cease prosecuting any and all

26  currently pending litigation against VHS or the Valley Health System Retirement Plan (the

27  "VHS Retirement Plan") and prohibiting Contemnors from commencing any litigation,

28

including but not limited to lawsuits, adversary proceedings, petitions for mandamus, or administrative proceedings against VHS or the VHS Retirement Plan; and

        c.     At a further hearing to be set by this Court, fining the Contemnors in an amount according to proof that will compensate VHS for the attorneys' fees and costs and any other damages it suffered as a result of Contemnors' violation of the Discharge Injunction.

2.     On or before _____, 2015, the Contemnors, and each of them, must show cause by filing and serving a written explanation, if there is an explanation, why they should not be held in contempt for the allegedly contemptuous conduct set forth in paragraph one hereof and the Motion;

3.     On or before _____, 2015, VHS may file and serve a response to the Contemnors' written explanations of why they should not be held in contempt.

4.     VHS shall serve a copy of this order on the Contemnors, and each of them, not later than 21 days before the date set for the hearing. VHS shall use reasonable efforts to serve this order on Kirton and Agnello at their residences via U.S. mail and/or email; however, service of this order on Peterson, as counsel to Kirton and Agnello, via the Court's NEF system and/or U.S. mail, shall be deemed to constitute service on Kirton and Agnello.

**IT IS SO ORDERED.**

                              # # #

EXHIBIT "2"

FILED & ENTERED

APR 26 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig        DEPUTY CLERK

1  CHARLES D. AXELROD – State Bar No.39507
   GARY E. KLAUSNER – State Bar No. 69077
2  H. ALEXANDER FISCH – State Bar No. 223211
   MARINA FINEMAN – State Bar No. 193065
3  NEETA MENON – State Bar No. 254736
   STUTMAN, TREISTER & GLATT
4  PROFESSIONAL CORPORATION
   1901 Avenue Of The Stars, 12th Floor
5  Los Angeles, CA  90067
   Telephone:  (310) 228-5600
6  Facsimile:  (310) 228-5788
   caxelrod@stutman.com; gklausner@stutman.com;
7  mfineman@stutman.com; nmenon@stutman.com

8  Chapter 9 Counsel for Valley Health System

9  DANIEL K. SPRADLIN - State Bar No. 82950
   dspradlin@wss-law.com
10 M. LOIS BOBAK - State Bar No. 127540
   lbobak@wss-law.com
11 WOODRUFF, SPRADLIN & SMART, APC
   555 Anton Boulevard, Suite 1200
12 Costa Mesa, California 92626-7670
   Telephone:  (714) 558-7000
13 Facsimile:   (714) 835-7787

14 Special Counsel for Debtor and Defendant Valley Health System

15 Counsel continued on next page.

16            UNITED STATES BANKRUPTCY COURT

17       CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

18
19 In re                                      CASE NO. 6:07 -BK-18293-PC

20 VALLEY HEALTH SYSTEM, a California          CHAPTER 9
   Local Health Care District,
21                                            ADV. PROC. NO. 6:09-AP-01708-PC
                    Debtor.
22 ─────────────────────────────────           ORDER (i) CONFIRMING FIRST
                                               AMENDED PLAN FOR ADJUSTMENT
   PRIME HEALTHCARE MANAGEMENT,                OF DEBTS OF VALLEY HEALTH
23 INC., a California corporation, et al.      SYSTEM DATED DECEMBER 17, 2009,
                                               AS MODIFIED FEBRUARY 19, 2010,
24                  Plaintiffs,                AND (ii) GRANTING JUDGMENT FOR
                                               VALLEY HEALTH SYSTEM IN EACH
25 v.                                          CHALLENGE ACTION

26 VALLEY HEALTH SYSTEM, a California
   Local Healthcare District, et al., DOES 1-10,
27
                    Defendants.
28
   537207v2

R.D. KIRWAN (SBN 046259)
PETER J. GURFEIN (SBN 127173)
CHAD STEGEMAN (SBN 225745)
DEVIN STONE (SBN 260326)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  310.229.1000
Facsimile:  310.229.1001
Email:        rkirwan@akingump.com
                  pgurfein@akingump.com
                  cstegeman@akingump.com
                  dstone@akingump.com

Attorneys for Real Party in Interest in Adversary Proceeding
Physicians for Healthy Hospitals, Inc.

1    The hearing ("Confirmation Hearing") to consider confirmation of the First Amended

2    Plan For The Adjustment of Debts of Valley Health System Dated December 17, 2009 (as modified

3    by the Plan Modifications defined in (xii) below, the "Plan") commenced before the undersigned

4    Judge of the United States Bankruptcy Court for the Central District of California, Riverside

5    Division (the "Court") in Courtroom 304 located at 3420 Twelfth Street, Riverside, California, on

6    February 9, 2010, at 10:30 a.m. and continued from time to time thereafter until its conclusion on

7    February 26, 2010.  Appearances are as set forth in the record of the hearing dates.

8    Pursuant to this Court's order of December 23, 2009 ("Order Approving Disclosure

9    Statement") [Docket No. 694], the Stipulation to Withdraw Renewed Motion for Relief from Stay,

10   Dismiss Appeal and to Adjudicate Issues Raised by Challenge Actions ("Stipulation to Withdraw

11   Renewed Motion for Relief from Stay") [Docket No. 753] and the Order Approving Stipulation to

12   Withdraw Renewed Motion for Relief from Stay, Dismiss Appeal and to Adjudicate Issues Raised

13   by Challenge Actions, entered by this Court on January 22, 2010 ("Order Approving Stipulation to

14   Withdraw Renewed Motion for Relief from Stay") [Docket No. 755], the Confirmation Hearing was

15   consolidated with trial of the various claims and causes of actions which were described in the

16   Disclosure Statement as the "Challenge Actions."  Accordingly, the findings of fact and conclusions

17   of law made by this Court on the record in connection with the Plan Confirmation Hearing and the

18   Memorandum Decision filed and entered by this Court on April 8, 2010 address and fully adjudicate

19   all claims, causes of action and issues which were raised, or could have been raised, in connection

20   with the Plan and the Challenge Actions.

21   Having considered, among other things:

22   (i)        the Plan;

23   (ii)       the disclosure statement, approved by the Order Approving Disclosure

24   Statement, entered December 23, 2009, finding and holding, among other things, that the disclosure

25   statement contained adequate information for use in connection with the solicitation of acceptances

26   of the Plan, including all of the exhibits thereto (the "Disclosure Statement");

27   (iii)      the declarations of service relative to the dissemination of the Plan, Disclosure

28   Statement, ballots and notice of the date and time of the confirmation hearing and the deadlines to

1    vote on and object to confirmation of the Plan, including the Affidavit of Service and Vote

2    Certification of Robert Stevens of Globic Advisors, Inc., the Declaration of Nick Eller of the Press

3    Enterprise regarding publication in that newspaper of notice regarding the hearing on confirmation

4    of the Plan, and the affidavit of Joyce Carter of Bowne Communications;

5            (iv)    Declaration of Kendra A. Johnson to which is attached the ballot tabulation

6    report of the Voting Agent;

7            (v)    the objections (including those of Beckman Coulter, Inc. "BCI"), Key

8    Equipment Finance Inc ("Key"), U.S. Bank National Association, as Indenture Trustee (the

9    "Indenture Trustee"), and Prime Healthcare Services, Inc. and its associates (collectively, "Prime")

10    and the Supplemental Objection of Prime, responses to objections, supporting declarations

11    (including those of William Cherry, M.D., Michael B. Foutz, and Todd E. Swanson) and all

12    pleadings and memoranda of points and authorities filed in support of, or in opposition to,

13    confirmation of the Plan, the withdrawals in open court of the confirmation objections of the

14    Indenture Trustee, BCI and Key (leaving Prime as the sole objector to confirmation);

15            (vi)    the pleadings and related documents filed in connection with the acquisition

16    by Prime of a Class 2A Claim in the approximate amount of $4,300 on January 22, 2010;

17            (vii)    the oral motion to strike the Supplemental Objection of Prime as having been

18    filed after the Court ordered deadline for filing objections, which motion was granted;

19            (viii)    the motions for protective orders by the Debtor regarding the scope of

20    discovery, the oppositions filed by Prime to the protective order motions, any stipulation reached by

21    the parties regarding protective orders and voluntary limitations on the scope of discovery, this

22    Court's rulings on the protective order motions and on any discovery limitation stipulation presented

23    to this Court for its approval;

24            (ix)    the argument of counsel at the Confirmation Hearing;

25            (x)    the testimony, documentary evidence and other items admitted into evidence

26    at the Confirmation Hearing;

27

28

1    (xi)    the Administrative Record prepared and certified by Debtor in considering

2 whether to approve the sale of substantially all of its assets to Physicians for Healthy Hospitals, Inc.

3 ("PHH");

4    (xii)    the Plan modifications filed by the Debtor on February 19, 2010 (the "Plan

5 Modifications"); and

6    (xiii)    the pleadings, evidence and argument presented by the parties prior to and at

7 the trial of the Challenge Actions;

8    Having separately issued, on the record, its findings of fact and conclusions of law

9 regarding the confirmation requirements of section 943(b), finding herein that all amounts to be paid

10 for services or expenses in the case or incident to the Plan have been fully disclosed and are

11 reasonable and concluding that compliance has been made with all aspects of section 943(b)(1)-(7)

12 of the Bankruptcy Code, including those aspects of title 11 made applicable by sections 103(e) and

13 901 of title 11, and that judgment in each of the Challenge Actions must be granted in favor of the

14 Debtor and/or PHH, as the case may be, the Court hereby

15    **ORDERS:**

16    1.    Pursuant to Bankruptcy Code section 943, the Plan is confirmed.

17    2.    All Plan objections, not expressly withdrawn, are overruled on the merits.

18    3.    Pursuant to Bankruptcy Code section 944: (1) the Debtor is discharged as of

19 the effective date of the Plan ("Effective Date") from all pre-Effective Date debts, obligations and

20 claims other than those excepted from discharge by the Plan or this Order or those owed to an entity

21 that, before confirmation of the Plan, had neither notice nor actual knowledge of the Debtor's

22 chapter 9 case, and (2) the provisions of the Plan bind any creditor whether or not (a) a proof of such

23 creditor's claim was filed or is deemed to have been filed, (b) such claim is allowed or (c) such

24 creditor has accepted the Plan.

25    4.    The Court retains jurisdiction over the Debtor's chapter 9 case in the manner

26 provided for in the Plan.

27    5.    All entities that have, hold or may hold claims arising prior to the Effective

28 Date, including any plaintiffs or petitioners in any of the Challenge Actions, are permanently

537207v2    3

1  enjoined, from and after the Effective Date, from (a) commencing or continuing, in any manner, any

2  action or other proceeding of any kind with respect to any such pre-Effective Date claim or cause of

3  action against the Debtor or PHH or that would interfere with the closing of the transactions

4  contemplated by the Plan or otherwise delay or impede the full implementation of the Plan, (b)

5  enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree

6  or order against the Debtor with respect to such pre-Effective Date claims or causes of action, (c)

7  creating, perfecting or enforcing any lien or encumbrance of any kind against the Debtor or its

8  property or interests in property, and (d) asserting any right of setoff, subrogation or recoupment of

9  any kind against any obligation due to the Debtor with respect to any such pre-Effective Date claim

10  or cause of action except as otherwise permitted by section 553 of the Bankruptcy Code; provided,

11  however, the injunction and discharge provided for in the Plan or in this Order shall not preclude

12  Aetna from exercising any otherwise valid and enforceable right of setoff or recoupment in

13  connection with the Post-Petition Contract.[1]

14        6.      All injunctions or stays provided for in the Debtor's chapter 9 case pursuant to

15  sections 105, 362, or 922 of the Bankruptcy Code shall remain in full force and effect until the last to

16  occur of the Effective Date or the date on which the discharge of the Debtor occurs.

17        7.      The Debtor and all of its officers, directors, employees, and professionals are

18  authorized to take any and all actions deemed necessary or reasonable by them in the exercise of

19  their business judgment to cause the consummation and implementation of all transactions

20  contemplated by the Plan to occur and to otherwise assure that the Plan's provisions are implemented

21  as provided for in the Plan.  In particular, the Debtor is authorized to take all actions necessary to

22  close and implement the sale of substantially all of the Debtor's assets to PHH pursuant to the terms

23  of the Asset Sale Agreement entered into between the Debtor and PHH as of October 14, 2009

24  ("ASA").

25

26

27  _____
[1]    "Aetna" and "Post Petition Contract" are defined in the Settlement Agreement between Aetna
       and the Debtor entered into as of March 10, 2010.

28

8.      In the event that the Aetna Post-Petition Contract is not assumed by the Debtor and assigned to PHH prior to or as of the Effective Date, then, or before the Effective Date, the Debtor shall deposit the sum of $750,000 into a segregated account which shall be used solely for the purpose of satisfying any allowed Administrative Claim of Aetna relating to the Post-Petition Contract (herein the "Aetna Reserve Fund").  The Debtor's creation of the Aetna Reserve Fund shall not reduce or limit any obligation by PHH in connection with the ASA, including, without limitation, PHH's obligations, pursuant to ¶ 1.2.4 of the ASA.  At such time as a determination has been made by the Bankruptcy Court in a Final Order, or pursuant to agreement of the parties, regarding Aetna's administrative claim, if any, the monies in the Aetna Reserve Fund shall be disbursed either: (a) to Aetna, pursuant to court order or agreement of the parties, or (b) to the extent not necessary to satisfy any Aetna administrative claim, to PHH.

9.      The Effective Date of Plan shall occur on the first day after which the conditions set forth in section XII.B of the Plan are satisfied or waived.

10.      The provisions of the Plan and this Order shall bind the Debtor and all its creditors and all of the petitioners and plaintiffs in the Challenge Actions regardless of: (a) whether or not the claims of such creditors or claims and causes of action of such plaintiffs and petitioners in the Challenge Actions are expressly provided for under the Plan; (b) whether or not such creditors or petitioners and plaintiffs in the Challenge Actions have accepted the Plan; and (c) whether or not such creditors or plaintiffs and petitioners in the Challenge Actions have filed proofs of claim in this case.

11.      All executory contracts and unexpired leases of the Debtor, to the extent not previously assumed or rejected, are rejected as of the Effective Date or such other date as set forth in any order regarding the rejection of any of the Debtor's executory contracts or unexpired leases.  The bar date for filing a proof of claim based on the rejection of an executory contract or unexpired lease which is rejected pursuant to the terms of this Order, shall be thirty (30) days from service of notice of entry of this Order or as otherwise provided in any order regarding the rejection of any of the Debtor's executory contracts or unexpired leases.

12.     From and after the Effective Date, any person who desires notice of any pleadings or documents filed with the Court, or any hearing in the Court, or other matter as to which the Bankruptcy Code requires notice to be provided, shall file a request for post-confirmation notice and shall serve the request on the Debtor.

13.     Following the Effective Date, the adjudication of claims and the distribution of payments to Class 2A creditors under the Plan shall be administered by the Disbursing Agent to be appointed by the Creditors Committee prior to the Effective Date.  The costs and fees incurred for and by the Disbursing Agent shall be paid out of the funds paid to the Class 2A creditors by PHH pursuant to the ASA.

14.     If and to the extent that there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall govern and control.  The failure to reference any particular provision of the Plan in this Order shall have no effect on the binding nature, enforceability or legality of such provision and such provision shall have the same binding effect, enforceability and legality of any other provision of the Plan.

15.     This Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental or regulatory authority or governmental unit with respect to the implementation or consummation of the Plan or any documents, instruments or agreements referred to in or contemplated by the Plan and any amendments or modifications thereto and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements and any amendments or modifications thereto and all actions taken by the Debtor, PHH or any other person or entity in connection with the implementation of the Plan, including the Closing of the ASA shall be deemed to have been taken in good faith and in accordance with all applicable law.

16.     All requests for payment of any administrative claims (other than those administrative claims assumed by PHH pursuant to the ASA and claims for professional fees) must be filed and served on the Debtor and Creditors Committee no later than sixty days after the Effective Date (the "Administrative Claims Bar Date"); provided however, that the Administrative Claims Bar Date may be extended from time to time upon the mutual agreement of the Debtor and

Committee or pursuant to order of the Bankruptcy Court.  Holders of administrative claims that are required to file a request for payment of such administrative claims that do not file such a request by the applicable Administrative Claims Bar Date will be forever barred from asserting such administrative claims against the Debtor or its property.

17.    Judgment in each of the Challenge Actions, as described in this Court's Memorandum Decision filed and entered on April 8, 2010, is granted in favor of the Debtor and PHH.  The Debtor and PHH are authorized and directed to file any documents or pleadings in any of the Challenge Actions that are necessary to inform any court in which any such action was pending, that such action has been resolved by this Court and that judgment has been entered in favor of the Debtor and PHH.

18.    This Court's judgment in favor of the Debtor and PHH in the Challenge Actions is a determination on the merits of each of the claims and causes of action that were or could have been adjudicated in each of the Challenge Actions and this judgment shall be preclusive as to all issues that were raised or could have been raised by the plaintiffs and petitioners in each of said Challenge Actions such that each of the plaintiffs and petitioners shall be barred by *res judicata* and collateral estoppel from attempting to assert any claims or causes of actions described in or arising in or relating to any of the transactions set forth or which could have been set forth in the Challenge Actions in any future actions or proceedings against the Debtor or PHH.  Judgment on each of the Challenge Actions includes, but is not limited to, the following:

a.    Debtor's Board of Directors did not violate a fiduciary duty by approving the Asset Sale Agreement with an unconditional "no shop" provision.  Neither California law nor federal bankruptcy law require Debtor to engage in competitive bidding or "shop" its assets.  Judgment is therefore entered in Debtor's and PHH's favor that Debtor and its Board of Directors upheld their fiduciary duties in completing the proposed sale of assets.

b.    No member of Debtor's Board of Directors was "financially interested" in the Asset Sale Agreement, or attendant contracts, in violation of California Government Code section 1090.  Even if one of the board members possessed an "interest" in the asset sale, such interest would be too remote and speculative to run afoul of Section 1090 of the Government Code.

1    Therefore, judgment is entered in favor of Debtor and PHH that no member of the Debtor's Board of

2    Directors was financially interested in any way in the proposed sale.

3                    c.      The proposed asset sale provides "fair market value" for Debtor's

4    assets under California Health & Safety Code § 32121(p)(1).  Debtor's appraiser – an independent

5    consultant with expertise in methods of appraisal and valuation – in accordance with applicable

6    governmental and industry standards for appraisal and valuation, determined that PHH offered and

7    Debtor would receive fair and reasonable consideration for its assets.  Thus, judgment is entered in

8    Debtor's and PHH's favor.  The proposed transfer of assets to PHH for the consideration offered

9    constitutes a transfer of the assets at fair market value.

10                   d.      Debtor's sale of assets to PHH pursuant to the ASA is not a "project"

11   for the purposes of the California Environmental Quality Act ("CEQA").  There is no evidence in the

12   administrative record that Debtor's approval of the ASA will potentially cause either a direct

13   physical change in the environment or a reasonably foreseeable indirect physical change in the

14   environment.  To the contrary, Debtor's approval of the ASA results in nothing more than a change

15   in ownership of Debtor's assets.  Accordingly, Debtor's sale of assets to PHH was not subject to

16   CEQA.  Furthermore, because plaintiffs had ample opportunity during the administrative

17   proceedings to raise their objections, but failed to do so, they are now barred from challenging the

18   transaction pursuant to CEQA.  Judgment is therefore entered in Debtor's and PHH's favor that

19   Debtor did not violate CEQA in connection with the proposed asset sale.

20                   e.      Debtor's proposed sale of assets to PHH did not violate California

21   Government Code section 65402.  Plaintiffs failed to submit evidence of the existence of general

22   plans in the applicable jurisdictions that would trigger the advisory procedures specified in

23   Government Code section 65402.  Further, even if Government Code section 65402 was indeed

24   applicable, Debtor could still submit the proposed sale of its assets to the appropriate agency at any

25   time prior t a transfer of the assets to PHH.  Because plaintiffs had ample opportunity during the

26   administrative proceedings to raise their objections, but failed to do so, they are now barred from

27   challenging the transaction pursuant to Government Code section 65402.  Judgment is therefore

28   entered in Debtor's and PHH's favor that Debtor did not violate Government Code section 65402.

1                    f.        Debtor's sale of assets to PHH does not require approval by the Local

2 Agency Formation Commission ("LAFCO") under California Government Code § 56824.12.  The

3 proposed sale of assets to PHH and the Plan do not constitute a "change of organization" within the

4 Government Code and in any event is controlled by the provisions of California Health & Safety

5 Code § 32121(p)(1).  Therefore judgment is entered in Debtor's and PHH's favor that Debtor was not

6 required to seek LAFCO approval before or after the proposed sale of assets to PHH.

7            19.      This Order shall be effective upon entry on the Court's docket, and the stay

8 imposed by Bankruptcy Rule 3020(e) shall not apply.

9

10 Presented by:

11

12 _/s/ H. Alexander Fisch_____
CHARLES D. AXELROD

13 GARY E. KLAUSNER
H. ALEXANDER FISCH

14 NEETA MENON
STUTMAN, TREISTER & GLATT

15 PROFESSIONAL CORPORATION

16 Chapter 9 Counsel for VALLEY HEALTH SYSTEM

17                       ###

18

19

20

21

22

23

24

25

26 DATED: April 26, 2010              _____
United States Bankruptcy Judge

27

28

| In re: VALLEY HEALTH SYSTEM, | CHAPTER 9 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | ADV. PROC. NO. 6:09-AP-01708-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067.

The foregoing document described as **[PROPOSED] ORDER (i) CONFIRMING FIRST AMENDED PLAN FOR ADJUSTMENT OF DEBTS OF VALLEY HEALTH SYSTEM DATED DECEMBER 17, 2009, AS MODIFIED FEBRUARY 19, 2010, AND (ii) GRANTING JUDGMENT FOR VALLEY HEALTH SYSTEM IN EACH CHALLENGE ACTION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **April 15, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

See following page.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ ___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/15/2010 | Claudia C. Lee | /s/ Claudia C. Lee |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM,<br><br>Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
|---|---|

## I.  SERVICE BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

None.

## II.  SERVICE BY U.S. MAIL

The Honorable Peter Carroll
USBC - Central District of California
3420 Twelfth Street
Courtroom No. 304
Riverside, CA  92501-3819

Valley Health System
1117 East Devonshire Avenue
Hemet, CA  92543

Attys for the Committee of Unsecured Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

Internal Revenue Service
Insolvency Group 1
290 North "D" Street
San Bernardino, CA  92401

Securities Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA  90036

Employment Development Dpt.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

Franchise Tax Board
Attn:  Bankruptcy
P.O. Box 2952
Sacramento, CA  95812-2952

Trustee for Bondholders
US Bank/ FAX:  651/495-3775
Attn:  Mike Vraa, Trust Officer
60 Livingston Ave.
Mail Code EP-MN-WE3T
St. Paul, MN  55107-2292

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

Atty for Both: Menifee Valley Community Medical Group & Hemet Community Medical Group
Joseph M. Galosic, Esq.
26632 Towne Center Dr. #300
Foothill Ranch, CA  92610-2808

Atty/ DePuy Orthopedics, Inc.
David W. Dykhouse
Patterson Bleknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036-6710

Atty: Anaheim Memorial Hospital
Paul R. Glassman
Greenberg Traurig, LLP
2450 Colorado Avenue, Ste. 400E
Santa Monica, CA  90404

DaVita
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  926917

Renal Treatment Center- California, Inc.
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  92691

Primeshares
60 Madison Ave., 2nd Floor
New York, NY  10011-1600

Atty/Sodexho USA aka Sodexho Marriott Servs.
Poyner & Spruill LLP
Attn:  Judy D. Thompson
301 South College St., #2300
Charlotte, NC  28202

Atty/Blue Cross of CA
Creim Macias Koenig & Frey LLP
Attn:  Stuart I. Koenig
633 W. Fifth St., 51st Fl.
Los Angeles, CA  90071

Atty/Menifee Valley Community Med. Grp.
William E. Thomas, Esq.
6800 Indiana Avenue, #130
Riverside, CA  92506

Atty/KM Strategic Mgmt.
Davis & Wojcik
Robert A. Davis, Jr.
1105 East Florida Ave.
Hemet, CA  92543

Atty/Southland Endoscopy
Davis & Wojcik
Attn:  Joseph M. Wojcik
1105 East Florida Ave.
Hemet, CA  92543

Atty/Hemet Community Med. Group
Shulman Hodges & Bastian LLP
Attn:  L.M. Shulman/M. Bradshaw
26632 Towne Center Dr., #300
Foothill Ranch, CA  92610

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                    **F 9013-3.1**
537207v2

| In re:  VALLEY HEALTH SYSTEM, | CHAPTER 9 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | ADV. PROC. NO. 6:09-AP-01708-PC |

IBM Credit LLC
Special Handling Group
Attn:  Pamela Wilcox
4111 Northside Parkway
Atlanta, GA  30327

Atty/Health Net
Pillsbury Winthrop Shaw Pittman LLP
Attn:  Nadine J. Youssef
725 S. Figueroa St., #2800
Los Angeles, CA  90017

Health Net
Attn:  Patrice Halloway
7755 Center Ave., 8th Fl.
Huntington Beach, CA  92647

Atty/ Siemens Financial Services Inc.
Uzzi O Raanan
Danning Gill et al LLP
2029 Century Park E, 3rd Fl.
Los Angeles, CA  90067-2904

Attys/ Siemens Financial Services Inc.
Arlene N. Gelman & Stephanie Hor-Chen
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL  60601

Atty/ Valley Medical Staffing Inc.
Michael B. Conley
3685 Mount Diablo Blvd,. #351
Lafayette, CA  94549

Owens & Minor, Inc.
Larry R. Whitley CBF
455 South Brea Canyon Road
City of Industry, CA  91789-3058

Meline Industries, Inc.
Attn: Anne Kisha
One Medline Place
Mundelein, IL  60060

Atty/ Owens & Minor, Inc
Buchalter Nemer P.C.
Benjamin S. Seigel, Esq.
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA  90017

Atty/ HRC Manor Care Inc.
Fredrick Borges, Glen Stebens, Dale Pomerantz
Beam, Brobeck, West, Borges & Rosa LLP
1301 Dove Street, #700
Newport Beach, CA  92660-2412

Agent for GE Money Bank
Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Ave., Ste 1120
Miami, FL  33131-1605

Atty/ Inland Empire Health Plan
Tin Kin Lee Esq.
Law Offices of Tin Kin Lee
55 S. Lake Ave., Ste 705
Pasadena, CA  91101

Atty/ US Bank National Association
Jean B LeBlanc
McDermott Will & Emery LLP
2049 Century Park East, Ste. 3800
Los Angeles, CA  90067

Atty/ US Bank National Assn. as Trustee
William P. Smith, Nathan F. Coco, Miles W.
Hughes, & Jason J. DeJonker
McDermott, Will Emery
227 West Monroe St., Ste. 5400
Chicago, IL  60606

U.S. Bank National Association
Corporate Trust Services
Attn: Keith Marshall
633 West Fifth St., 24th Floor
Los Angeles, CA  90071

Universal Health Services
Robert E. Darby
Fulbright & Jaworski, LLP
555 South Flower St., 41st Floor
Los Angeles, CA  90071

Atty/ Cardinal Health 110, Inc. et al
Greenberg Traurig LLP
Attn: S.L. Heyen/ J.K. Terry
1000 Louisiana, #1800
Houston, TX  77002

Atty/ Scan Health
Karl E. Block, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA  90067

Attorney for Beckman Coulter
Jillan L. Nolan, Esq.
Bernstein Law Firm P
Suite 2200 Gulf Tower
Pittsburgh, PA 15219

Attorney for Beckman Coulter
Jennifer Witherell Crastz, Esq.
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Flr.
Encino, CA  91436

Atty/Prime Healthcare Management,
Inc. Albert L. Lewis, Jr./John Lloyd/
Edward J. Fazekas /Daniel P. Brunton,
Esq./Lauren B. Ross, Esq.
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA 92101-3375

Counsel for Save the Hospitals, Inc.; Prime Healthcare
Services, Inc./ A. Lewis Jr./ J. Lloyd/ E. Fazekas
Marc Rappel/Heather Fowler/Nathan Smith
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071

Law Offices of Yolanda Flores-Burt
Yolanda Flores-Burt
780 North Euclid Street, Suite 201
Anaheim, CA 92801

Law Offices of Shawna S. Nazari
15303 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

537207v2

**F 9013-3.1**

| In re:  VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | | ADV. PROC. NO. 6:09-AP-01708-PC |

Atty/ US Bank National Association
Jason D. Strabo
McDermott Will & Emery LLP
2049 Century Park East, 38th Floor
Los Angeles, CA  90067

## II.  <u>SERVICE BY OVERNIGHT COURIER</u>

Hon. Peter H. Carroll
U.S. Bankruptcy Court
Central District of California-Riverside Division
3420 Twelfth Street, Room 385
Riverside, CA 92501-3819

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9013-3.1**

537207v2

| | | |
|---|---|---|
| In re:  VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | | ADV. PROC. NO. 6:09-AP-01708-PC |

### NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER (i) CONFIRMING FIRST AMENDED PLAN FOR ADJUSTMENT OF DEBTS OF VALLEY HEALTH SYSTEM DATED DECEMBER 17, 2009, AS MODIFIED FEBRUARY 19, 2010, AND (ii) GRANTING JUDGMENT FOR VALLEY HEALTH SYSTEM IN EACH CHALLENGE ACTION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **April 15, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

> See following page.

> ☒  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

> See following page.

> ☒  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

> See following page.

> ☒  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9021-1.1**

537207v2

| | | CHAPTER 9 |
|---|---|---|
| In re: VALLEY HEALTH SYSTEM, | | CASE NUMBER 6:07-bk-18293-PC |
| | Debtor(s). | ADV. PROC. NO. 6:09-AP-01708-PC |

## I. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Andrew K Alper on behalf of Creditor Key Equipment Finance Inc.
aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com

Terri H Andersen on behalf of U.S. Trustee United States Trustee (RS)
terri.andersen@usdoj.gov

Kathryn M Barnes on behalf of Creditor c/o Kathryn Barnes Valley Medical Staffing, Inc.
kbarnes@thelen.com

Mark Bradshaw on behalf of Creditor Hemet Community Medical Group Inc
mbradshaw@shbllp.com

Michael E Busch on behalf of Creditor BETA Healthcare Group
michael.busch@fnf.com

Traci L Cotton on behalf of Creditor UT System obo UT MD Anderson Cancer Center
tcotton@utsystem.edu

Jennifer Witherell Crastz on behalf of Creditor Beckman Coulter, Inc.
jcrastz@hemar-rousso.com

Melissa Davis on behalf of Creditor KM Strategic Management LLC
mdavis@shbllp.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS)
timothy.j.farris@usdoj.gov

H Alexander Fisch on behalf of Counter-Defendant Valley Health System
afisch@stutman.com

Yolanda Flores-Burt on behalf of Interested Party NEF
yflores1@sbcglobal.net

Heather Fowler on behalf of Interested Party Prime Healthcare Management, Inc.
heather.fowler@lw.com, colleen.rico@lw.com

Roger F Friedman on behalf of Creditor Kali Chaudhuri
rfriedman@rutan.com

Fred Gaines on behalf of Debtor Valley Health System
fgaines@gaineslaw.com

Peter J Gurfein on behalf of Interested Party Physicians for Healthy Hospitals, Inc.
pgurfein@akingump.com

Mark S Horoupian on behalf of Interested Party Prime Healthcare Management LLC
mhoroupian@sulmeyerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                **F 9021-1.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM,  Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
|---|---|

Allan H Ickowitz on behalf of Creditor Kaiser Foundation Hospitals
aickowitz@nossaman.com

Jeffrey L Kandel on behalf of Creditor Committee Official Committee of Creditors Holding
Unsecured Claims
jkandel@pszjlaw.com

Sheri Kanesaka on behalf of Creditor Catholic Healthcare West
kanesaka@gmail.com

Q Scott Kaye on behalf of Creditor U.S. Bank, National Association, as trustee
qskaye@mwe.com

John W Kim on behalf of Creditor Kaiser Foundation Hospitals
jkim@nossaman.com

Bradford Klein on behalf of Creditor Halo Unlimited, Inc dba Infant Hearing Screening
Specialists
brad.e.klein@gmail.com

Robert A Klyman on behalf of Interested Party Prime Healthcare Services, Inc.
robert.klyman@lw.com

Stuart I Koenig on behalf of Creditor Blue Cross Of California
Skoenig@cmkllp.com

Jean LeBlanc on behalf of Creditor U.S. Bank, National Association, as trustee
jleblanc@mwe.com

Paul J Leeds on behalf of Creditor Healthcare Management Solutions, Inc.
reisingc@higgslaw.com

Dana N Levitt on behalf of Creditor U.S. Bank, National Association, as trustee
dlevitt@mwe.com, WSmith@mwe.com

Michael S Lurey on behalf of Creditor Catholic Healthcare West
michael.lurey@lw.com, colleen.rico@lw.com

Samuel R Maizel on behalf of Creditor Committee Official Committee of Creditors Holding
Unsecured Claims
smaizel@pszjlaw.com, smaizel@pszjlaw.com

David J Mccarty on behalf of Counter-Claimant Aetna Health Management LLC
dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com

Neeta Menon on behalf of Debtor Valley Health System
nmenon@stutman.com

Thomas J Polis on behalf of Creditor DaVita Inc
tom@polis-law.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9021-1.1**

| In re:  VALLEY HEALTH SYSTEM,<br><br>Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
| --- | --- |

Uzzi O Raanan on behalf of Creditor Siemens Financial Services, Inc.
uor@dgdk.com

Christian L Raisner on behalf of Creditor Local 121 RN
bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net

Christopher O Rivas on behalf of Creditor General Electric Capital Corporation
crivas@reedsmith.com

Stephanie M Seidl on behalf of Counter-Claimant Aetna Health Management LLC
sseidl@sheppardmullin.com

Leonard M Shulman on behalf of Creditor Hemet Community Medical Group Inc
lshulman@shbllp.com

Gerald N Sims on behalf of Creditor BETA Healthcare Group
jerrys@psdslaw.com

Nathan M Smith on behalf of Interested Party Save The Hospitals, Inc.
nathan.smith@lw.com

Adam M Starr on behalf of Creditor Anaheim Memorial Hospital
starra@gtlaw.com

Jason D Strabo on behalf of Creditor U.S. Bank, National Association, as trustee
jstrabo@venable.com, losangelestrialdocket@mwe.com

Derrick Talerico on behalf of Creditor SCAN Health Plan
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

Wayne R Terry on behalf of Creditor BANK OF THE WEST
wterry@hemar-rousso.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Andrea M Valdez on behalf of Creditor Universal Health Services
avaldez@fulbright.com

David M Wiseblood on behalf of Creditor
c/o Christian L. SEIU-United Healthcare Workers West
dwiseblood@seyfarth.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

537207v2

**F 9021-1.1**

| In re:  VALLEY HEALTH SYSTEM,<br><br>Debtor(s). | CHAPTER 9<br>CASE NUMBER 6:07-bk-18293-PC<br>ADV. PROC. NO. 6:09-AP-01708-PC |
| --- | --- |

## II. SERVICE BY THE COURT/BNC

**Attorneys for Debtor**
H. Alexander Fisch, Esq.
Stutman, Treister & Glatt
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067

**Debtor**
Valley Health System
1117 East Devonshire Avenue
Hemet, CA  92543

**Attorney for Beckman Coulter**
Jennifer Witherell Crastz, Esq.
Hemar, Rousso & Heald, LLP
15910  Ventura Boulevard, 12th Floor
Encino, CA  91436

**Attorney for Beckman Coulter**
Jillian L. Nolan, Esq.
Bernstein Law Firm, P.C.
Suite 2200 Gulf Tower
Pittsburgh, PA  15219

## III. TO BE SERVED BY THE DEBTOR BY U.S. MAIL

Attys for the Committee of Unsecured
Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

Internal Revenue Service
Insolvency Group 1
290 North "D" Street
San Bernardino, CA  92401

Securities Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA  90036

Employment Development Dpt.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

Franchise Tax Board
Attn:  Bankruptcy
P.O. Box 2952
Sacramento, CA  95812-2952

Trustee for Bondholders
US Bank/ FAX:  651/495-3775
Attn:  Mike Vraa, Trust Officer
60 Livingston Ave.
Mail Code EP-MN-WE3T
St. Paul, MN  55107-2292

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

Atty for Both: Menifee Valley Community
Medical Group & Hemet Community Medical
Group
Joseph M. Galosic, Esq.
26632 Towne Center Dr. #300
Foothill Ranch, CA  92610-2808

Atty/ DePuy Orthopedics, Inc.
David W. Dykhouse
Patterson Bleknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036-6710

Atty: Anaheim Memorial Hospital
Paul R. Glassman
Greenberg Traurig, LLP
2450 Colorado Avenue, Ste. 400E
Santa Monica, CA  90404

DaVita
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  926917

Renal Treatment Center- California, Inc.
Michael S Winsten, Esq.
Winsten Law Group
27201 Puerta Real, Ste. 465
Mission Viejo, CA  92691

Primeshares
60 Madison Ave., 2nd Floor
New York, NY  10011-1600

Atty/Sodexho USA aka Sodexho Marriott
Servs.
Poyner & Spruill LLP
Attn:  Judy D. Thompson
301 South College St., #2300
Charlotte, NC  28202

Atty/Blue Cross of CA
Creim Macias Koenig & Frey LLP
Attn:  Stuart I. Koenig
633 W. Fifth St., 51st Fl.
Los Angeles, CA  90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM, <br><br> Debtor(s). | CHAPTER 9 <br> CASE NUMBER 6:07-bk-18293-PC <br> ADV. PROC. NO. 6:09-AP-01708-PC |
|---|---|

Atty/Menifee Valley Community Med. Grp.
William E. Thomas, Esq.
6800 Indiana Avenue, #130
Riverside, CA  92506

Atty/KM Strategic Mgmt.
Davis & Wojcik
Robert A. Davis, Jr.
1105 East Florida Ave.
Hemet, CA  92543

Atty/Southland Endoscopy
Davis & Wojcik
Attn:  Joseph M. Wojcik
1105 East Florida Ave.
Hemet, CA  92543

Atty/Hemet Community Med. Group
Shulman Hodges & Bastian LLP
Attn:  L.M. Shulman/M. Bradshaw
26632 Towne Center Dr., #300
Foothill Ranch, CA  92610

IBM Credit LLC
Special Handling Group
Attn:  Pamela Wilcox
4111 Northside Parkway
Atlanta, GA  30327

Atty/Health Net
Pillsbury Winthrop Shaw Pittman LLP
Attn:  Nadine J. Youssef
725 S. Figueroa St., #2800
Los Angeles, CA  90017

Health Net
Attn:  Patrice Halloway
7755 Center Ave., 8th Fl.
Huntington Beach, CA  92647

Atty/ Siemens Financial Services Inc.
Uzzi O Raanan
Danning Gill et al LLP
2029 Century Park E, 3rd Fl.
Los Angeles, CA  90067-2904

Attys/ Siemens Financial Services Inc.
Arlene N. Gelman & Stephanie Hor-Chen
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL  60601

Atty/ Valley Medical Staffing Inc.
Michael B. Conley
3685 Mount Diablo Blvd,. #351
Lafayette, CA  94549

Owens & Minor, Inc.
Larry R. Whitley CBF
455 South Brea Canyon Road
City of Industry, CA  91789-3058

Meline Industries, Inc.
Attn: Anne Kisha
One Medline Place
Mundelein, IL  60060

Atty/ Owens & Minor, Inc
Buchalter Nemer P.C.
Benjamin S. Seigel, Esq.
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA  90017

Atty/ HRC Manor Care Inc.
Fredrick Borges, Glen Stebens, Dale
Pomerantz
Beam, Brobeck, West, Borges & Rosa LLP
1301 Dove Street, #700
Newport Beach, CA  92660-2412

Agent for GE Money Bank
Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Ave., Ste 1120
Miami, FL  33131-1605

Atty/ Inland Empire Health Plan
Tin Kin Lee Esq.
Law Offices of Tin Kin Lee
55 S. Lake Ave., Ste 705
Pasadena, CA  91101

Atty/ US Bank National Association
Jean B LeBlanc
McDermott Will & Emery LLP
2049 Century Park East, Ste. 3800
Los Angeles, CA  90067

Atty/ US Bank National Assn. As Trustee
William P. Smith, Nathan F. Coco, Miles W.
Hughes, & Jason J. DeJonker
McDermott, Will Emery
227 West Monroe St., Ste. 5400
Chicago, IL  60606

U.S. Bank National Association Corporate
Trust Services
Attn: Keith Marshall
633 West Fifth St., 24th Floor
Los Angeles, CA  90071

Universal Health Services
Robert E. Darby
Fulbright & Jaworski, LLP
555 South Flower St., 41st Floor
Los Angeles, CA  90071

Atty/ Cardinal Health 110, Inc. et al
Greenberg Traurig LLP
Attn: S.L. Heyen/ J.K. Terry
1000 Louisiana, #1800
Houston, TX  77002

Atty/ Scan Health
Karl E. Block, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA  90067

Atty/Prime Healthcare Management, Inc./
Albert L. Lewis, Jr./John Lloyd/ Edward J.
Fazekas
Daniel P. Brunton, Esq./Lauren B. Ross, Esq.
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA  92101-3375

Counsel for Save the Hospitals, Inc.; Prime
Healthcare Services, Inc./ A. Lewis Jr./ J.
Lloyd/ E. Fazekas
Marc Rappel/Heather Fowler/Nathan Smith
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                **F 9021-1.1**

537207v2

| In re:  VALLEY HEALTH SYSTEM, | | CHAPTER 9 |
| | Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | | ADV. PROC. NO. 6:09-AP-01708-PC |

Law Offices of Yolanda Flores-Burt
Yolanda Flores-Burt
780 North Euclid Street, Suite 201
Anaheim, CA 92801

Law Offices of Shawna S. Nazari
15303 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

Atty/ US Bank National Association
Jason D. Strabo
McDermott Will & Emery LLP
2049 Century Park East, 38th Floor
Los Angeles, CA  90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**

537207v2

EXHIBIT "3"

AUG 26 2010    7/27-06

1  Gregory G. Petersen, SBN 77744
   GPetersen@PetersenLawFirm.Com
2  Anjana Gupta, SBN 263489
   AGupta@Petersenlawfirm.com
3  Ramon Trujillo, SBN 265672
   Rtrujillo@petersenlawfirm.com
4  THE PETERSEN LAW FIRM
   A Law Corporation
5  3100 Airway Avenue, Suite 109
   Costa Mesa, California 92626
6  Telephone: (949) 335-1300
   Facsimile: (714) 850-0274
7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 26 2010

E. Cecilio

ELO

AUG 26 2010

B

8  Attorneys for Petitioners PEGGY KIRTON
9  and DIANA AGNELLO

10

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    COUNTY OF RIVERSIDE

13

   PEGGY KIRTON, an individual; and DIANA      Case No: **RIC  1 0 0 1 7 1 2 9**
   AGNELLO, an individual;
                                                **PETITION FOR WRIT OF MANDATE**
           Petitioners,                         **PURSUANT TO CODE OF CIVIL**
                                                **PROCEDURE § 1085 RE:**
   vs.                                          **(1) VIOLATION OF VALLEY**
                                                    **HEALTH SYSTEMS**
18 VALLEY HEALTH SYSTEMS; a public                  **RETIREMENT PLAN;**
   entity and community hospital, the VALLEY   **(2) VIOLATION OF CALIFORNIA**
19 HEATH SYSTEMS RETIREMENT PLAN, a                 **CONSTITUTION;**
   public employee retirement entity, JOEL     **(3) BREACH OF CONTRACT; AND**
20 BERGENFELD, individually and in his         **(4) DECLARATORY RELIEF**
   capacity as a Trustee of the Valley Health
21 Systems Retirement Plan, VINAY M. RAO,
   individually and in his capacity as a Trustee of
22 the Valley Health Systems Retirement Plan,
   MICHELE BIRD, individually and in his
23 capacity as a Trustee of the Valley Health
   Systems Retirement Plan, Met Life, Inc., in its
24 fiduciary capacity as the administrator of the
   Valley Health Systems Retirement Plan, and
25 DOES 1 through 200, inclusive,

26         Respondents.

27

28

           Writ of Mandate per CCP § 1085 -- Page 1

1.   Petitioners PEGGY KIRTON, an individual; and DIANA AGNELLO, an individual, are former employees of Valley Health Systems, a public entity and community hospital ("HOSPITAL"), who have acquired vested property and contractual rights to receive retirement benefits from the Valley Health System Retirement Plan ("PLAN").

2.   Respondent PLAN is an entity established in 1971 by the HOSPITAL and, in accordance with California Constitution article XVI; section 17, the PLAN provides retirement, disability, and death benefits to its members. Said PLAN is an independent *sui juris* entity with constitutionally mandated fiduciary duties to the Petitioners.

3.   Respondents Valley Health Systems Retirement Plan TRUSTEES Joel Bergenfeld, Vinay M. Rao, Michele Bird and other unknown named DOES (TRUSTEES) have administered the PLAN since its inception in 1971 and are responsible, in whole or in part, for the actions complained of herein and have breached their Constitutionally mandated obligations and fiduciary duties to the Petitioners and the Public.

4.   Respondent Met Life, Inc. (MET) is the administrator of the Valley Health Systems Retirement Plan, the PLAN, and responsible for the management and activities of the PLAN under the control and direction of the TRUSTEES and Board of the PLAN.

5.   The true names or capacities, whether individual, corporate, associate, or otherwise, of Respondents DOES 1 to 200, inclusive, are unknown to Petitioners, who therefore sues said Respondents by such fictitious names. Specifically the identity of the TRUSTEES named as DOES have not been disclosed to the Petitioners or other members of the PLAN despite repeated requests for such information.

6.   Petitioners are informed and believes thereon alleges that each of the Respondents designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to Petitioners as herein alleged. Petitioners will seek leave of court to amend this complaint to set forth the true names and capacities of such named Respondents when their identities become known to him.

7.   Petitioners are informed and believe thereon allege that each defendant named in this action, including DOE Respondents, at all relevant times, was the agent, ostensible agent,

Writ of Mandate per CCP § 1085 – Page 2

1  servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the

2  other Respondents, and was at all times acting within the course and scope of his, her, or its

3  authority agent, ostensible agent, servant, employee, representative, joint venturer, and/or co-

4  conspirator, and with the same authorization, consent, permission or ratification of each of the

5  other Respondents and one with another for the common purposes and designs alleged herein.

6       8.     Respondent PLAN and MET administers trust funds which are used to pay

7  various retirement, disability, and death benefits to which its members are entitled.

8       9.     Petitioners are members of PLAN.

9       10.    "The assets of a public pension or retirement system are trust funds and [are] held

10  for the exclusive purpose of providing benefits to participants in the pension or retirement system

11  and their beneficiaries and defraying reasonable expenses of administering the system." (Cal.

12  Const., art. XVI, § 17, subd. (a).)

13       11.    The "California Pension Protection Act of 1992" (hereinafter "ACT") has not

14  been complied with and the TRUSTEES, have not complied with the fiduciary and constitutional

15  requirements of the ACT which provides that:

16       "[n]otwithstanding any other provisions of law or this Constitution to the
17       contrary, the retirement board of a public pension or retirement system
     shall have plenary authority and fiduciary responsibility for investment of
18       moneys and administration of the system, subject to all of the following:

19            (a)    The retirement board of a public pension or
     retirement system *shall have the sole and exclusive fiduciary*
20       *responsibility over the assets of the public pension or retirement*
     *system. The retirement board shall also have sole and exclusive*
21       *responsibility to administer the system in a manner that will assure*
     *prompt delivery of benefits and related services to the participants*
22       *and their beneficiaries. The assets of a public pension or*
     *retirement system are trust funds and shall be held for the*
23       *exclusive purposes of providing benefits to participants in the*
     *pension or retirement system and their beneficiaries and defraying*
24       *reasonable expenses of administering the system.*

25            (b)    The *members of the retirement board of a public*
     *pension or retirement system shall discharge their duties with*
26       *respect to the system solely in the interest of, and for the exclusive*
     *purposes of providing benefits to, participants and their*
27       *beneficiaries.* minimizing employer contributions thereto, and
28       defraying reasonable expenses of administering the system. *A*

EXHIBIT A
7

*retirement board's duty to its participants and their beneficiaries shall take precedence over any other duty.*

(c)     The members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims.

(d)     The members of the retirement board of a public pension or retirement system shall diversify the investments of the system so as to minimize the risk of loss and to maximize the rate of return, unless under the circumstances it is clearly not prudent to do so.

(e)     *The retirement board of a public pension or retirement system, consistent with the exclusive fiduciary responsibilities vested in it, shall have the sole and exclusive power to provide for actuarial services in order to assure the competency of the assets of the public pension or retirement system.*

(f)     With regard to the retirement board of a public pension or retirement system which includes in its composition elected employee members, the number, terms, and method of selection or removal of members of the retirement board which were required by law or otherwise in effect on July 1, 1991, shall not be changed, amended, or modified by the Legislature unless the change, amendment, or modification enacted by the Legislature is ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed.

(g)     The Legislature may by statute continue to prohibit certain investments by a retirement board where it is in the public interest to do so, and provided that the prohibition satisfies the standards of fiduciary care and loyalty required of a retirement board pursuant to this section.

(h)     As used in this section, the term 'retirement board' shall mean the board of administration, board of trustees, board of directors, or other governing body or board of a public employees' pension or retirement system; provided, however, that the term 'retirement board' shall not be interpreted to mean or include a governing body or board created after July 1, 1991 which does not administer pension or retirement benefits, or the elected legislative body of a jurisdiction which employs participants in a public employees' pension or retirement system." (Cal. Const., art. XVI, § 17).

Writ of Mandate per CCP § 1085 – Page 4

12.    This suit is brought in the public interest because the members of the public, including citizens of and visitors to the region served by the HOSPITAL benefit from a solvent pension system, the PLAN, which (a) keeps promises to loyal public servants and therefore promotes public service, (b) reduces the specter of insolvency of the pension fund administered by PLAN Board of TRUSTEES ("Board"), and (c) reduces the chances of bankruptcy by the HOSPITAL and PLAN.

13.    Petitioner's does not seek any relief greater than or different from the relief sought for the class of PLAN beneficiaries of which they are members.

14.    This action, if successful, would confer a significant pecuniary benefit to the public trust fund administered by PLAN, its more than 2,000 members plus, and the general public.

15.    Private enforcement is necessary because PLAN, MET and TRUSTEES have failed to prosecute these claims. This private enforcement has placed a disproportionate financial burden on Petitioners in relation to their stake in this matter.

16.    Commencing on Thursday, August 19, 2010 the Respondents commenced the destruction of records by removing to official government records to a shredding truck, causing the shredding of thousands of pages of government records. No shredding logs have been prepared as to these documents and no public action by any Board of TRUSTEES has authorized any such destruction, to the Petitioners knowledge, in any public meeting concerning these records. Additionally, Petitioners are informed and believe that the Respondents are seeking and destroying electronic records at this time. Such conduct appears to violate the provisions of California Government Code §§ 5200 and 5201 and constitutes a crime. Petitioners gave notice of their intention to seek judicial relief against the PLAN and the TRUSTEES more than ten (10) days prior to the current destruction activities. No known compliance with the California Records Retention Act has been had in regard to these records and their destruction after notice of this action is contrary to law.

////

////

Writ of Mandate per CCP § 1085 – Page 5

EXHIBIT A
9

## FIRST CAUSE OF ACTION – VIOLATION OF VALLEY HEALTH SYSTEM

## RETIREMENT PLAN

### (Against the all Respondents and DOES 1-200)

17.     Petitioner's incorporates by reference and realleges paragraph 1 through 16 as though fully set forth herein.

18.     The PLAN became effective January 1, 1971 and provides the HOSPITAL with clear guidelines as to the creation and funding of future PLAN debt and the manner in which the HOSPITAL is obligated to contribute to the PLAN.

19.     HOSPITAL created an unlawful funding strategy based on negotiation with the PLAN, and not based on actuarial science as required by law, in violation of their various fiduciary duties and the California Constitution.

20.     Beginning with its fiscal year in 1999 and in each and every fiscal year since, the HOSPITAL failed and refused to contribute amounts to PLAN required by law and Respondents have failed and refused to perform their obligations to maintain the PLAN as required by the PLAN documents and the California Constitution.

21.     The Respondents concealed the Hospital's violations of the PLAN requirements as well as the Underfunding of its pension trust fund and refuse to provide PLAN members with an accounting of the PLAN funds. Said refusals continue to this date.

22.     The Respondents concealed the Hospital's violations of the PLAN, as well as the Underfunding of its pension trust fund in statements made to PLAN members.

23.     The Respondents induced various PLAN TRUSTEES to violate their fiduciary duties to Petitioner's by enticing them, as HOSPITAL employees and agents, to favor the HOSPITAL over the PLAN in violation of the California Constitution and the PLAN document.

24.     Respondents' allowing the Underfunding was a constructive fraud and a breach by PLAN TRUSTEES of their fiduciary duties to the Petitioners.

25.     By the conduct alleged, the Respondents actively participated with, aided, and abetted in PLAN'S breach of trust.

////

Writ of Mandate per CCP § 1085 – Page 6

26.    The Respondents participated with, aided, and abetted in PLAN'S breach of trust for defendant's own financial gain.

27.    The Respondents also concealed their participation and assistance with PLAN'S breach of trust.

28.    The pension trust fund administered by PLAN has suffered damages of at least $100 million as a result of the Underfunding.

29.    PLAN and the other Respondents have been unwilling to prosecute this action to recover assets belonging to the trust.

30.    This cause of action is brought on behalf of PLAN and its members and any recovery obtained in this cause of action will be paid to PLAN.

## SECOND CAUSE OF ACTION – VIOLATION OF CALIFORNIA CONSTITUTION

### (Against all the Respondents and DOES 1-200)

31.    Petitioner's incorporates by reference and realleges paragraph 1 through 16 as though fully set forth herein.

32.    From at least 1999 to the present the PLAN has not been funded by HOSPITAL as required by the PLAN document.

33.    From its fiscal year beginning in 1999 through its fiscal year beginning this year the HOSPITAL violated its obligations by failing to pay the PLAN earnable compensation as determined by the Plan's Actuary pursuant to the annual actuarial valuation required by law.

34.    The Respondents concealed the HOSPITAL violations PLAN document as well as the Underfunding of its pension trust fund, by concealing that such Underfunding would render HOSPITAL employee pension trust fund actuarially unsound.

35.    The Respondents induce the PLAN and/or TRUSTEES and the HOSPITAL to violate their fiduciary duties to Petitioners by enticing the Respondents with special benefits as employees of HOSPITAL and improper directions.

36.    Allowing the Underfunding was a constructive fraud and a breach by PLAN TRUSTEES of their fiduciary duties to the Petitioners.

Writ of Mandate per CCP § 1085 – Page 7

37.     By conduct alleged the Respondents actively participated with, aided, and abetted in PLAN'S breach of trust.

38.     The Respondents participated with, aided, and abetted in PLAN'S breach of trust for Respondents own financial gain.

39.     The Respondents also concealed their participation and assistance with PLAN'S breach of trust.

40.     The pension trust fund administered by PLAN has suffered damages of at least $100 million as a result of the Underfunding.

41.     PLAN has been unwilling to prosecute this action to recover assets belonging to the trust.

42.     This cause of action is brought on behalf of PLAN and its members and any recovery obtained in this action will be paid to PLAN.

## THIRD CAUSE OF ACTION – BREACH OF IMPLIED AND EXPRESS CONTRACT

### (Against the TRUSTEES, HOSPITAL and PLAN)

43.     Petitioner's incorporates by reference and realleges paragraph 1 through 16 as though fully set forth herein.

44.     Petitioner's and the HOSPITAL have entered into a valid binding contract, under the terms of which Petitioners provided labor to the HOSPITAL in exchange for compensation, a portion of which included Petitioners' entitlement to receive defined pension benefits upon reaching retirement age under the PLAN.

45.     An implied and express covenant of the parties' contract required the PLAN and HOSPITAL to maintain an actuarially sound retirement system, as does the California Constitution.

46.     Petitioner's have a vested contractual right to an actuarially sound retirement system.

47.     The Hospital's Underfunding of the retirement system was actuarially unsound.

Writ of Mandate per CCP § 1085 – Page 8

1    48.    The HOSPITAL'S Underfunding breached the contract between the HOSPITAL

2   and Petitioners.

3    49.    Petitioners had performed all terms of the contract on their part to be performed.

4    50.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension

5   trust fund in 1999 through the present.

6    51.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension

7   trust.

8    52.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension

9   trust by withholding financial statements from the Petitioners and others.

10    53.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension

11   trust by concealing that such Underfunding would render the PLAN fun actuarially unsound.

12    54.    As the result of the Hospital's breach of contract, Petitioner's have suffered

13   damages in an amount to be proved at trial.

14   ## FOURTH CAUSE OF ACTION – DECLARATORY RELIEF

15   (Against All Respondents)

16    55.    Petitioner's incorporates by reference and realleges paragraph 1 through 16 as

17   though fully set forth herein

18    56.    An actual and justiciable controversy have arisen, and now exists, between

19   Petitioners, on the one hand, and the HOSPITAL, on the other hand, as to:

20    a.    Whether the HOSPITAL have violated the PLAN document by failing to

21   fund its retirement plan as required

22    b.    The HOSPITAL breached its contract with Petitioner's by rendering the

23   retirement system actuarially unsound.

24    57.    Pursuant to Code of Civil Procedure section 1060, Petitioners desire judicial

25   determinations that:

26    a.    The Respondents, HOSPITAL and PLAN violated the PLAN document

27   by failing to fund its retirement plan as required

28

1         b.     The HOSPITAL and PLAN breached its contract with Petitioner's by
2 rendering the retirement system actuarially unsound.

3     58.    Such judicial determinations are necessary and appropriate at this time so that the
4 parties can ascertain their respective rights and duties in order to avoid the potential for a
5 multiplicity of costly judicial challenges by individual members of PLAN.

6     59.    There are no administrative remedies available to Petitioners to compel the relief
7 sought herein. Therefore, Petitioner's have exhausted all available administrative remedies.

8     60.    Petitioner's have no plain, speedy or adequate remedy at law.

9     61.    Petitioners are entitled to damages in an amount that will rectify the PLAN'S
10 Underfunding, which amount is in excess of $100 million.

11    WHEREFORE, Petitioner's prays Judgment:

12    1.    For damages payable to PLAN in the amount of the Underfunding, with interest,
13 since 1999.

14    2.    Following a duly noticed hearing, this Court render issue its Peremptory Writ of
15 Mandate commanding the Respondents on, Petitioners' First and Second Causes, of Action to:

16         a.     fund its retirement plan in accordance with the PLAN'S independent
17 Actuary pursuant to the annual actuarial valuation required by law.

18         b.     The Respondents disclose all information concealed by the Hospital as
19 regards its violations PLAN document, as well as the Underfunding of its pension trust fund, by
20 producing all books and records of the HOSPITAL and PLAN for inspection and review by the
21 PLAN members and their counsel, within fifteen days of the issuance of this Court's Alternative
22 Writ of Mandate, issued upon this Petition.

23         c.     That the Respondents take no action concealing or furthering that
24 Underfunding;

25         d.     That the Respondents take no action that renders the PLAN actuarially
26 unsound.

27         e.     The PLAN and/or the TRUSTEES cease to violate their fiduciary duties to
28 Petitioners.

Writ of Mandate per CCP § 1085 – Page 10

f.     That the Respondents place all of the PLAN funds not already paid to the PLAN in a segregated account under the control of the PLAN, in a constructive trust, as a result of the constructive fraud and a breach by Respondents, including the PLAN TRUSTEES, of their fiduciary duties to the Petitioners.

g.     PLAN and TRUSTEES immediately prosecute any and all actions allowed or required to recover the PLAN corpus and other assets, belonging to the PLAN, from any and all persons and entities who have custody or control of such funds or assets, whether in a constructive trust or otherwise, under the supervision and direction of this Court and that this Court maintain jurisdiction to oversee the proper performance of this duty to the Petitioners and all PLAN members.

3.     Following a duly noticed hearing, this Court render issue its Judgment on Petitioners' Third Cause of Action to state that:

a.     As the result of the Hospital's breach of contract, Petitioner's have suffered damages in an amount to be proved at trial for the underfunding of the PLAN.

b.     That the PLAN is underfunded in an amount to be proved at trial

c.     That the Respondents, and each of them, as a result of their failures to comply with their Constitutional and Fiduciary duties have, caused damages in an amount to be determined at trial to Petitioners and the PLAN.

d.     That, as the result of the Hospital's breach of contract, Petitioner's has suffered individual damages in an amount to be proved at trial.

4.     Following a duly noticed hearing, this Court render a judicial determination on Petitioners' Fourth Cause of Action that:

a.     The RESPONDENTS  have violated the PLAN document by failing to fund its retirement plan as required

b.     The RESPONDENTS breached the contract with Petitioner's by rendering the retirement system actuarially unsound.

5.     This Court award Petitioner's their costs of suit herein.

////

Writ of Mandate per CCP § 1085 – Page 11

6.      This Court award Petitioners' counsel reasonable attorney fees in accordance with section 1021.5 of the Code of Civil Procedure and the common fund doctrine, and

7.      This Court award such other and further relief as it deems necessary and proper.

Dated: August 25, 2010

Respectfully submitted,

THE PETERSEN LAW FIRM
A Law Corporation

By: _____
Gregory G. Petersen
Attorney for Petitioners

Writ of Mandate per CCP § 1085 – Page 12

AUG 2 6 2010

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Gregory G. Petersen, Esq., Bar No. 77744
THE PETERSEN LAW FIRM, A Law Corporation
3100 Airway Avenue, Suite 109
Costa Mesa, California 92626

TELEPHONE NO.: (949) 335-1300   FAX NO.: (714) 850-0274
ATTORNEY FOR (Name): Peggy Kirton and Diana Agnello

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Peggy Kirton, et al. v. Valley Health Systems, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RIC 10017129 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[✓] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 25, 2010
Gregory G. Petersen
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL

EXHIBIT "4"

1  CHARLES D. AXELROD (SBN 39507)
   GARY E. KLAUSNER (SBN 69077)
2  MARINA FINEMAN (SBN 193065)
   NEETA MENON (SBN 254736)
3  STUTMAN, TREISTER & GLATT
   PROFESSIONAL CORPORATION
4  1901 Avenue of the Stars, 12th Floor
5  Los Angeles, CA 90067
   Telephone:    (310) 228-5600
6  Telecopy:     (310) 228-5788
7  Email: caxelrod@stutman.com
          klausner@stutman.com
8         mfineman@stutman.com
          nmenon@stutman.com
9
   Attorneys for Respondent Valley Health System
10 (erroneously sued as Valley Health Systems)

11 MARK ATTWOOD (SBN 122992)
12 JAY ADAMS KNIGHT (SBN 50916)
   CYNTHIA J. EMRY (SBN 161763)
13 JACKSON LEWIS LLP
   725 South Figueroa, Suite 2500
14 Los Angeles, CA 90017
15 Telephone:    (213) 689-0404
   Telecopy:     (213) 689-0430
16 Email: AttwoodM@jacksonlewis.com
          KnightJ@jacksonlewis.com
17        EmryC@jacksonlewis.com

18 Attorneys for Respondents Valley Health System
19 (erroneously sued as Valley Health Systems); the
   Valley Health System Retirement Plan (erroneously
20 sued as the Valley Heath Systems Retirement Plan);
   Joel Bergenfeld, individually and in his capacity as a
21 Trustee of the Valley Health System Retirement Plan;
22 Vinay M. Rao, individually and in his capacity as a
   Trustee of the Valley Health System Retirement Plan;
23 and Michele Bird, individually and in her capacity as a
   Trustee of the Valley Health System Retirement Plan

24

25

26

27

28

545033v1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:07-bk-18293-PC |
| VALLEY HEALTH SYSTEM, a California Local Health Care District, | Adv. Pro. No. 6:10-ap-1566-PC |
| | Chapter 9 |
| Debtor. | |
| PEGGY KIRTON, an individual; and DIANA AGNELLO, an individual, | **NOTICE OF MOTION AND RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELD'S, VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE: (1) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF** |
| Petitioners, | |
| v. | |
| VALLEY HEALTH SYSTEM, a California Local Health Care District; the VALLEY HEALTH SYSTEM RETIREMENT PLAN, a public employee retirement entity, JOEL BERGENFELD, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan, VINAY M. RAO, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan, MICHELE BIRD, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan, MET LIFE, INC., in its fiduciary capacity as the administrator of the Valley Health System Retirement Plan, and DOES 1 through 200, inclusive, | **Fed.R.Civ.Proc., Rule 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b)** |
| | **(Filed concurrently with Declaration of Joel Bergenfeld; Request for Judicial Notice)** |
| | Hearing |
| Respondents. | Date:  November 30, 2010<br>Time:  9:30 a.m.<br>Judge:  Hon. Peter H. Carroll<br>Place:  Courtroom 1539<br>           255 East Temple Street<br>           Los Angeles, California. |

545033v1

1

## TABLE OF CONTENTS

2

Page(s)

3  I.  Introduction .................................................................................................................4

4  II.  Background .................................................................................................................7

5  III.  Argument ...................................................................................................................9

6  A.  A 12(b)(6) Motion to Dismiss is Warranted Because the Petition Fails to State
a Claim Upon Which Relief May be Granted as Against All Respondents. .........................9

7

8  B.  The Petition Fails to State a Claim Upon Which Relief May Be Granted As to the
District Because the Claims Asserted Against the District and Trustees in the
Petition Are Based on Prepetition Obligations That Have Been Discharged Under the
Chapter 9 Plan. ...............................................................................................................9

9

10  1.  Allowing Petitioners to Continue An Action Based on Prepetition Claims
Against the District Violates the Broad Releases and Injunction Contained in
the Chapter 9 Plan. .....................................................................................12

11

12  2.  Petitioners Should Not Be Allowed to Circumvent the District's Discharge By
Being Allowed to Prosecute Prepetition Claims Against the Trustees. .......................13

13

14  C.  The Petition Fails to State a Claim Upon Which Relief Can Be Granted Against the
VHS Retirement Plan Because the VHS Retirement Plan Is Not A Legal Entity...............13

15  D.  The Government Claims Act Bars the Petition As Against All Respondents.....................14

16  E.  The Petition Fails Because Respondents Are Immune From Liability. ...............15

17  1.  The Trustees Are Immune From Liability. ...............................................15

18  2.  The District is Immune From Liability. ....................................................15

19  F.  Petitioners Fail to Satisfy the Procedural and Substantive Requirements of a
Petition for Writ of Mandate and the Petition Therefore Fails to State a Claim
Upon Which Relief Against Any Respondents Can Be Granted. ........................................15

20

21  1.  The Petition Fails Because the District Cannot Be Compelled to Perform an
Exercise of Discretion..................................................................................16

22

23  2.  The Petition Fails Because The Trustees Had No Duty To Act As Requested
in the Petition. ...........................................................................................17

24  3.  The Petition Fails Because Petitioners Failed to Show the Inadequacy of Other
Remedies. ..................................................................................................17

25

26  4.  The Petition Fails Because Petitioners Failed to Verify the Petition. ...........17

27  G.  The Third Cause of Action for Breach of Implied and Express Contract Fails to
State a Claim Upon Which Relief May Be Granted As to All Respondents.......................18

28

H.    The Fourth Cause of Action for Declaratory Relief Fails to State A Claim Upon Which
      Relief May Be Granted As to All Respondents...................................................................18

I.    The Petition Should Be Dismissed Because It Was Brought In Violation of the
      Automatic Stay and is Therefore Void. ..............................................................................19

IV. Conclusion..........................................................................................................................20

545033v1

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................9

*Burkart v. Coleman* (In re Tippett), 542 F.3d 684..........................................................13

*In re Commercial Finance Services*, 246 F.3d 1291 ...........................................................4

*In re DAK Industrial*, 66 F.3d 1091...............................................................................4

*Delpit v. Commissioner Internal Revenue Serv.*, 18 F.3d 768............................................13

*Oneida Ltd. v. PBGC (In re Oneida Ltd.)*, 383 B.R. 29 ......................................................5

*In re Palau Corp.*, 18 F.3d 746........................................................................................4

*Pension Benefit Guaranty Corp. v. Skeen (In re Bayly)*, 163 F.3d 1205........................4, 5

*Schwartz v. United States (In re Schwartz)*, 954 F.2d 569 ...............................................13

*Trustees of Amalgamated Insurance Fund v. McFarlin's, Inc.*, 789 F.2d 98 .....................5

**STATE CASES**

*Baiza v. Southgate Recreation & Park District*, 59 Cal.App.3d 669 .................................8

*Baldwin v. Marina City Properties, Inc.*, 79 Cal.App.3d 393 ...........................................12

*Board of Administration v. Wilson*, 52 Cal.App.4th 1109...................................................8

*Caldwell v. Montoya* (1995) 10 Cal.4th 972 ....................................................................9

*California Federation of Teachers v. Oxnard Elementary School*, 272 Cal.App.2d 514 ....................................................................................................................10

*Canova v. Trustees of Imperial Irr. District Employee Pension Plan*, 150 Cal.App.4th 1487.............................................................................................8

*Common Cause v. Board of Supervisors*, 49 Cal.3d 432 ................................................10

*Gatto v. County of Sonoma*, 98 Cal.App.4th 744 .............................................................8

*Hart v. County of Alameda*, 76 Cal.App.4th 766 ..............................................................8

*Hart*, 76 Cal.App.4th at 774 ...........................................................................................8

*Kemmerer v. County of Fresno* (1998) 200 Cal.App.3d 1426 ..........................................9

*Rancho Murieta Airport, Inc. v. County of Sacramento*, 142 Cal.App.4th 323 ...............10

*Scolinos v. Kolts*, 37 Cal.App.4th 635.............................................................................12

545033v1

*Twaite v. Allstate*, 216 Cal.App.3d 239 ................................................................12

*Westley v. California Public Employees Retirement System Board of Administration*,
    105 Cal.App.4th 1095................................................................................7

*Westley*, 105 Cal.App.4th at 1110 ....................................................................10

**FEDERAL STATUTES**

11 U.S.C. § 362(a) ................................................................................13
11 U.S.C. § 503(b)(1) .............................................................................4

**STATE STATUTES**

Cal. Const. art. XVI, § 17)........................................................................2
Cal. Const. art. XVI, § 17),.......................................................................10
Cal. Civ. Proc. Code § 1060 .......................................................................12
Cal. Civ.  Proc. Code § 1085(a)...................................................................9
Cal. Civ. Proc. Code § 1085 ......................................................................10
Cal. Civ. Proc. Code § 1086 ......................................................................10
Cal. Civ. Proc. Code § 1086 ......................................................................11
Cal. Const. art. XVI, § 17 ........................................................................11
Cal. Const. art. XVI, § 17 ........................................................................10
Cal. Gov't Code § 815.2 ..........................................................................9
Cal. Gov't Code § 820.2 ..........................................................................9
Cal. Gov't Code §§ 825-825.6 .....................................................................7
Cal. Gov't Code §§ 905 ..........................................................................3, 8
Cal. Gov't Code § 945.4 ..........................................................................8

**RULES**

Fed.R.Civ.Proc., Rule 12(b) ......................................................................1
Federal Rule of Bankruptcy Procedure 7012 ........................................................1, 3
Federal Rule of Civil Procedure 12(b) .............................................................1
Federal Rule of Civil Procedure Rule 12(b) ........................................................3

**OTHER AUTHORITIES**

2 Moore's Fed. Practice, § 12.34[1][a] ............................................................3
2 Moore's Fed. Practice at § 12.34[1][b] ..........................................................3
5 Witkin, Cal. Procedure, Pleading, section 520 ...................................................12

iv

1  **TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY**

2  **JUDGE, COUNSEL TO THE PETITIONERS, AND ALL PARTIES OF RECORD:**

3         **PLEASE TAKE NOTICE** that on November 30, 2010, in Courtroom 1539, located

4  at 255 East Temple Street, Los Angeles, California, before the Honorable Peter H. Carroll presiding,

5  Valley Health System, a California Local Health Care District (the "District"), Valley Health

6  Retirement Plan, Joel Bergenfeld, Vinay M. Rao, and Michele Bird, individually, and in their

7  capacity as trustees of the VHS Retirement Plan (herein collectively referred to herein as the

8  "Trustees", and, together with the District and the VHS Retirement Plan, collectively referred to

9  herein as "Respondents")[1] will move and do hereby move the Court (the "Motion") for an order

10 pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure

11 7012(b) to dismiss the "Petition for Writ of Mandate Pursuant to Code of Civil Procedure 1085 Re:

12 (1) Violation of Valley Health Systems Retirement Plan; (2) Violation of California Constitution; (3)

13 Breach of Contract; and (4) Declaratory Relief" (the "Petition"), filed by Peggy Kirton and Diana

14 Agnello (collectively, the "Petitioners"), in the Superior Court for the State of California, County of

15 Riverside, on August 26, 2010.  As set forth in the accompanying Memorandum of Points and

16 Authorities (the "Memorandum"), Petitioners have failed to state a claim upon which relief can be

17 granted and the Petition must therefore be dismissed.

18         The Motion seeks dismissal of the Petition because the Petition fails to state a claim

19 upon which relief may be granted because, among other things: (i) Petitioners' claims have been

20 discharged under the "First Amended Plan for the Adjustment of Debtors of Valley Health System

21 Dated December 17, 2009 as Modified February 19, 2010", which became effective on October 13,

22 2010, and any continued prosecution of prepetition claims against the District is barred by the

23 injunction set forth in the plan and this Court's order confirming the plan; (ii) the Trustees have no

24 contractual or fiduciary duties to Petitioners; (iii) the VHS Retirement Plan is not a legal entity that

25 can sue or be sued; (iv) Petitioners failed to comply with the California Government Claims Act – a

26

27

[1]    The Petition also names MetLife, Inc., as a respondent.  MetLife, Inc. is not represented by
28     counsel for Respondents.

1

545033v1

1  prerequisite to filing an action against these public entity Respondents; (v) the District, as a public

2  entity, and, the Trustees, as public entity employees, are immune from liability under the California

3  Government Code; (vi) Petitioners failed to adequately plead the elements of a writ of mandamus

4  and of the alleged contractual breaches, and failed to satisfy applicable procedural requirements of

5  same; (vii) Petitioners improperly seek declaratory relief related to activities that occurred in the past

6  and are not on-going; and (viii) the Petition was filed in violation of the automatic stay imposed by

7  section 362(d)(2) of the Bankruptcy Code and is therefore void.

8         The Motion is based upon these moving papers, the attached Memorandum and the

9  record in this case.

10        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-1(f) of the Local

11  Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California (the

12  "Local Rules"), if you wish to oppose this Motion, you must file a written response with the Court

13  and serve a copy of it on the undersigned counsel for Respondents, counsel for the District and the

14  United States trustee no later than 14 days prior to the hearing. **Pursuant to Local Rule 9013-1(h),**

15  **the failure to file and serve a timely written opposition to the Motion may be deemed to**

16  **constitute consent to the relief requested in the Motion.**

17        WHEREFORE, Respondents respectfully requests that the Court enter an order: (a)

18  dismissing the Petition, and (b) granting such other and further relief that may be appropriate.

19        This Motion was filed following Respondents' attempt to meet and confer with

20  Petitioners' counsel in compliance with Local Rule 7-3 of the United States District Court, Central

21  District.

22  Dated: October 22, 2010              */s/ Neeta Menon*
                                         CHARLES D. AXELROD
23                                       GARY E. KLAUSNER
                                         MARINA FINEMAN
24                                       NEETA MENON
                                         STUTMAN, TREISTER & GLATT, P.C.
25                                       Counsel for Respondent Valley Health System
                                         (erroneously sued as Valley Health Systems)
26

27

28

                              2

545033v1

1

JAY ADAMS KNIGHT

MARK ATWOOD

2

CYNTHIA J. EMRY

3

JACKSON LEWIS LLP

Counsel for Valley Health System (erroneously sued as

4

Valley Health Systems); the Valley Health System
Retirement Plan (erroneously sued as the Valley Heath

5

Systems Retirement Plan); Joel Bergenfeld,
individually and in his capacity as a Trustee of the

6

Valley Health System Retirement Plan; Vinay M. Rao,
individually and in his capacity as a Trustee of the

7

Valley Health System Retirement Plan; and Michele
Bird, individually and in her capacity as a Trustee of

8

the Valley Health System Retirement Plan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Petitioners Peggy Kirton and Diana Agnello ("Petitioners") filed the "Petition for Writ of Mandate Pursuant to Code of Civil Procedure 1085 Re: (1) Violation of Valley Health Systems Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief" (the "Petition") against respondents Valley Health System, a California Local Health Care District (the "District"), the District's Defined Benefit retirement plan (the "VHS Retirement Plan"), and Joel Bergenfeld, Vinay M. Rao, and Michele Bird, individually, and in their capacity as trustees of the VHS Retirement Plan (collectively referred to herein as the "Trustees", and, together with the District and the VHS Retirement Plan, collectively referred to herein as "Respondents"). Petitioners assert, among other things, that the District and the other Respondents violated applicable law and breached contractual obligations by failing to ensure that the VHS Retirement Plan was fully funded. As discussed below, the Petition is procedurally and substantively defective and seeks to enforce obligations that were discharged pursuant to the District's "First Amended Plan for the Adjustment of Debtors of Valley Health System Dated December 17, 2009 as Modified February 19, 2010" (the "Chapter 9 Plan"), which became effective on October 13, 2010. For the reasons stated below, the Petition fails to state a claim upon which relief can be granted and should therefore be dismissed:

(1)     The claims asserted in the Petition for breach of the VHS Retirement Plan have been discharged under the Chapter 9 Plan. The Petition asserts breaches of obligations by Petitioners under the VHS Retirement Plan, which is a prepetition contract between the District and its employees. All claims against the District for breach arising under the VHS Retirement Plan are prepetition claims. Petitioners were properly notified of the bar date for filing prepetition claims in the District's bankruptcy case and failed to timely file claims for the damages asserted in the Petition. Therefore, the claims asserted against the District in the Petition were discharged on the effective date of the Chapter 9 Plan by virtue of the Plan and the order confirming the Chapter 9 Plan. The

4

1   discharge of the District's debts is enforced by the broad injunction set forth in the Chapter 9 Plan

2   and the "Order (i) Confirming First Amended Plan for Adjustment of Debts of Valley Health System

3   Dated December 17, 2009, as Modified February 19, 2010, and (ii) Granting Judgment for Valley

4   Health System in Each Challenge Action" (the "Confirmation Order") against the continued

5   prosecution of actions against the District or its assets for collection of prepetition obligations.

6        (2)    A claim for relief cannot be stated against the Trustees for causes of action

7   relating to breach of contractual obligations under the VHS Retirement Plan because, unlike the

8   District, the Trustees do not have any contractual obligations to Petitioners under the VHS

9   Retirement Plan. The only source of funding under the terms of the VHS Retirement Plan was the

10  District. The Trustees are therefore neither responsible for funding obligations under the VHS

11  Retirement Plan, nor any other contractual obligation arising under the VHS Retirement Plan. *See*

12  VHS Retirement Plan, Sections 10.1, 14.3, a copy of which is attached as Exhibit "1" to Declaration

13  of Joel Bergenfeld, filed concurrently herewith (the "Bergenfeld Declaration"). Petitioners should

14  also not be permitted to circumvent the discharge and injunction provisions of the Chapter 9 Plan

15  and the Confirmation Order by pursuing claims against Trustees because the Trustees are statutorily

16  indemnified by the District. Therefore, any claims asserted against the Trustees are essentially

17  claims that are being asserted against the District, which Petitioners are enjoined from pursuing.

18       (3)    The Petition asserts that Petitioners have violated their obligations under the

19  California Pension Protection Act of 1992 (Cal. Const. art. XVI, § 17). In fact, neither the VHS

20  Retirement Plan nor the Trustees constitute a "retirement board," which is the entity that is subject to

21  the obligations set forth in this California Constitutional provision. Moreover, even if this California

22  Constitutional provision does apply to the District, any claims against the District have been

23  discharged under the Chapter 9 Plan and the Confirmation Order.

24       (4)    The VHS Retirement Plan is not a separate legal entity that can sue or be sued.

25       (5)    Petitioners failed to comply with the California Government Claims Act,

26  which requires a party bringing an action against a public entity, where the primary purpose of the

27

28

545033v1

1    action is the recovery of money or damages, to exhaust their administrative remedies before bringing

2    such action.

3                    (6)    The District, as a public entity, and its employees, as public employees, are

4    immune from liability under the California Government Code.  Cal. Gov't Code §§ 905 *et seq.*

5                    (7)    The Petition is procedurally defective in the following respects:

6                            (i)    Petitioners failed to show that other remedies were inadequate;

7                            (ii)    Petitioners cannot compel the District to perform an act which would

8    involve the exercise of discretion;

9                            (iii)    The Trustees had no duty to act in the manner suggested in the

10    Petition; and

11                            (iv)    The Petition is not verified.

12                    (8)    The "Third Cause of Action for Breach of Implied and Express Contract" may

13    not be granted because Petitioners failed to plead the essential terms of the alleged contract or attach

14    the alleged contract to the Petition.

15                    (9)    The "Fourth Cause of Action for Declaratory Relief" is authorized only when

16    an actual current controversy exists and Petitioners have only alleged past wrongs and have not

17    asserted any on-going violations.

18                    (10)    Because any claim for breach of the VHS Retirement Plan is a prepetition

19    obligation, the Petition, which seeks collection of prepetition debts, was filed in violation of the

20    automatic stay imposed by section 362(d)(2) of the Bankruptcy Code and, in addition to having been

21    filed in violation of the discharge and injunction provisions of the Chapter 9 Plan and the

22    Confirmation Order, the Petition is void and must be dismissed.

23                    For all of these reasons, Petitioners have failed to state a claim upon which relief may

24    be granted and the Petition as it relates to Respondents must be dismissed.

25

26

27

28

545033v1

## II.

## BACKGROUND

The District, the reorganized debtor in the above-captioned chapter 9 case, was a "health care business" as defined in section 101(27A) of the Bankruptcy Code and as contemplated in section 333 of the Bankruptcy Code. Among the benefits that the District offered to its employees prepetition were retirement benefits under the VHS Retirement Plan. *See* Exhibit "1" to the Bergenfeld Declaration. Benefit accrual under the VHS Retirement Plan was frozen effective May 4, 1999. The VHS Retirement Plan was terminated effective July 31, 2010.

On December 13, 2007 (the "Petition Date"), the District filed a petition under chapter 9 petition of the Bankruptcy Code, and an order for relief was entered on February 20, 2008. This Court established August 25, 2008 as the deadline (the "Bar Date") for filing proofs of claim on account of prepetition obligations against the District. *See* order dated June 26, 2008 [District's Chapter 9 Case Bankruptcy Docket No. 246][2], a copy of which is attached as Exhibit "A" to the Request for Judicial Notice. The notice of the Bar Date (the "Bar Date Notice") was sent out to all VHS Retirement Plan participants, including both Petitioners. *See* "Affidavit Re: Service of (1) Notice of Bar Date (2) Proof of Claim Form", filed on July 15, 2008 at pages 16 and 45 [District's Chapter 9 Case Bankruptcy Docket No. 249], a copy of which is attached as Exhibit "B" to the Request for Judicial Notice.

On April 26, 2010, this Court entered the Confirmation Order [District's Chapter 9 Case Bankruptcy Docket No. 881], a copy of which is attached as Exhibit "C" to the Request for Judicial Notice. The primary means by which the Chapter 9 Plan was to be implemented was the sale (the "Sale") of substantially all of the District's assets to Physicians for Healthy Hospitals, Inc. The Sale closed on October 13, 2010.

---

[2]    Concurrently with this Motion, Respondents have filed their "Request For Judicial Notice In Support Of Respondent Valley Health System's Motion To Dismiss Petition For Writ Of Mandate Pursuant To Code Of Civil Procedure 1085 Re: (1) Violation Of Valley Health System's Retirement Plan; (2) Violation Of California Constitution; (3) Breach Of Contract; And (4) Declaratory Relief" (the "Request for Judicial Notice").

7

545033v1

1        On the day the Sale closed (the "<u>Effective Date</u>"), the Chapter 9 Plan became

2    effective and binding on all parties in interest in the District's bankruptcy case.  A Notice of

3    Effective Date was filed and served out on all parties on October 14, 2010.  A copy of the Notice of

4    Effective Date [District's Chapter 9 Case Bankruptcy Docket Nos. 952-954] is attached as Exhibit

5    "D" to the Request for Judicial Notice.

6        Section X.A of the Chapter 9 Plan provides for the following discharge of the

7    District's prepetition obligations:

8            [p]ursuant to section 944 of the Bankruptcy Code, upon the Effective Date,
             **the District shall be discharged from all debts (as defined in the**
9            **Bankruptcy Code) of the District and Claims against the District other**
             **than (a) any debt specifically and expressly excepted from discharge by**
10           **this Plan or the Confirmation Order,** or (b) any debt owed to an entity that,
             before the confirmation of this Plan, had neither notice nor actual knowledge
11           of the Chapter 9 Case.

12   *See* Plan at § X.A (emphasis added).  This discharge provision was also incorporated into paragraph

13   3 of the Confirmation Order.  Accordingly, upon the Effective Date, the District was discharged

14   from all claims based on prepetition obligations that were not timely filed in accordance with the Bar

15   Date Notice or other applicable notices served on parties in interest in the District's bankruptcy case.[3]

16       Moreover, the Chapter 9 Plan provides for an injunction against any actions against

17   the District for collection of the discharged prepetition liabilities, as follows:

18           all entities who have held, hold or may hold pre-Effective Date Claims **shall**
             **be permanently enjoined from . . . continuing in any manner any action**
19           **or other proceeding of any kind with respect to any such pre-Effective**
             **Date Claims** against the District or its property" or "enforcing, attaching,
20           collecting or recovering by any manner or means any judgment, award, decree
             or order against the District or its property with respect to such pre-Effective
21           Date Claims."

22

23   _____

[3]   The Chapter 9 Plan also specifically addresses claims of the VHS Retirement Plan participants, which were
24    classified under the Chapter 9 Plan classified into Class 2C.  The Chapter 9 Plan provides that such participants are
      entitled to the same rights and benefits to which they are entitled under the VHS Retirement Plan and the MetLife
25    Group Annuity Contract, but are not entitled to have any recourse to the District or the assets of the District and are
      not entitled to receive any distributions under the Chapter 9 Plan.  Instead, under the Chapter 9 Plan, all unallocated
26    amounts held by MetLife Group pursuant to the VHS Retirement Plan and MetLife Group Annuity Contract will
      continue to be made available to provide retirement benefits for participants pursuant to the provisions of the VHS
27    Retirement Plan and the MetLife Group Annuity Contract.  Moreover, none of the VHS Retirement Plan
      participants, including Petitioners, filed any objections to the confirmation of the Chapter 9 Plan and are now barred
28    from asserting any claims or objections that should have been brought at confirmation.

545033v1

1  *See* Plan at § X.B (emphasis added). As such, actions against the District on account of discharged

2  claims may not continue to be prosecuted as of the Effective Date, if even commenced prior to such

3  date.

**III.**

**ARGUMENT**

**A.    A 12(b)(6) Motion To Dismiss Is Warranted Because the Petition Fails to State A Claim Upon Which Relief May Be Granted As Against All Respondents.**

8          Because Petitioners fail to state a claim upon which they are entitled to relief, the

9  Petition should be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and Federal

10  Rule of Bankruptcy Procedure 7012(b).[4]  To survive a Rule 12(b)(6) motion to dismiss, a complaint

11  must demonstrate that the plaintiff's right to relief is more than merely "speculative."  The Supreme

12  Court in *Bell Atlantic Corp. v. Twombly* explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

18  550 U.S. 544, 555-56 (2007) (citations omitted); *see also* 2 *Moore's Fed. Practice*, § 12.34[1][a]

19  (Matthew Bender 3d ed.).  Indeed, "[l]iberal construction" of a complaint "has its limits."  2 *Moore's*

20  *Fed. Practice* at § 12.34[1][b].  Even construed liberally, the Petition does not entitle Petitioners to

21  relief against Respondents.

**B.    The Petition Fails to State a Claim Upon Which Relief May Be Granted As to the District Because the Claims Asserted Against the District and Trustees in the Petition Are Based on Prepetition Obligations That Have Been Discharged Under the Chapter 9 Plan.**

25          As noted above, Petitioners assert that the District failed to contribute amounts to the

26  VHS Retirement Plan and that Respondents have thereby violated applicable law and breached their

---

[4]    Bankruptcy Rule 7012(b) incorporates Rule 12(b)(6) in adversary proceedings.

1   contractual obligations.  Even if these allegations were true, which they are not, any claims arising

2   from such conduct would be deemed to be prepetition obligations of the District, which have been

3   discharged under the Chapter 9 Plan and the Confirmation Order.  Accordingly, Petitioners do not

4   state a claim that entitles them to the recovery requested in the Petition.

5           Petitioners' claims are prepetition claims, not administrative expenses.  Section

6   503(b)(1)(A) of the Bankruptcy Code defines administrative expenses as "the actual, necessary costs

7   and expenses of preserving the estate . . . ."  11 U.S.C. § 503(b)(1)(A).  Administrative expense

8   priority claims are awarded in those situations "where the purpose of rehabilitation is served", which

9   is determined by the following test adopted by the Ninth Circuit:

10          The claimant must show that the debt asserted to be an administrative
            expense
11
            (1) arose from a transaction with the debtor-in-possession as opposed to
12          the preceding entity (or, alternatively, that the claimant gave consideration
            to the debtor-in-possession); and
13
            (2) directly and substantially benefited the estate.
14
   *In re DAK Indus.*, 66 F.3d 1091, 1094 (9th Cir. 1995) (denying administrative expense priority for
15
   postpetition installment payments on a software licensing agreement between debtor and  Microsoft
16
   Corporation).  Therefore, "if a debtor becomes liable to a claimant before the bankruptcy petition is
17
   filed, but the liability is contingent on the occurrence of some future event, the claim to recover that
18
   debt is treated as a prepetition claim even if the condition does not occur and the right to payment does
19
   not arise until after the bankruptcy petition is filed."  *Pension Benefit Guar. Corp. v. Skeen (In re*
20
   *Bayly)*, 163 F.3d 1205, 1208-09 (10th Cir. 1998). *See also In re Palau Corp.,*  18 F.3d 746 (9th Cir.
21
   1994) (denying administrative expense priority for an award of backpay that accrued after the filing of
22
   the debtor's petition); *In re Commercial Fin. Servs.*, 246 F.3d 1291, 1293-96 (10th Cir. 2001) (rejecting
23
   administrative expense priority to employee claims for lump-sum payments because the employees
24
   could not show that the claim resulted from a postpetition transaction with the debtor in possession, or
25
   that the lump sum represented consideration for a benefit provided to the estate).
26
           In *Bayly,* the court addressed an almost identical situation to the facts of this case,
27
   except that the Bayly Corporation, the chapter 7 debtor, was a private employer and a qualified plan
28

                                              10

1  sponsor under the Employee Retirement Income Security Act of 1974 ("ERISA"). *In re Bayly*, 163

2  F.3d 1205. As such, the Bayly Corporation was required to make periodic contributions to its

3  qualified pension plan and to pay premiums under the mandatory pension plan termination insurance

4  program established under Title IV of ERISA. The debtor terminated its pension plan postpetition.

5  Under ERISA, the Pension Benefit Guaranty Corporation ("PBGC") assumed control of the Bayly

6  Corporation's underfunded pension plan and filed an administrative claim for the amount of the

7  underfunding and for termination payments that came due after the plan was terminated in order to

8  reimburse PBGC for the benefits PBGC was obligated to pay to the plan's beneficiaries. The Tenth

9  Circuit affirmed the bankruptcy court's and the district court's denial of the administrative expense

10 request despite the fact that the underfunding and termination payment did not come due until the

11 plan was terminated postpetition. The panel explained that the "PBGC's contention that, because it

12 had no right to collect the termination payment under ERISA prior to the bankruptcy petition filing

13 date, its claim for payment is entitled to administrative priority, is unpersuasive. . . . Under the

14 Bankruptcy Code, we find that PBGC's claim for unfunded benefit liabilities predicated on pre-

15 petition employment represents a pre-petition contingent claim not entitled to administrative priority

16 expense." *Bayly*, 163 F.3d at 1211. *See also Oneida Ltd. v. PBGC (In re Oneida Ltd.)*, 383 B.R. 29,

17 38 (Bankr. S.D.N.Y. 2008) (concluding that premium payable upon postpetition termination of

18 prepetition pension plan constituted a prepetition contingent claim); *Trustees of Amalgamated Ins.*

19 *Fund v. McFarlin's, Inc.*, 789 F.2d 98 (2nd Cir. 1986) (affirming an order that appellee debtor's

20 withdrawal liability for contributions to a multiemployer pension and benefit plan under the

21 Multiemployer Pension Plan Amendments Act was not entitled to priority as an administrative

22 expense).

23          In this case, the District's only funding obligations arose from its contractual

24 obligations under the VHS Retirement Plan. The Trustees had no contractual obligations under the

25 VHS Retirement Plan in their individual capacities. The VHS Retirement Plan is a prepetition

26 contract between each of the plan's participants and the District. To the extent that the VHS

27 Retirement Plan is an executory contract, it was not assumed by the District postpetition.

28

11

1    Accordingly, any contractual funding obligation that the District would have had under the VHS

2    Retirement Plan, whether such payment obligation arose prepetition or postpetition, would

3    nevertheless be considered a contingent liability under a prepetition contract and therefore a

4    prepetition claim. This is especially clear in this case, where the VHS Retirement Plan was frozen in

5    1999 – eight years prior to the District's bankruptcy filing. Accordingly, none of the District's

6    employees continued to work for the District postpetition in reliance on the accrual or availability of

7    the pension benefit, such that the District derived no actual benefit from the VHS Retirement Plan

8    postpetition. Petitioners therefore cannot reasonably be deemed to have stated a claim upon which

9    relief could be granted regarding any alleged funding obligations, even if Petitioners could prove

10    that the District was responsible for such payment obligations, because the alleged payment

11    obligations would nevertheless be deemed to be prepetition claims against the District, which have

12    been discharged. *See* VHS Retirement Plan, Sections 10.1, Section 14.3; Exhibit "1" to Bergenfeld

13    Declaration.

14          For all of these reasons, any claims based on the alleged breach of the VHS

15    Retirement Plan cannot provide the basis of a claim upon which relief can be granted.

16        **1.**     **Allowing Petitioners to Continue An Action Based on Prepetition Claims
17**             **Against the District Violates the Broad Releases and Injunction
Contained in the Chapter 9 Plan.**

18          As previously noted, the Chapter 9 Plan and the Confirmation Order and Section

19    944(b) of the Bankruptcy Code jointly provide an unambiguous discharge to the District of all debts

20    of the District and claims against the District (except any debt specifically and expressly excepted

21    from discharge by the Chapter 9 Plan or its confirmation) asserted by any party who received a copy

22    of the Bar Date Notice or was otherwise notified of the claims bar date. Because Petitioners were

23    properly served with the Bar Date Notice, any prepetition claims that they failed to timely assert

24    against the District have been discharged. The continued prosecution of the Petition is therefore

25    prohibited by the broad injunction set forth in section X.B of the Chapter 9 Plan, which enjoins all

26    holders of claims against the District arising prior to the effective date from continuing to pursue

27    proceedings of any kind against the District. Because Petitioners seek an award based on the

28

545033v1

1  District's discharged prepetition obligations, Petitioners are barred from continuing to pursue the

2  litigation -- even if their asserted claims are meritorious.

3
4       **2.   Petitioners Should Not Be Allowed to Circumvent the District's Discharge
By Being Allowed to Prosecute Prepetition Claims Against the Trustees.**

5       California Government Code sections 825-825.6 generally provide for an

6  indemnification of employees of a public entity, such as the Trustees. *Cal. Gov't Code* §§ 825-825.6.

7  Accordingly, any judgment that is entered against any of the Trustees in the litigation brought by

8  Petitioners would ultimately become a claim or claims that the Trustees could assert against the

9  District.  As such, any claims asserted against the Trustees in the Petition are essentially claims

10  being indirectly asserted against the District's assets.  The assets of the District are directly protected

11  by the injunction in the Chapter 9 Plan.  Petitioners should not be permitted to circumvent the

12  Chapter 9 Plan's discharge and injunction provisions by being allowed to pursue claims against the

13  Trustees.  The Petition must therefore also be dismissed with regard to the Trustees.

14  **C.   The Petition Fails to State a Claim Upon Which Relief Can Be Granted Against
the VHS Retirement Plan Because the VHS Retirement Plan Is Not A Legal
15      Entity.**

16       Petitioners have improperly filed this action against the VHS Retirement Plan as a

17  separate entity.  Although a retirement plan subject to the provisions of the ERISA could potentially

18  sue and be sued as a separate entity, the VHS Retirement Plan does not fall under ERISA because

19  the District is a government agency. *See* ERISA 4(b).  Accordingly, the VHS Retirement Plan is not

20  subject to ERISA rules and the benefits under it are not secured by the PBGC.  Instead, benefits

21  under the VHS Retirement Plan are at best a contractual right between District and its employees.

22  *See Westley v. California Public Employees Retirement System Board of Administration*, 105 Cal.

23  App. 4th 1095, 1116 (2003).  As such, the VHS Retirement Plan is not an entity which can be sued

24  or compelled to perform any of the alleged duties set forth in the Petition, and the Petition should

25  therefore be dismissed.

26
27
28

545033v1

1    **D.    The Government Claims Act Bars the Petition As Against All Respondents.**

2            The Petition is barred because Petitioners have failed to allege that they complied

3    with the administrative requirements for filing an action for money or damages against the District, a

4    public entity, pursuant to the Government Claims Act.  Cal. Gov't Code §§ 905 *et seq*.  The

5    Government Claims Act requires would-be plaintiffs to exhaust their administrative rights before

6    filing a lawsuit against a public entity for "money or damages."  *See* Cal. Gov't Code §§ 905 and 905.2.

7    Plaintiffs are precluded from filing a lawsuit alleging causes of action subject to the Government

8    Claims Act until the public entity has acted on the claim or until the claim has been denied by

9    operation of law. Cal. Gov't Code § 945.4.  A suit for money or damages includes all actions in which

10   claimants seek monetary relief, regardless of whether the action is founded in "tort, contract or some

11   other theory." *Hart v. County of Alameda*, 76 Cal. App. 4th 766, 778 (1999) (citations omitted).

12           Although the Government Claims Act generally does not apply to mandamus actions

13   seeking performance of a mandatory duty (*see Board of Administration v. Wilson,* 52 Cal. App. 4th

14   1109, 1125-1126 (1997)), its applicability is determined by reference to the ***primary purpose of the***

15   ***action****.  See Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 762-765 (2002); *Baiza v. Southgate*

16   *Recreation & Park Dist*, 59 Cal. App. 3d 669, 673-674 (1976) (holding that petition for writ of

17   mandamus directing defendant to pay money to plaintiff has the primary purpose of obtaining

18   money).  The mere fact that a plaintiff may seek some form of declaration or mandate that money (or

19   a benefit) is owed does not exempt an action from the Government Claims Act. *See Hart,* 76 Cal.

20   App. 4th at 774, 782.  Petitioners seek money or damages as follows:

21      • "damages in an amount that will rectify the PLAN's Underfunding, which amount is in
         excess of $100 million." Petition, ¶ 61.

22

23      • "damages payable to PLAN in the amount of the Underfunding, with interest, since
         1999." Petition, Prayer for Relief, ¶ 1.

24

25           The fact that Petitioners couch their claims as being equitable does not excuse

26   Government Claims Act non-compliance. *Canova v. Trustees of Imperial Irr. Dist. Employee*

27   *Pension Plan*, 150 Cal. App. 4th 1487, 1497 (2007).  Nowhere in the Petition do Petitioners even

28

14

1   allege that they complied with the Government Claims Act prior to filing their Petition.

2   Accordingly, Petitioners' claims are barred in their entirety.

3   **E.      The Petition Fails Because Respondents Are Immune From Liability.**

4         **1.      The Trustees Are Immune From Liability.**

5         The Trustees, as public employees, are statutorily immune from liability for any claims

6   set forth in the Petition.  California Government Code § 820.2 provides, that except as otherwise

7   provided by statute, "a public employee is not liable for an injury resulting from his act or omission

8   where the act or omission was the result of the exercise of the discretion vested in him, whether or not

9   such discretion be abused."  Cal. Gov't Code § 820.2.  Therefore, California Government Code § 820.2

10  bestows absolute immunity for "discretionary acts" performed by public employees.  *Caldwell v.*

11  *Montoya* 10 Cal. 4th 972, 989 (1995).  It is undisputed that under the VHS Retirement Plan and

12  generally, any acts performed by the Trustees in furtherance of their duties as Trustees were

13  discretionary acts (not mandatory acts).  *See* VHS Retirement Plan, Section 1.18; Exhibit "1" to

14  Bergenfeld Declaration.  Accordingly, immunity would bar such claims against them.

15        **2.      The District is Immune From Liability.**

16        The District is immune from liability pursuant to California Government Code §

17  815.2(b), which provides that, if a public employee is immune from liability under the California

18  Government Code, the public entity employer also is immune.  *See also Kemmerer v. County of*

19  *Fresno* 200 Cal. App. 3d 1426, 1435 (1998).  As set forth above, the Trustees are immune from

20  liability pursuant to California Government Code § 820.2 (for discretionary actions).  Accordingly,

21  because its employees are shielded from liability, the District also is immune.

22

23  **F.      Petitioners Fail to Satisfy the Procedural and Substantive Requirements of a
Petition for Writ of Mandate and the Petition Therefore Fails to State a Claim
Upon Which Relief Against Any Respondents Can Be Granted.**

24

25        The Petition is further defective and must be dismissed because it fails to meet the

26  procedural and substantive requirements of a petition for writ of mandate.  To obtain a writ of

    mandate, Petitioners must show: (1) a duty on the part of a corporation, board or person (Cal. Civ.

27  Proc. Code § 1085(a); (2) Petitioners' beneficial interest in compelling performance of that duty

28

15

1  (Cal. Civ. Proc. Code § 1086); and (3) the inadequacy of other legal remedies. *Id.* A petition for writ

2  of mandate must demonstrate the right to the writ by clear, certain and positive evidence. *California*

3  *Federation of Teachers v. Oxnard Elementary School*, 272 Cal. App. 2d 514, 544-545 (1969),

4  *superseded on other grounds*; *see also Rancho Murieta Airport, Inc. v. County of Sacramento*, 142

5  Cal. App. 4th 323, 326 (2006) (holding that in order to obtain a writ of mandate, Petitioners were

6  required to establish a clear, present, and usually ministerial duty on the part of the Board). A writ

7  of mandate is appropriate to compel the performance of an act "which the law specially enjoins, as a

8  duty resulting from an office, trust, or station." Cal. Civ. Proc. Code § 1085(a). Here, the Petitioners'

9  writ fails to meet these requirements.

10

11      **1.    The Petition Fails Because the District Cannot Be Compelled to Perform
        an Exercise of Discretion.**

12          Petitioners appear to allege that the District did not comply with the California

13  Pension Protection Act of 1992 (Cal. Const. Art. XVI, § 17), which prescribes the plenary authority

14  and fiduciary responsibility of the retirement board of a public pension. Petition, ¶ 11. It is not clear

15  which entities Petitioners allege comprise the "retirement board", which is the entity subject to the

16  provisions of the California Pension Protection Act of 1992, or who allegedly owed or owes a

17  fiduciary duty to Petitioners. If Petitioners intended to refer to the District, under the California

18  Constitution, the District had plenary authority (*e.g.*, discretion) to act in actuarial matters. Cal.

19  Const. art. XVI, § 17(e). Specifically, the District had authority over actuarial matters and the right

20  to administer investments *without interference. See Westley*, 105 Cal. App. 4th at 1110 (emphasis

21  added). Mandamus cannot be used to control the exercise of discretion. *Common Cause v. Board of*

22  *Supervisors*, 49 Cal. 3d 432, 442 (1989) (holding that mandamus cannot be used to control the

23  exercise of discretion).

24          The various remedies Petitioners seek, including funding the VHS Retirement Plan in

25  accordance with recommendations of the VHS Retirement Plan's independent actuary (Petition,

26  Prayer for Relief, ¶ 2 (a)), and taking no action that renders the VHS Retirement Plan actuarially

27  unsound (Petition, Petition, Prayer for Relief, ¶ 2 (d)), are not based upon any **mandatory**

28

1    **ministerial** duty set forth in statute.  Because Petitioners seek to compel the District to perform

2    discretionary functions falling within the District's plenary authority over actuarial matters,

3    mandamus is inappropriate.  Moreover, many of the items in the prayer refer to mandating a

4    "negative action" (*i.e.*, that Respondents take no action "concealing or furthering Underfunding."

5    Petition, Petition, Prayer for Relief, ¶ 2 (c); *see also* Petition, Petition, Prayer for Relief, ¶ 2 (d) and

6    (e).  These requests are nonsensical and are not the appropriate subject of the Petition.

7
8    **2.    The Petition Fails Because The Trustees Had No Duty To Act As
        Requested in the Petition.**

9        The Trustees, in either their roles as trustees of the VHS Retirement Plan or as

10   individuals, had no duty to act as requested in the Petition.  The Trustees were "directed trustees".

11   *See* VHS Retirement Plan, Sections 1.18, 14.3; Exhibit "1" to Bergenfeld Declaration.  As such, their

12   duties were to hold funds and pay out funds, in the manner directed by the District.  The provisions

13   of the California Constitution upon which Petitioners attempt to rely, do not operate to create any

14   duty on the part of the Trustees because the Trustees are not part of a retirement board of a public

15   pension or retirement system, as specified in this constitutional provision, and are therefore not

16   subject to these provisions' requirements.  *See* Cal. Const. art. XVI, § 17.

17
18   **3.    The Petition Fails Because Petitioners Failed to Show the Inadequacy of
        Other Remedies.**

19       Finally, Petitioners have failed to set forth facts demonstrating the inadequacy of

20   other legal remedies.  If Petitioners believe that they are entitled to additional benefits, the

21   appropriate remedy under other circumstances would be to bring a direct action for the recovery of

22   such benefits.  However, because any such obligations of the District have been discharged under the

23   Chapter 9 Plan, such action would fail, as discussed above, in Section III.C of this Motion.

24   **4.    The Petition Fails Because Petitioners Failed to Verify the Petition.**

25       A petition for writ of mandate must be verified.  Cal. Civ. Proc. Code § 1086.

26   Petitioners failed to verify the Petition, and, as such, their claims must fail.

27
28
                                           17

**G.    The Third Cause of Action for Breach of Implied and Express Contract Fails to State a Claim Upon Which Relief May Be Granted As to All Respondents.**

To adequately state a cause of action for breach of contract, "it is absolutely essential to plead the terms of the contract either in *haec verba* or according to legal effect." *Twaite v. Allstate*, 216 Cal. App. 3d 239, 252 (1989). Petitioners must either attach the contract to their Writ of Mandate and incorporate it by reference, or plead its essential terms verbatim in the Writ of Mandate. *See* 5 *Witkin, Cal. Procedure, Pleading*, section 520; *Scolinos v. Kolts*, 37 Cal. App. 4th 635 (1995), *as modified on denial of reh'g* (Aug. 24, 1995). Petitioners have failed to do so.

Petitioners merely allege that Petitioners and the District have entered in a "valid and binding contract, under the terms of which Petitioners provided labor to the Hospital [District] in exchange for compensation, a portion of which included Petitioner's entitlement to received defined pension benefits upon reaching retirement age under the Plan." (Petition, para. 44.) They further allege that an "implied and express covenant of the parties' contract required the Plan and Hospital [District] to maintain an actuarially sound retirement system." (Petition, para. 45.) However, Petitioners have failed to cite any language of the contract verbatim or to attach a copy of same.

Moreover, Petitioners have alleged this cause of action against all Respondents, but there is no contractual relationship between Petitioners and the Trustees, and no allegation of same. Accordingly, this cause of action must fail in its entirety.

**H.    The Fourth Cause of Action for Declaratory Relief Fails to State A Claim Upon Which Relief May Be Granted As to All Respondents.**

An action for declaratory relief is authorized only when an actual current controversy exists. *See* Cal. Civ. Proc. Code § 1060. When only past alleged wrongs are involved – as is the case here – there is no basis for declaratory relief. *Baldwin v. Marina City Properties, Inc.*, 79 Cal. App. 3d 393, 407-408 (1978). Here, Petitioners generally allege that beginning in 1999, the District failed to contribute to the VHS Retirement Plan and that Respondents failed to perform obligations under the plan, and concealed the District's alleged violation of the VHS Retirement Plan requirements and the alleged underfunding. (*See* Petition, ¶¶ 20, 21, 22.) Further, Petitioners seek a declaration that the District and the Trustees violated the "PLAN document" by failing to fund the

18

1    VHS Retirement Plan "as required" (Petition, ¶ 57(a)); and that the District and the VHS Retirement

2    Plan breached a contract with Petitioners by "rendering the retirement system actuarially unsound".

3    Petition, ¶ 57(b).

4                   Here, Petitioners improperly seek declaratory relief related to activities that allegedly

5    began over a decade ago.  Moreover, no **current controversy** is alleged, nor could one exist because

6    any obligations Respondents may have had, if any, were discharged under the District's Plan of

7    Adjustment.  Accordingly, declaratory relief is not available.

8
    **I.    The Petition Should Be Dismissed Because It Was Brought In Violation of the**
9        **Automatic Stay and is Therefore Void.**

10                  Finally, the claims asserted in the Petition are prepetition claims, they were brought in

11   violation of the automatic stay.  Section 362 of the Bankruptcy Code operates as a stay, applicable to

12   all entities, of "any act to obtain possession of property of the estate or of property from the estate or

13   to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Section 362 is "extremely

14   broad in scope" and "should apply to almost any type of formal or informal action against the debtor

15   or the property of the estate." *Delpit v. Comm'r Internal Revenue Serv.*, 18 F.3d 768, 771 (9th Cir.

16   1994).  In light of this broad sweep, "violations of the automatic stay [are] void, not voidable."

17   *Burkart v. Coleman (In re Tippett),* 542 F.3d 684, 690-91 (9th Cir. 2008) (quoting *Schwartz v.*

18   *United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992)).  Accordingly, in addition to

19   having been filed in violation of the discharge and injunction provisions of the Chapter 9 Plan and

20   the Confirmation Order, the Petition is void and must be dismissed.

21

22

23

24

25

26

27

28

545033v1

1

## IV.

2

## CONCLUSION

3       For all of the reasons set forth herein, the District, the VHS Retirement Plan, and the

4  Trustees respectfully request that this Court dismiss the Petition and grant such other relief as this

5  Court deems to be just and proper.

6

7  Dated: October 22, 2010                    */s/ Neeta Menon*_____
                                             CHARLES D. AXELROD
8                                            GARY E. KLAUSNER
                                             MARINA FINEMAN
9                                            NEETA MENON
                                             STUTMAN, TREISTER & GLATT, P.C.
10                                           Counsel for Respondent Valley Health System
                                             (erroneously sued as Valley Health Systems)

11                                           JAY ADAMS KNIGHT
                                             MARK ATWOOD
12                                           CYNTHIA J. EMRY
                                             JACKSON LEWIS LLP
13                                           Counsel for Valley Health System (erroneously sued as
14                                           Valley Health Systems); the Valley Health System
                                             Retirement Plan (erroneously sued as the Valley Heath
15                                           Systems Retirement Plan); Joel Bergenfeld,
                                             individually and in his capacity as a Trustee of the
16                                           Valley Health System Retirement Plan; Vinay M. Rao,
                                             individually and in his capacity as a Trustee of the
17                                           Valley Health System Retirement Plan; and Michele
                                             Bird, individually and in her capacity as a Trustee of
18                                           the Valley Health System Retirement Plan

19

20

21

22

23

24

25

26

27

28

20

545033v1

| In re: VALLEY HEALTH SYSTEM | | CHAPTER 9 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:07-BK-18293-pc<br>Adv. Pro. No. 6:10-1566-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described as "**NOTICE OF MOTION AND RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH SYSTEM RETIREMENT PLAN'S, JOEL BERGENFELD'S, VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE: (1) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 22, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Neeta Menon on behalf of Defendant Valley Heal;th System
nmenon@stutman.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 22, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/22/2010 | Debra G. Ige | /s/ *Debra G. Ige* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                              **F 9013-3.1.PROOF.SERVICE**

| In re: VALLEY HEALTH SYSTEM | CHAPTER 9 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-BK-18293-pc<br>Adv. Pro. No. 6:10-1566-PC |

## II. **SERVED BY U.S. MAIL**

Honorable Peter H. Carroll
USBC – Central District of California
Edward R. Roybal Federal Building
and Courthouse
255 E. Temple St., Suite 1534
Los Angeles, CA  90012

Attys for Plaintiffs
The Petersen Law Firm
Attn:  Anjana Gupta, Gregory G. Petersen and
Ramon Trujillo
3100 Airway Avenue, Suite 109
Costa Mesa, CA  92626

Attys for the Committee of Unsecured Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

Party Requesting Special Notice
Key Equipment Finance Inc.
c/o Frandzel Robins Bloom & Csato, L.C.
Attn:  Andrew K. Alper
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA  90048

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                    F 9013-3.1.PROOF.SERVICE

| In re: VALLEY HEALTH SYSTEM | | CHAPTER 9 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:07-BK-18293-pc<br>Adv. Pro. No. 6:10-1566-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA  90067.

A true and correct copy of the foregoing document described as "**NOTICE OF MOTION AND RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELD'S, VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE: (1) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **October 22, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Neeta Menon on behalf of Defendant Valley Heal;th System
nmenon@stutman.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 22, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/22/2010 | Debra G. Ige | /s/ Debra G. Ige |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                **F 9013-3.1.PROOF.SERVICE**

| In re: VALLEY HEALTH SYSTEM | CHAPTER 9 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-BK-18293-pc<br>Adv. Pro. No. 6:10-1566-PC |

## II. **SERVED BY U.S. MAIL**

Honorable Peter H. Carroll
USBC – Central District of California
Edward R. Roybal Federal Building
and Courthouse
255 E. Temple St., Suite 1534
Los Angeles, CA  90012

Attys for the Committee of Unsecured Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

Attys for Plaintiffs
The Petersen Law Firm
Attn:  Anjana Gupta, Gregory G. Petersen and
Ramon Trujillo
3100 Airway Avenue, Suite 109
Costa Mesa, CA  92626

Party Requesting Special Notice
Key Equipment Finance Inc.
c/o Frandzel Robins Bloom & Csato, L.C.
Attn:  Andrew K. Alper
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA  90048

Atty for Metlife
Barger & Wolen LLP
Attn:  James Castle
633 W 5th St 47th Fl
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT "5"

FILED & ENTERED

JAN 18 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

CHARLES D. AXELROD (SBN 39507)
GARY E. KLAUSNER (SBN 69077)
MARINA FINEMAN (SBN 193065)
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:     (310) 228-5600
Telecopy:      (310) 228-5788
Email:  gklausner@stutman.com
        mfineman@stutman.com

Attorneys for Respondent Valley Health System
(erroneously sued as Valley Health Systems)

MARK ATTWOOD (SBN 122992)
JAY ADAMS KNIGHT (SBN 50916)
CYNTHIA J. EMRY (SBN 161763)
JACKSON LEWIS LLP
725 South Figueroa, Suite 2500
Los Angeles, CA 90017
Telephone:     (213) 689-0404
Telecopy:      (213689-0430
Email:  KnightJ@jacksonlewis.com
AttwoodM@jacksonlewis.com
emryC@jacksonlewis.com

Attorneys for Respondents Valley Health System, VHS
(erroneously sued as Valley Health Systems); the Valley
Health System Retirement Plan (erroneously sued as the
Valley Health Systems Retirement Plan); Joel Bergenfeld,
individually and in his capacity as a Trustee of the Valley
Health System Retirement Plan; Vinay M. Rao,
individually and in his capacity as a Trustee of the Valley
Health System Retirement Plan; and Michelle Bird,
individually and in her capacity as a Trustee of the Valley
Health System Retirement Plan

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re | ) Bankr. Case No. 6:07-bk-18293-PC |
| | ) |
| VALLEY HEALTH SYSTEM, a California Local Health Care District, | ) Adv. Pro. No. 6:10-ap-1566-PC |
| | ) |
| | ) Chapter 9 |
| Debtor. | ) |
| PEGGY KIRTON, an individual; and DIANA AGNELLO, an individual, | ) **ORDER GRANTING RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELD'S, VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE: (1) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF** |
| Petitioners, | ) |
| v. | ) |
| VALLEY HEALTH SYSTEM, a California Local Health Care District; the VALLEY HEALTH SYSTEM RETIREMENT PLAN, a public employee retirement entity, JOEL BERGENFELD, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan, VINAY M. RAO, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan, MICHELE BIRD, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan, MET LIFE, INC., in its fiduciary capacity as the administrator of the Valley Health System Retirement Plan, and DOES 1 through 200, inclusive, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) <u>Hearing</u> |
| | ) |
| | ) Date:  January 4, 2011 |
| | ) Time:  9:30 a.m. |
| | ) Judge:  Hon. Peter H. Carroll |
| | ) Place:  Courtroom 1539 |
| | )             255 East Temple Street |
| Respondents. | )             Los Angeles, California. |

547095v2

1  The "Respondents Valley Health System's, Valley Health Retirement Plan's, Joel

2  Bergenfeld's, Vinay M. Rao's And Michele Bird's Motion To Dismiss Petition For Writ Of Mandate

3  Pursuant To Code Of Civil Procedure 1085 Re: (1) Violation Of Valley Health System's Retirement

4  Plan; (2) Violation Of California Constitution; (3) Breach Of Contract; And (4) Declaratory Relief"

5  [Docket No. 4] (the "Motion"),[1] filed by Joel Bergenfeld, Vinay M. Rao, and Michele Bird,

6  individually, and in their capacity as trustees of the Valley Health System Retirement Plan

7  (collectively referred to herein as the "Trustees"), Valley Health System, a California Local Health

8  Care District (the "District"), Valley Health System Retirement Plan (the Trustees, the District and

9  the Valley Health System Retirement Plan, are collectively referred to herein as "Respondents"),

10  came on for hearing before the Honorable Peter H. Carroll in Courtroom 1539, located at 255 East

11  Temple Street, Los Angeles, California on January 4, 2011 at 9:30 a.m.  Appearances are stated in

12  the record.

13  Having read and considered, among other things:

14  (i)  The Motion;

15  (ii)  The Declaration of Joel Bergenfeld filed in support of the Motion [Docket No.

16  5];

17  (iii)  The Request for Judicial Notice filed in support of the Motion [Docket No. 6]

18  ("Request for Judicial Notice");

19  (iv)  The Stipulation between Petitioners and Respondents to continue the hearing

20  date on the Motion [Docket No. 12];

21  (v)  Respondents' Notice of No Opposition Having Been Filed By Petitioners to

22  the Motion [Docket No. 15]; and

23  (vi)  Notice of Petitioners' Intent to File Superseding and/or Amended Pleading

24  [Docket No. 16].

25

26

27

28
---
[1]  Any capitalized words not defined herein shall have the meaning set forth in the Motion.

547095v2

And the Court having considered arguments made by counsel at the hearing, in addition to the findings and conclusions the Court made on the record at the time of the hearing, the Court makes reference to the following findings:

A.    Petitioners Peggy Kirton and Diana Agnello ("Petitioners") failed to file any opposition or response of any kind to Respondents' Motion. The Motion was originally scheduled to be heard by the Court on November 30, 2010. Accordingly, under Local Bankruptcy Rule ("LBR") 9013-1(f), any opposition was due on November 16, 2010. Petitioners did not file an opposition to the Motion at that time. On November 24, 2010, Petitioners and Respondents stipulated to continue the hearing date on the Motion for thirty (30) days. The Court continued the hearing date on the Motion to January 4, 2011. Accordingly, based upon the new hearing date, any opposition to Respondents' Motion was due December 21, 2010. LBR 9013-1(f).

B.    Petitioners' failure to file an opposition to the Motion may be deemed to be consent by Petitioners to the granting of the Motion, pursuant to LBR 9013-1(h).

C.    Petitioners' attempt to amend the "Petition for Writ of Mandate Pursuant to Code of Civil Procedure 1085 Re: (1) Violation of Valley Health Systems Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief" (the "Petition") on January 3, 2011 was improper and untimely under Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(B).

D.    Petitioners did not seek or acquire written consent from Respondents to amend the Petition or seek leave of the Court to amend the Petition, as required by FRCP 15(a)(2). Accordingly, the Petition is not deemed amended and the Court was not obligated to consider the amended Petition that Petitioners attempted to file on January 3, 2011. LBR 7015-1(a)(3).

E.    Petitioners did not file a motion to continue the hearing on the Motion or to extend the time to respond to the Motion.

Accordingly, the Court hereby **ORDERS** that:

1.    Pursuant to FRCP 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b), Respondents' Motion is hereby GRANTED in its entirety, for the reasons set forth in the Motion and herein.

4

547095v2

1          2.      Respondents' Request for Judicial Notice, filed concurrently with the Motion,

2 is granted in its entirety.

3          3      The Petition is hereby dismissed, without leave to amend, as to all of the

4 Respondents and Met Life, Inc., and the entire action is hereby dismissed.

5          ###

6

7

8 Presented by:

9 */s/ Marina Fineman*
CHARLES D. AXELROD

10 GARY E. KLAUSNER
MARINA FINEMAN

11 NEETA MENON
STUTMAN, TREISTER & GLATT

12 PROFESSIONAL CORPORATION

13 Counsel for Valley Health System

14

15

16

17

18

19

20

21

22

23

24

25

26 DATED: January 18, 2011         _____
United States Bankruptcy Judge

27

28

547095v2

| In re: VALLEY HEALTH SYSTEM, | CHAPTER 9 |
| | |
| Debtor(s). | CASE NUMBER 6:07-bk-18293-PC<br>Adv. Pro. No. 6:10-ap-1566-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA  90067.

The foregoing document described **[PROPOSED] ORDER GRANTING RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELD'S, VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE: (1) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    None.

        ☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 10, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

        ☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

        ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 10, 2011 | Kendra A. Johnson | */s/ Kendra A. Johnson* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

547095v2

| In re:  VALLEY HEALTH SYSTEM, | CHAPTER 9 |
| | CASE NUMBER 6:07-bk-18293-PC |
| Debtor(s). | Adv. Pro. No. 6:10-ap-1566-PC |

_Date_                              _Type Name_                              _Signature_

## II. SERVED BY U.S. MAIL

Honorable Peter H. Carroll
USBC – Central District of California
Edward R. Roybal Federal Building
and Courthouse
255 E. Temple St., Suite 1534
Los Angeles, CA  90012

Attys for the Committee of Unsecured Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

Attys for Plaintiffs
The Petersen Law Firm
Attn:  Anjana Gupta, Gregory G. Petersen and
Ramon Trujillo
3100 Airway Avenue, Suite 109
Costa Mesa, CA  92626

Party Requesting Special Notice
Key Equipment Finance Inc.
c/o Frandzel Robins Bloom & Csato, L.C.
Attn:  Andrew K. Alper
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA  90048

Atty for Metlife
Barger & Wolen LLP
Attn:  James Castle
633 W 5th St 47th Fl
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_                                                                    **F 9013-3.1.PROOF.SERVICE**

547095v2

| In re:  VALLEY HEALTH SYSTEM, | CHAPTER 9 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-bk-18293-PC<br>Adv. Pro. No. 6:10-ap-1566-PC |

### NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **[PROPOSED] ORDER GRANTING RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELD'S, VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE: (1) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **January 5, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

See following page.

⊠　　Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐　　Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

⊠　　Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

547095v2

**F 9021-1.1.NOTICE.ENTERED.ORDER**

| In re:  VALLEY HEALTH SYSTEM, | CHAPTER 9 |
| Debtor(s). | CASE NUMBER 6:07-bk-18293-PC<br>Adv. Pro. No. 6:10-ap-1566-PC |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING

Andrew K Alper on behalf of Creditor Key Equipment Finance Inc.
aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com

Terri H Andersen on behalf of U.S. Trustee United States Trustee (RS) terri.andersen@usdoj.gov

Kathryn M Barnes on behalf of Creditor c/o Kathryn Barnes Valley Medical Staffing, Inc.
kbarnes@thelen.com

Daniel I Barness on behalf of Plaintiff Diana Agnello daniel@barnesslaw.com

Mark Bradshaw on behalf of Creditor Hemet Community Medical Group Inc mbradshaw@shbllp.com

Michael E Busch on behalf of Creditor BETA Healthcare Group michael.busch@fnf.com

Traci L Cotton on behalf of Creditor UT System obo UT MD Anderson Cancer Center tcotton@utsystem.edu

Jennifer Witherell Crastz on behalf of Creditor Beckman Coulter, Inc.
jcrastz@hemar-rousso.com

Melissa Davis on behalf of Creditor KM Strategic Management LLC mdavis@shbllp.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS) timothy.j.farris@usdoj.gov

Marina Fineman on behalf of Defendant Valley Health System mfineman@stutman.com

H Alexander Fisch on behalf of Counter-Defendant Valley Health System afisch@stutman.com

Yolanda Flores-Burt on behalf of Interested Party Courtesy NEF yflores1@sbcglobal.net

Heather Fowler on behalf of Interested Party Prime Healthcare Management, Inc.
heather.fowler@lw.com, colleen.rico@lw.com

Roger F Friedman on behalf of Creditor Kali Chaudhuri rfriedman@rutan.com

Fred Gaines on behalf of Debtor In Possession Valley Health System fgaines@gaineslaw.com

Peter J Gurfein on behalf of Interested Party Physicians for Healthy Hospitals, Inc.
pgurfein@lgbfirm.com

Mark S Horoupian on behalf of Interested Party Prime Healthcare Management LLC
mhoroupian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

Allan H Ickowitz on behalf of Creditor Kaiser Foundation Hospitals aickowitz@nossaman.com

Jeffrey L Kandel on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims
jkandel@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

| In re:  VALLEY HEALTH SYSTEM, | CHAPTER 9 |
| | |
| Debtor(s). | CASE NUMBER 6:07-bk-18293-PC<br>Adv. Pro. No. 6:10-ap-1566-PC |

Sheri Kanesaka on behalf of Creditor Catholic Healthcare West sheri.kanesaka@bryancave.com

Q Scott Kaye on behalf of Creditor U.S. Bank, National Association, as trustee qskaye@mwe.com

John W Kim on behalf of Creditor Kaiser Foundation Hospitals jkim@nossaman.com

Bradford Klein on behalf of Interested Party Courtesy NEF brad.e.klein@gmail.com

Robert A Klyman on behalf of Interested Party Prime Healthcare Services, Inc.
robert.klyman@lw.com

Stuart I Koenig on behalf of Creditor Blue Cross Of California Skoenig@cmkllp.com

Jean LeBlanc on behalf of Creditor U.S. Bank, National Association, as trustee jleblanc@mwe.com

Paul J Leeds on behalf of Creditor Healthcare Management Solutions, Inc.
leedsp@higgslaw.com, reisingc@higgslaw.com

Dana N Levitt on behalf of Creditor U.S. Bank, National Association, as trustee dlevitt@mwe.com,
WSmith@mwe.com

Michael S Lurey on behalf of Creditor Catholic Healthcare West michael.lurey@lw.com, colleen.rico@lw.com

Samuel R Maizel on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims
smaizel@pszjlaw.com, smaizel@pszjlaw.com

David J Mccarty on behalf of Counter-Claimant Aetna Health Management LLC dmccarty@sheppardmullin.com,
pibsen@sheppardmullin.com

Neeta Menon on behalf of Debtor Valley Health System nmenon@stutman.com

Scott H Olson on behalf of Creditor SEIU United Healthcare Workers West and Joint Employer Education Fund
solson@seyfarth.com

Thomas J Polis on behalf of Creditor DaVita Inc tom@polis-law.com

Uzzi O Raanan on behalf of Creditor Siemens Financial Services, Inc.
uor@dgdk.com

Christian L Raisner on behalf of Creditor Local 121 RN bankruptcycourtnotices@unioncounsel.net,
craisner@unioncounsel.net

Christopher O Rivas on behalf of Creditor General Electric Capital Corporation crivas@reedsmith.com

Stephanie M Seidl on behalf of Counter-Claimant Aetna Health Management LLC sseidl@sheppardmullin.com

Leonard M Shulman on behalf of Creditor Hemet Community Medical Group Inc lshulman@shbllp.com

Gerald N Sims on behalf of Creditor BETA Healthcare Group jerrys@psdslaw.com, bonniec@psdslaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

547095v2

| In re: VALLEY HEALTH SYSTEM,<br><br>Debtor(s). | CHAPTER 9<br><br>CASE NUMBER 6:07-bk-18293-PC<br>Adv. Pro. No. 6:10-ap-1566-PC |
|---|---|

Nathan M Smith on behalf of Interested Party Prime Healthcare Services, Inc.
nsmith@perkinscoie.com

Adam M Starr on behalf of Creditor Anaheim Memorial Hospital starra@gtlaw.com

Jason D Strabo on behalf of Creditor U.S. Bank, National Association, as trustee jstrabo@venable.com,
losangelestrialdocket@mwe.com

Derrick Talerico on behalf of Creditor SCAN Health Plan dtalerico@loeb.com,
kpresson@loeb.com;ljurich@loeb.com

Wayne R Terry on behalf of Creditor BANK OF THE WEST wterry@hemar-rousso.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Andrea M Valdez on behalf of Creditor Universal Health Services avaldez@fulbright.com

Michael S Winsten on behalf of Creditor DaVita Inc mike@winsten.com

David M Wiseblood on behalf of Creditor c/o Christian L. SEIU-United Healthcare Workers West
dwiseblood@seyfarth.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

547095v2

| In re:  VALLEY HEALTH SYSTEM, | CHAPTER 9 |
| | |
| Debtor(s). | CASE NUMBER 6:07-bk-18293-PC |
| | Adv. Pro. No. 6:10-ap-1566-PC |

## III.  TO BE SERVED BY THE LODGING PARTY

Honorable Peter H. Carroll
USBC – Central District of California
Edward R. Roybal Federal Building
and Courthouse
255 E. Temple St., Suite 1534
Los Angeles, CA  90012

Attys for the Committee of Unsecured Creditors
Sam Maizel, Esq.
Jeff Kandel, Esq.
Pachulski, Stang Ziel & Jones LLP
10100 Santa Monica Blvd., Suite 100
Los Angeles, CA  90067

United States Trustee
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA  92501

Attys for Plaintiffs
The Petersen Law Firm
Attn:  Anjana Gupta, Gregory G. Petersen and
Ramon Trujillo
3100 Airway Avenue, Suite 109
Costa Mesa, CA  92626

Party Requesting Special Notice
Key Equipment Finance Inc.
c/o Frandzel Robins Bloom & Csato, L.C.
Attn:  Andrew K. Alper
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA  90048

Atty for Metlife
Barger & Wolen LLP
Attn:  James Castle
633 W 5th St 47th Fl
Los Angeles, CA 90071

4832-2002-2792, v.  14832-2002-2792, v.  1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

547095v2

EXHIBIT "6"



ENTERED
FEB 24 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

1

**NOT FOR PUBLICATION**

2

FILED

FEB 24 2011

3       **UNITED STATES BANKRUPTCY COURT**

4       **CENTRAL DISTRICT OF CALIFORNIA**

5       **RIVERSIDE DIVISION**

6   | In re: | ) | Case No. 6:07-bk-18293-PC |

7   VALLEY HEALTH SYSTEM, a
    California Local Health Care District,

Chapter 9

Adversary No. 6:10-ap-01566-PC

8                           Debtor.

9   PEGGY KIRTON and
10  DIANA AGNELLO,

11                          Plaintiffs,

12  v.

13  VALLEY HEALTH SYSTEM, a
    California Local Health Care District,
14  et al.,

15                          Defendants.

**MEMORANDUM DECISION RE: MOTION BY PETITIONERS FOR RECONSIDERATION AND VACATION OF "ORDER GRANTING RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELDS'S VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE (1) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF**

Date:   March 1, 2011
Time:   9:30 a.m.
Place:  United States Bankruptcy Court
        Courtroom # 1539
        255 East Temple Street
        Los Angeles, CA 90012

22

23      Before the court is the motion of Plaintiffs, Peggy Kirton and Diana Agnello (collectively,

24  "Kirton") for reconsideration and vacation of this court's Order Granting Respondents, Valley

25  Health System's, Valley Health Retirement Plan's, Joel Bergenfeld's, Vinay M. Rao's and

26  Michele Bird's Motion to Dismiss Petition for Writ of Mandate Pursuant to Code of Civil

27  Procedure 1085 Re: (1) Violation of Valley Health System's Retirement Plan; (2) Violation of

California Constitution; (3) Breach of Contract; and (4) Declaratory Relief ("Order") entered on

1  January 18, 2011. Having considered the grounds for reconsideration stated in Kirton's motion

2  in light of the court's findings of fact and conclusions of law stated orally and recorded in open

3  court at the hearing on January 4, 2011, which form the basis for the Order, the court dispenses

4  with oral argument and denies the relief requested in the motion based upon the following

5  findings of fact and conclusions of law[1] made pursuant to F.R.Civ.P. 52(a)(1),[2] as incorporated

6  into FRBP 7052, and applied to contested matters by FRBP 9014(c).

7  ## I. STATEMENT OF FACTS

8  On August 26, 2010, Kirton filed a Petition for Writ of Mandate Pursuant to Code of

9  Civil Procedure § 1085 Re: (1) Violation of Valley Health Systems Retirement Plan; (2)

10  Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief against

11  Valley Heath System, a California Local Health Care District ("VHS"), the Valley Health System

12  Retirement Plan Adopted January 1, 1971, as amended (the "VHS Retirement Plan"), Joel

13  Bergenfeld, Vinay M. Rao, and Michele Bird, individually and in their capacities as Trustees of

14  the VHS Retirement Plan (collectively, "the VHS Defendants"), in Case No. RIC 10017129,

15  Kirton, et al. v. Valley Health Systems, et al., in the Superior Court of California, County of

16  Riverside. By Notice of Removal of Civil Action filed on September 22, 2010, VHS removed

17  the pending state court action to this court pursuant to 28 U.S.C. § 1452(a) and FRBP 9027.

18  On October 22, 2010, the VHS Defendants filed a motion seeking a dismissal of the

19

20

21

22  [1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby
adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is
23  hereby adopted as such.

24  [2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse
25  Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule"
26  references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable
certain Federal Rules of Civil Procedure ("F.R.Civ.P.").

27

- 2 -

petition[3] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[4] alleging, in pertinent

part, that Kirton's petition fails to state a claim upon which relief can be granted because:

1.     Kirton's claims against VHS for alleged violation of the VHS Retirement Plan were discharged under VHS's confirmed chapter 9 plan;

2.     The trustees of the VHS Retirement Plan, unlike VHS, do not have any contractual obligations to Kirton under the VHS Retirement Plan;

3.     Neither the VHS Retirement Plan nor the trustees of the plan constitute a "retirement board" within the meaning of the California Pension Protection Act of 1992, Cal. Const. art. XVI, § 17;

4.     The VHS Retirement Plan is not a separate legal entity that can sue or be sued;

5.     Kirton failed to comply with the California Government Claims Act, which requires a party bringing an action against a public entity, where the primary purpose of the action is the recovery of money damages, to exhaust their administrative remedies before bringing such action;

6.     VHS, as a public entity, and its employees, as public employees, are immune from liability under the California Government Code. Cal. Gov't Code §§ 905, et seq.;

7.     Kirton's petition is procedurally defective in that it (a) fails to show other remedies were inadequate; (b) cannot compel VHS to perform an act which would involve the exercise of discretion; (c) the trustees have no duty to act as alleged by Kirton; and (d) the petition lacks verification;

8.     Kirton fails to plead the essential terms of an alleged contract in conjunction with the "Third Cause of Action for Breach of Implied and Express Contract" or to attach the alleged contract to the petition;

9.     Kirton fails to allege any current controversy or on-going violations in conjunction with the "Fourth Cause of Action for Declaratory Relief;" and

10.    Kirton seeks to recover on account of a pre-petition claim in violation of the automatic stay and discharge injunction provisions of VHS's chapter 9 plan and confirmation order.[5]

---

[3] Kirton's petition, as stated in the VHS Defendants' motion to dismiss, erroneously names VHS as "Valley Health Systems" and the VHS Retirement Plan as the "Valley Health Systems Retirement Plan."

[4] Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

[5] Respondents Valley Health System's, Valley Health Retirement Plan's, Joel Bergenfeld's, Vinay M. Rao's and Michele Bird's Motion to Dismiss Petition for Writ of Mandate Pursuant to Code of Civil Procedure 1085 Re: (1) Violation of Valley Health System's Retirement Plan; (2)

1    The VHS Defendants' Motion to Dismiss was originally set for hearing on November 30, 2010,

2    but was continued at Kirton's request to December 30, 2010.  The court then continued the

3    hearing on the motion <u>sua sponte</u> to January 4, 2011.[6]

4        Kirton did not file a written response in opposition to the VHS Defendants' Motion to

5    Dismiss, although the deadline to file opposition was extended by agreement of the parties in

6    conjunction with the continuance of the hearing on the motion.  Instead, Kirton filed an amended

7    complaint at 10:22 p.m. on January 3, 2011 – the evening before the hearing.  After a hearing on

8    January 4, 2011, the court granted the VHS Defendants' motion based upon findings of fact and

9    conclusions of law made on the record at the hearing.  The Order was entered on January 18,

10   2011, dismissing Kirton's petition without leave to amend.  Kirton now seeks reconsideration of

11   the Order.

12                             II. <u>DISCUSSION</u>

13       This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and

14   1334(b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I), (L) and (O).

15   Venue is appropriate in this court.  28 U.S.C. § 1409(a).

16   A.  <u>Standard for Reconsideration Under Rule 9023</u>

17       Rule 9023 makes Rule 59(e) of the Federal Rules of Civil Procedure applicable in

18   bankruptcy cases.  FRBP 9023.  Rule 59(e) authorizes the filing of a motion to alter or amend a

19   judgment not later than 14 days after entry of the judgment.  F.R.Civ.P. 59(e).  Reconsideration is

20

21   Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief ("Motion
     to Dismiss"), 4:20 – 6:22.

22

23   [9] By order dated September 28, 2010, the court directed the parties to attend a status conference
     in the removed action on December 7, 2010.  By Stipulation to Continue Hearing Date of
     Respondents' 12(b)(6) Motion to Dismiss and Status Conference Date filed on November 24,

24   2010, Kirton and the VHS Defendants sought to continue the court's status conference to

25   December 30, 2010, and to continue a hearing on the VHS Defendants' Motion to Dismiss to the
     same date and time.  Because December 30, 2010 was not a permissible date for hearings on

26   motions arising in adversary proceedings, the court continued the status conference and hearing
     on the VHS Defendants' Motion to Dismiss <u>sua sponte</u> to January 4, 2011.

27

                                        - 4 -

1   "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of

2   judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted);

3   Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  In

4   the Ninth Circuit, "'a motion for reconsideration should not be granted, absent highly unusual

5   circumstances, unless the district court is presented with newly discovered evidence, committed

6   clear error, or if there is an intervening change in the controlling law.'" Kona Enters., 229 F.3d

7   at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

8   Reconsideration may also be granted "as necessary to prevent manifest injustice." Navajo Nation

9   v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir.

10  2003).

11         In this case, the Order was entered on January 18, 2011.  Kirton's motion was filed on

12  January 28, 2011 – within 14 days of entry of the Order.  Kirton's motion is timely under Rule

13  9023.  Kirton's motion does not allege newly discovered evidence nor an intervening change in

14  controlling law.  Nor does Kirton's motion allege that reconsideration is necessary to prevent

15  manifest injustice.  Kirton alleges (1) irregularities in the post-hearing proceedings; (2) abuse of

16  discretion; (3) insufficiency of evidence to support issuance of the Dismissal Order; and (4)

17  errors of law.  Specifically, Kirton asserts:

18         1.      The **irregularities** include the following: (a) the inclusion of parties to whom
19                 Petitioners were entitled to entry of default within the coverage of the Dismissal
                   Order; (b) the granting of relief in the Dismissal Order beyond what was requested
20                 in the 12(b)(6) Motion; and (c) by the device of including names of purported
                   parties not named in the Petition, Respondent improperly expanded the scope of
21                 their representation, which, as a result of entry of the Dismissal Order containing
                   such names, has potentially resulted in the inclusion of parties who were not even
22                 named in the Petition, to wit: "VALLEY HEALTH SYSTEMS RETIREMENT
                   PLAN, a public employee retirement entity", and possibly other defined benefit
23                 plans maintained for the benefit of VHS employees.

24         2.      The **insufficiency of evidence** includes the following: (a) the inclusion within the
                   scope of the Dismissal Order of Respondent MetLife, and "VALLEY HEALTH
25                 SYSTEMS RETIREMENT PLAN, a public employee retirement entity", even
                   though such Respondents had failed to make an appearance in the Adversary
26                 Proceeding; (b) the inclusion in the Dismissal Order of a provision dismissing the
                   "entire action", although no evidence was presented in the 12(b)(6) Motion, or
27                 otherwise, that such relief was warranted or even requested.

- 5 -

1
     3.     The **errors of law** include the following: (a) violation of the "Single Judgment
2
Rule" (FRCP 54); (b) lack of subject matter jurisdiction, including (c) lack of
"core matter" jurisdiction as to "VALLEY HEALTH SYSTEMS RETIREMENT
PLAN, a public employee retirement entity".[7]

3
B. The Court Properly Dismissed All Claims Made the Basis of Kirton's Petition Under Rule
4
12(b)(6).
5

6
     With respect to the first and second grounds for reconsideration, the court properly

7
dismissed all claims made the basis of Kirton's petition notwithstanding the fact that Kirton

8
erroneously named VHS and the VHS Retirement Plan in the petition and MetLife, Inc.

9
("MetLife"), the administrator of the VHS Retirement Plan, had yet to file a responsive pleading

10
in the adversary proceeding.

11
     Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint

12
for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6).[8] Under Rule

13
8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader

14
is entitled to relief." F.R.Civ.P. 8(a)(2).[9] "[T]he pleading standard Rule 8 announces does not

15
require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

16
unlawfully-harmed-me accusation." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173

17
[7] Motion By Petitioners for Reconsideration and Vacation of "Order Granting Respondents
18
Valley Health System's, Valley Health Retirement Plan's, Joel Bergenfeld's, Vinay M. Rao's and
Michele Bird's Motion to Dismiss Petition for Writ of Mandate Pursuant to Code of Civil
19
Procedure 1085 Re: (1) Violation of Valley Health System's Retirement Plan; (2) Violation of
California Constitution; (3) Breach of Contract; and (4) Declaratory Relief ("Reconsideration
20
Motion"), 6:14 – 7:7. The court notes that Kirton previously objected to the form of the Order on
21
nearly identical grounds. See Petitioners' Objection to Form of Order Entitled: "[Proposed]
Order Granting Respondents Valley Health System's, Valley Health Retirement Plan's, Joel
22
Bergenfeld's, Vinay M. Rao's and Michele Bird's Motion to Dismiss Petition for Writ of
Mandate Pursuant to Code of Civil Procedure 1085 Re: (1) Violation of Valley Health System's
23
Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4)
Declaratory Relief" filed on January 14, 2011, 3:12 – 5:9. The court overruled Kirton's
24
objections and entered the Order on January 18, 2011.
25
[8] Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).
26
[9] Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).
27

1   L.Ed.2d 868 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007)). "[A]

2   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3   plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). "[A]

4   complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

5   short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 129 S.Ct.

6   1949 (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all

7   factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions

8   as true. <u>Iqbal</u>, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action,

9   supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at

10  555).

11          <u>Twombly</u> raised the bar for notice pleadings under Rule 8(a) such that a complaint will

12  not survive a motion to dismiss under Rule 12(b) unless "the non-conclusory 'factual content,'

13  and reasonable inferences from that content . . . plausibly [suggest] a claim entitling the plaintiff

14  to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009). A claim has facial

15  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16  inference that the defendant is liable for the misconduct alleged. A pleading that offers "labels

17  and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

18  <u>Twombly</u>, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]"

19  devoid of 'further factual enhancement." <u>Id.</u> at 557; see <u>Limestone Dev. Corp. v. Vill. of</u>

20  <u>Lemont, Ill.</u>, 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that <u>Twombly</u> "teaches that a

21  defendant should not be forced to undergo costly discovery unless the complaint contains enough

22  detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

23          Because the focus is the substance of the complaint, the court does not weigh or

24  determine the "sufficiency of evidence" in conjunction with a Rule 12(b)(6) motion.[10] However,

25  _____

26  [10] For this reason alone, Kirton's assertion that the Order should be vacated for "insufficiency of
    evidence" is without merit.

27

1  a matter that is properly the subject of judicial notice may be considered along with the complaint

2  when deciding a motion to dismiss for failure to state a claim. MGIC Indem. Corp. v. Weisman,

3  803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of

4  matters of public record outside the pleadings."); accord Banco Santander De Puerto Rico v.

5  Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16, 19 (1st Cir. 2003)

6  ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's

7  reference to such matters does not convert a motion to dismiss into a motion for summary

8  judgment."); Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) ("Despite the

9  express language of Fed.R.Civ.P. 12(b), we recently held that '[t]he district court may also take

10  judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion

11  for summary judgment.'" (citation omitted)).

12      Kirton's petition failed to state a plausible claim for relief against any of the VHS

13  Defendants or MetLife. VHS had only one retirement plan – the VHS Retirement Plan identified

14  in VHS's disclosure statement.[11]  Kirton's petition seeks damages in excess of $100 million

15  under various theories for alleged under-funding of the VHS Retirement Plan since 1999.  VHS

16  filed a voluntary petition under chapter 9 in the above referenced bankruptcy case on December

17  13, 2007.  Benefits accruing under the VHS Retirement Plan had been frozen since May 4,

18  1999.[12]  On the petition date, the VHS Retirement Plan was tantamount to a pre-petition contract

19  between VHS and the plan participants.  See Westley v. Cal. Pub. Employees Ret. Sys. Bd. Of

20  Admin., 105 Cal. App. 4th 1095, 1116 (3d Dist. 2003) (observing that retirement benefits under

21  the CalPERS fund were contractual obligations of the state).  VHS's only funding obligations

22  arose from its contractual obligations under the VHS Retirement Plan.  The trustees of the VHS

23  Retirement Plan had no contractual obligations under the plan in their individual capacities.

24  ────────────

25  [11] First Amended Disclosure Statement With Respect to the Plan for the Adjustment of Debts of
Valley Health System Dated December 17, 2009 ("VHS Disclosure Statement"), 31:27-28.

26  [12] Id., 31:27-32:2.

27

-8-

1    Kirton received notice of VHS's bankruptcy and the deadline of August 25, 2008, within which

2    to file proofs of claim.[13]

3            On April 26, 2010, an order was entered confirming VHS's chapter 9 plan of

4    adjustment.[14]  VHS's confirmed plan treated allowed claims of VHS Retirement Plan participants

5    in Class # 2.[15]  Kirton did not object to confirmation of VHS's plan, which contemplated a sale

6    of substantially all of VHS's assets to Physicians for Healthy Hospitals, Inc.  When the sale

7    closed on October 13, 2010, VHS's confirmed plan of adjustment became effective and binding

8    upon all parties in interest, including Kirton.[16]  VHS was then discharged from its pre-petition

9    obligations to Kirton based upon or arising out of the VHS Retirement Plan except as provided

10    by the confirmed plan and Kirton was enjoined from enforcing such obligations except as

11

12    _____

13    [13] Request for Judicial Notice in Support of Respondents Respondents Valley Health System's,
      Valley Health Retirement Plan's, Joel Bergenfeld's, Vinay M. Rao's and Michele Bird's Motion
14    to Dismiss Petition for Writ of Mandate Pursuant to Code of Civil Procedure 1085 Re: (1)
15    Violation of Valley Health System's Retirement Plan; (2) Violation of California Constitution;
      (3) Breach of Contract; and (4) Declaratory Relief ("VHS Defendants' Request for Judicial
16    Notice"), # 1 & 2, Exhibits A & B: 15 & 45.

17    [14] Id., # 3, Exhibit C.

18    [15] First Amended Plan for the Adjustment of Debts of Valley Health System Dated December
19    17, 2009, as Modified ("VHS Plan"), 16:7-22.  "Because chapter 9 only incorporates
      administrative claims allowed under section 507(a)(2), this Defined Benefit Plan Claim is not
20    entitled to priority status and should be instead treated as an unsecured Class 2C Claim under the
      Plan."  VHS Disclosure Statement, 21:15-17.  "Defined Benefit Plan Participants will be entitled
21    to the same rights and benefits to which such participants are currently entitled under the VHS
22    Retirement Plan and the MetLife Group Annuity Contract, and such participants shall have no
      recourse to the District or to any assets of the District, and shall not be entitled to receive any
23    distributions under this Plan.  Instead, all unallocated amounts held by MetLife Group, pursuant
24    to the VHS Retirement Plan and MetLife Group Annuity Contract, will continue to be made
      available to provide retirement benefits for participants in the manner indicated under the
25    provisions of the VHS Retirement Plan and MetLife Group Annuity Contract."  VHS Plan,
      16:13-20.
26
27    [16] VHS Defendants' Request for Judicial Notice, # 4, Exhibit D:1,3.

1    provided by the confirmed plan.[17]

2    Finally, the fact that MetLife, the VHS Retirement Plan administrator, had not joined the

3    VHS Defendants' Motion to Dismiss or otherwise filed a responsive pleading in the adversary

4    proceeding did not prevent the court from dismissing Kirton's claims against MetLife without

5    leave to amend as well. See, e.g., Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 743

6    (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party

7    which had not appeared, on the basis of facts presented by other defendants which had

8    appeared."); Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A

9    District Court may properly on its own motion dismiss an action as to defendants who have not

10    moved to dismiss where such defendants are in a position similar to that of the moving

11    defendants or where claims against such defendants are integrally related."), cert. denied, 454

12    U.S. 895 (1981). In this case, MetLife was in an identical position to the VHS Defendants and

13    Kirton's claims against MetLife, as set forth in the petition, were integrally related to those

14    asserted against the VHS Defendants. It was, therefore, appropriate to dismiss the causes of

15    action asserted in Kirton's complaint against all defendants, including MetLife, without leave to

16    amend.

17    C.    The Court Had Subject Matter Jurisdiction Over Kirton's Petition and Authority to

18          Dismiss the Petition Under Rule 12(b)(6).

19    By reference from the district court, a bankruptcy court has subject matter jurisdiction "of

20    all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28

21    U.S.C. § 1334(b). VHS invoked the subject matter jurisdiction of this court upon the filing of its

22    voluntary chapter 9 petition on December 13, 2007. The court confirmed VHS's plan of

23

---

24    [17] Id. "Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that
25    could have been raised pertaining to the plan are entitled to res judicata effect. Res judicata bars
       a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on
26    the merits in a previous action involving the same parties and claims." Trulis v. Barton, 107 F.3d
       685, 691 (9th Cir. 1995) (citations omitted).
27

1   adjustment on April 26, 2010. This court has subject matter jurisdiction of any disputes

2   "affecting 'the interpretation, implementation, consummation, execution, or administration of the

3   confirmed plan.'" State of Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1194

4   (9th Cir. 2005) (quoting In re Resorts Int'l, Inc., 372 F.3d 154, 167 (3d Cir. 2004).

5          In its notice of removal filed on September 22, 2010, VHS stated in pertinent part:

6      9.      Each cause of action and the damages sought by Petitioners may directly or
               indirectly impact the property of the District's bankruptcy estate as defined in
7              section 541(a) of the Bankruptcy Code, over which this court has exclusive
               jurisdiction. This matter therefore falls squarely within federal bankruptcy
8              jurisdiction pursuant to 28 U.S.C. § 1334, because it arises in, arises under or
               relates to a proceeding under title 11.
9
       10.     Additionally, because the litigation implicates substantive rights created by the
10             Bankruptcy Code, and implicates matters concerning the administration of the
               estate, as well as the allowance or disallowance of claims against the estate or
11             exemptions from property of the District's estate, and the implementation of the
               District's confirmed Plan, the Litigation is a core proceeding pursuant to 28
12             U.S.C. § 157(b)(2)(A), (B) and/or (L).

13   Notice of Removal of Civil Action Under 28 U.S.C. § 1452(a), 3:22 – 4:7 (citations omitted).

14         If Kirton had grounds to believe that removal was improper, Kirton was required by LBR

15   9027-1(c) to file a motion seeking a remand of the removed action not later than October 22,

16   2010 – 30 days after the date of filing of the notice of removal. Kirton did not timely seek a

17   remand. If Kirton disagreed with the VHS Defendants' designation of the claims made the basis

18   of Kirton's petition as "core" proceedings in the notice of removal, Kirton should have filed, not

19   later than 14 days after the filing of the notice of removal, a statement "admitting or denying any

20   allegation in the notice of removal that upon removal of the claim or cause of action the

21   proceeding is core or non-core." FRBP 9027(e)(3). Kirton did not do so. Nor did Kirton file a

22   written response in opposition to the VHS Defendants' Motion to Dismiss.

23         Kirton's claim that a "misunderstanding" was the genesis of Kirton's failure to file a

24   written response in opposition to the VHS Defendants' Motion to Dismiss is belied by the record,

25   including the proceedings on January 4, 2011, during which the court made the following

26   findings:

27
                                          - 11 -

1    All right. I have reviewed the motion, the supporting declaration and request for judicial
notice. There's no opposition to the request for judicial notice. It is granted. The Court
2    has not received any opposition to the motion. I have to agree with Mr. Klausner.

3    The Defendants' Rule 12(b) motion was filed and served on October 22nd, 2010. The
matter was set on regular notice. This was no surprise to the Plaintiff[s]. It was set for
4    hearing on November 30th, 2010. The Plaintiffs were required to file and serve written
opposition not later than November 16th, 2010. No opposition was filed. By stipulation
5    filed on November 24th, 2010, the Plaintiffs and Defendants stipulated to a continuance
of the hearing to December 30th, 2010 together with an extension of time for the
6    Plaintiffs to file their response in opposition because the Plaintiffs' counsel, as stated in
the stipulation, was suffering from some medical issues.
7
The Court continued the hearing to January 4th, 2011. According to paragraph two of the
8    stipulation and according to our local Bankruptcy Rule 9013-1(f), a response in
opposition was to be filed and served not later than 14 days prior to today's hearing,
9    which would have been December 21st, 2010. Plaintiffs did not file and serve a response
in opposition to the motion. And, as Mr. Klausner pointed out, our loca Bankruptcy Rule
10   9013-1(h) specifically states that the failure to file opposition can be deemed by the Court
as consent to the granting of the relief requested in the motion.
11
What the Plaintiffs did, instead, was to file an amended complaint late yesterday
12   afternoon. Our local Bankruptcy Rule 7015-1(a)(3) states that a pleading will not be
deemed amended absent compliance with local Bankruptcy Rule 7015-1 and Bankruptcy
13   Rule 7015. Rule 15(a)(1), which is incorporated into Bankruptcy Rule 7015 states in
pertinent part that a party may amend its pleading once as a matter of course 21 days after
14   service of a motion under Rule 12(b).

15   Rule 15(a)(2) goes on to state that in all other cases a party may amend its pleading only
with the opposing party's written consent or with leave of court. The Plaintiffs' amended
16   complaint was filed after the original 21 day period expired as set forth in Rule 15(a)(1)
and after the extension of that time by the stipulation between the parties to December
17   14th, 2010. The Plaintiffs did not obtain the Defendants' written consent to amend its
complaint. Plaintiffs did not obtain leave of court. The Plaintiffs did not seek a
18   continuance or seek further time to respond to the motion if further time was necessary
and, in conjunction with that response that the court would have ultimately expected to
19   the motion, set forth the reasons why leave to amend should be granted in light of the
merits of the motion to dismiss.
20
The notice of – Respondents' notice of non-opposition, which was referenced by Mr.
21   Klausner states on page three beginning at line 2 Mr. Peterson and Mr. Silverstein
indicated that Petitioners intended to file an amended petition in response to the motion to
22   dismiss without seeking leave of this Court. Respondents have yet to be served with an
amended petition. Moreover, any amended petition would be untimely and should not be
23   considered by this Court. Petitioners had only 21 days after Respondents' motion to
dismiss was filed to file an amended pleading as a matter of right, citing Rule 15(a)(1)(B).
24   The motion to dismiss was filed on October 22nd. Accordingly, any amended pleading
filed as a matter of right should have been filed on or before November 12, 2010, and can
25   no longer be timely filed.

26   The Court would be willing to extend that in conjunction with the stipulation to
December 21st, but that was not even done. Accordingly – and the Court would finally
27

- 12 -

1  note the Court is not required to consider an amended pleading that was not filed in
accordance with Rule [15(a)] in conjunction with a determination of the merits of a
2  motion to dismiss under Rule 12(b).  Booth v. United States, 2007 WL 2462158 (E.D.
Cal.); Jones v. Marinello, 2006 WL 2348891 (N.D. Cal.).  So for the reasons stated in the
3  motion and based upon the declaration, Joel Bergenfeld in support of the motion and the
request for judicial notice in support of the motion, the motion is granted.  The complaint
4  is dismissed without leave to amend.

5  Transcript of Proceedings, 10:2 – 13:8.

6  Finally, the court is not prevented by Rule 54(c)[18] from dismissing Kirton's petition under

7  Rule 12(b)(6) against all defendants in this adversary proceeding, as alleged by Kirton.  Rule

8  54(c), which simply provides that "a default judgment must not differ in kind from, or exceed the

9  amount, what is demanded in the pleadings," has no application to a dismissal for failure to state

10  a claim upon which relief can be granted under Rule 12(b)(6).

11  Reconsideration under Rule 9023 is not intended to give a litigant a "second bite at the

12  apple."  See In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998) (citation omitted); see also

13  Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th

14  Cir. 1994) ("A motion to reconsider is not a second chance for the losing party to make its

15  strongest case or to dress up arguments that previously failed."); U.S. v. Carolina E. Chem. Co.,

16  639 F. Supp. 1420, 1423 (D.S.C. 1986) ("A party who failed to prove his strongest case is not

17  entitled to a second opportunity by moving to amend a finding of fact or a conclusion of law.");

18  In re Hillis Motors, Inc., 120 B.R. 556, 557 (Bankr. D. Haw. 1990) (Rule 59 does not "give a

19  disappointed litigant another chance."(citation omitted)).

20  D.    The Court Properly Dismissed Kirton's Petition Without Leave to Amend.

21  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely

22  give leave [to amend] when justice so requires."  F.R.Civ.P. 15(a)(2).[19]  "Dismissal without leave

23  to amend is improper unless it is clear, upon de novo review, that the complaint could not be

24

25  [18] Rule 54(c) is applicable to adversary proceedings by virtue of FRBP 7054.

26  [19] Rule 15(a)(2) is applicable to adversary proceedings by virtue of FRBP 7015.

27

1   saved by any amendment." <u>Polich v. Burlington N., Inc.</u>, 942 F.2d 1467, 1472 (9th Cir. 1991).

2   "[L]eave to amend should be granted unless the district court 'determines that the pleading could

3   not possibly be cured by the allegation of other facts.'" <u>U.S. v. SmithKline Beecham, Inc.</u>, 245

4   F.3d 1048, 1052 (9th Cir. 2001) (citation omitted); <u>Bly-Magee v. California</u>, 236 F.3d 1014,

5   1019 (9th Cir. 2001) (quoting <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)).  In this

6   case, the court properly dismissed the Kirton's petition without leave to amend because the

7   petition could not possibly be cured by the allegation of other facts given the nature of the

8   deficiencies.

9                                    III. <u>CONCLUSION</u>

10          For the reasons stated, Kirton's motion will be denied.

11          A separate order will be entered consistent with this memorandum.

12  DATED: February 24, 2011

13                                          PETER H. CARROLL
                                            United States Bankruptcy Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

| In re: | CHAPTER: |
| | |
| Debtor(s). | CASE NUMBER: |

**NOTE TO USERS OF THIS FORM:**
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I. below:** The United States trustee and case trustee (if any) will always be in this category.
**4) Category II. below:**  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  MEMORANDUM DECISION RE: MOTION BY PETITIONERS FOR RECONSIDERATION AND VACATION OF "ORDER GRANTING RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELDS'S VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE (1) (2) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of  02/24/11  , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Daniel I Barness    daniel@barnesslaw.com
- Marina Fineman    mfineman@stutman.com
- Neeta Menon    nmenon@stutman.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Charles D. Axelrod
1901 Ave Of The Stars 12 Floor
Los Angeles, CA 90067

Anjana Gupta
The Petersen Law Firm
3100 Airway Ave Ste 109
Costa Mesa, CA 92626

Gary E Klausner
1901 Avenue Of The Stars 12th Fl
Los Angeles, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NUMBER: |

Gregory G Petersen
The Petersen Law Firm
3100 Airway Ave Ste 109
Costa Mesa, CA 92703

Ramon Trujillo
The Petersen Law Firm
3100 Airway Ave Ste 109
Costa Mesa, CA 92626

☐ Service information continued on attached page

**III.** **TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                     **F 9021-1.1**



EXHIBIT "7"

584 Fed.Appx. 477
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals,
Ninth Circuit.

In re VALLEY HEALTH SYSTEM, a
California Local Health Care District, Debtor,
Valley Health System Retirement Plan; Valley
Health System; Vinay M. Rao, Trustee of the Valley
Health System Retirement Plan; Michele Bird,
Trustee of the Valley Health System Retirement
Plan; Joel Bergenfeld, Trustee of the Valley
Health System Retirement Plan, Appellants,

v.

Peggy Kirton; Diana Agnello, Appellees.

No. 12–60019.     |     Argued and Submitted
Feb. 5, 2014.     |     Filed Aug. 7, 2014.

Synopsis
**Background:** Former employees filed post-confirmation
state court petition for writ of mandamus, alleging that
Chapter 9 debtor had underfunded employee retirement
plan and seeking to enforce their alleged rights under
plan. Petition was removed to bankruptcy court. The
United States Bankruptcy Court for the Central District of
California, Peter H. Carroll, Chief Judge, granted motion
to dismiss without leave to amend, and former employees
appealed. The Bankruptcy Appellate Panel, Markel, J.,
vacated and remanded on ground that Bankruptcy Court
lacked jurisdiction to hear mandamus petition, and appeal was
taken.

**Holding:** The Court of Appeals held that bankruptcy court
could exercise continuing post-confirmation jurisdiction over
proceeding brought by former employees of Chapter 9 debtor,
a local healthcare district, seeking a writ of mandamus to
enforce their rights under retirement plan.

Reversed and remanded.

## Attorneys and Law Firms

**\*477** Mark R. Attwood, Cynthia J. Emry, Jackson Lewis,
LLP, Marina Fineman, **\*478** Gary E. Klausner, Stutman,
Treister & Glatt, PC, Los Angeles, CA, for Appellants.

Daniel Isaac Barness, Esquire, Barness & Barness LLP,
Los Angeles, CA, Gregory Glenn Petersen, Hunt, Ortmann,
Palffy, Nieves, Lubka, Darling & Mah, Inc., William J. Wall,
The Wall Law Office, A Professional Corporation, Irvine,
CA, Gregory Glenn Petersen, Gregory G. Petersen, A Law
Corporation, Newport Coast, CA, for Appellees.

Appeal from the Ninth Circuit, Bankruptcy Appellate
Panel, Hollowell, Pappas, and Markell, Bankruptcy Judges,
Presiding. BAP No. 11–1100.

Before: PREGERSON and WARDLAW, Circuit Judges, and
BURRELL, Senior District Judge. [*]

[*]      The Honorable Garland E. Burrell, Jr., Senior District
        Judge for the U.S. District Court for the Eastern District
        of California, sitting by designation.

## MEMORANDUM [**]

[**]      This disposition is not appropriate for publication and is
         not precedent except as provided by 9th Cir. R. 36–3.

**\*\*1** Appellants—Valley Health System, Valley Health
Retirement Plan, and trustees of the Retirement Plan—appeal
a Bankruptcy Appellate Panel (BAP) decision that reversed
the bankruptcy court's dismissal of a mandamus petition filed
against Appellants. As the facts and procedural history are
familiar to the parties, we do not recite them here except as
necessary to explain our disposition. We have jurisdiction
under 28 U.S.C. § 158(d)(1), and we reverse.

Appellees—former Valley Health System employees and
retirement plan participants—filed a mandamus petition in
state court seeking to enforce their alleged rights under
the Valley Health Retirement Plan. The mandamus petition
was filed after the bankruptcy court had confirmed Valley
Health System's Chapter 9 bankruptcy plan. Appellants
removed the case from state court to bankruptcy court, and
the bankruptcy court dismissed the mandamus petition for
failure to state a claim. The bankruptcy court subsequently
denied Appellees' motion for reconsideration. Appellees
appealed the bankruptcy court's decisions to the BAP. The

BAP ruled that the bankruptcy court lacked subject matter jurisdiction over the mandamus petition, and thus vacated the bankruptcy court's dismissal of the mandamus petition. The BAP remanded the matter to the bankruptcy court with instructions to remand the mandamus petition to the state court. *In re Valley Health System,* 471 B.R. 555, 569 (9th Cir. BAP 2012).

"Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.' " *In re Wilshire Courtyard,* 729 F.3d 1279, 1285 (9th Cir.2013) (quoting 28 U.S.C. § 1334(b)). We conclude that the BAP erred in holding that the bankruptcy court did not have "related to" jurisdiction. *See Valley Health System,* 471 B.R. at 567–68.

After a bankruptcy plan has been confirmed, a bankruptcy court has "related to" jurisdiction over proceedings that have "a close nexus to the bankruptcy plan or proceeding." *In re Pegasus Gold Corp.,* 394 F.3d 1189, 1194 (9th Cir.2005) (quoting *In re Resorts Int'l, Inc.,* 372 F.3d 154, 166 (3d Cir.2004)). A close nexus exists where a "matter[ ] affect[s] the interpretation, implementation, consummation, execution, or administration of the confirmed plan." **\*479** *In re Wilshire Courtyard,* 729 F.3d 1279, 1287 (9th Cir.2013) (internal quotation marks omitted).

Here, the confirmed bankruptcy plan provides that:

> "[Retirement plan participants] shall have no recourse to [Valley Health System] or to any assets of [Valley Health System], and shall not be entitled to receive any distributions under this [bankruptcy] Plan. Instead, all unallocated amounts held ... pursuant to the VHS Retirement Plan ... will continue to be made available to provide retirement benefits for participants in the manner indicated under the provisions of the VHS Retirement Plan.... Accordingly, the treatment of [retirement plan participants] set forth herein shall not affect any legal, equitable or contractual rights to which [they] are entitled."

**\*\*2** The resolution of Appellees' mandamus petition would "affect[ ] the interpretation [and] implementation ... of the confirmed plan." *Wilshire,* 729 F.3d at 1289 (quoting *Pegasus Gold Corp.,* 394 F.3d at 1194). Resolution of the mandamus petition would require a court to determine whether the confirmed bankruptcy plan discharged Appellees' claims— whether Appellees have any "recourse to [Valley Health System] or to any of [its] assets." Thus, there is a close nexus between the bankruptcy plan and the mandamus petition.

Furthermore, a close nexus also exists where a proceeding requires interpretation of an order confirming a bankruptcy plan. *Wilshire,* 729 F.3d at 1289. Here, the confirmation order provides that:

> All entities that have, hold or may hold claims arising prior to the Effective Date ... are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, in any manner, any action or other proceeding of any kind with respect to any such preEffective Date claim or cause of action against [Valley Health System] ... that would ... delay or impede the full implementation of the Plan, [and] (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against [Valley Health System] with respect to such pre-Effective Date claims or causes of action....

The resolution of Appellees' mandamus petition requires interpretation of the confirmation order. A court would need to determine whether the bankruptcy court's confirmation order enjoins Appellees from continuing their mandamus action. Thus, there is a close nexus between the bankruptcy plan and the mandamus petition.

Appellees' reliance on *In re Ray,* 624 F.3d 1124 (9th Cir.2010), is misplaced. In *Ray,* we held that the bankruptcy court lacked "related to" jurisdiction where, after a bankruptcy case closed, a plaintiff challenged a debtor's sale of real property that had been approved by the bankruptcy court. *Id.* at 1129. The plaintiff alleged breach of first refusal rights. *Id.* We reasoned that the bankruptcy court did not have "related to" jurisdiction over the dispute because the

"breach of contract action ... could have existed entirely apart from the bankruptcy proceeding." *Id.* at 1135. In other words, "[t]he dispute in *Ray*... did not involve 'implementation and execution of [the bankruptcy plan].' "*Wilshire,* 729 F.3d at 1288 (quoting *Ray,* 624 F.3d at 1134). Unlike in *Ray,* here, a court must interpret the bankruptcy plan and confirmation order to determine whether Appellees' claims were discharged or Appellees are enjoined from bringing suit. Thus, the bankruptcy court retained "related to" jurisdiction over Appellees' mandamus petition. **\*480** [1]

---

[1]    Because we conclude that the bankruptcy court retained "related to" jurisdiction over Appellees' mandamus petition, we need not reach the parties' arguments

concerning other bases of jurisdiction. *Cf. Wilshire,* 729 F.3d at 1285 n. 5.

Because the BAP addressed only jurisdiction and did not address any of the substantive issues that Appellees raised on appeal from the bankruptcy court, we REVERSE and REMAND with instructions that the BAP determine all of the remaining substantive issues raised on appeal from the bankruptcy court.

**\*\*3**  REVERSED AND REMANDED.

**Parallel Citations**

2014 WL 3866557 (C.A.9)

---

                © 2015 Thomson Reuters. No claim to original U.S. Government Works.

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.


EXHIBIT "8"

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                )    BAP No. CC-11-1100-DPaTa
                                       )
VALLEY HEALTH SYSTEM,                  )    Bk. No. 07-18293
                                       )
                Debtor.                )    Adv. No. 10-01566
_____)
                                       )
PEGGY KIRTON; DIANA AGNELLO,           )
                                       )
                Appellants,            )
                                       )
v.                                     )    **M E M O R A N D U M**[1]
                                       )
VALLEY HEALTH SYSTEM; VALLEY           )
HEALTH SYSTEM RETIREMENT               )
PLAN; JOEL BERGENFELD,                 )
Trustee of the Valley Health           )
System Retirement Plan;                )
VINAY M. RAO, Trustee of the           )
Valley Health System                   )
Retirement Plan; MICHELE BIRD,)
Trustee of the Valley Health           )
System Retirement Plan,                )
                                       )
                Appellees.             )
_____)

Argued and Submitted on January 22, 2015
at Pasadena

Filed - February 25, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter Carroll, Bankruptcy Judge, Presiding

_____

     [1]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

Appearances:    Gregory G. Petersen argued for Appellants Peggy
                Kirton and Diana Agnello; Gary E. Klausner of
                Levene, Neale, Bender, Yoo & Brill LLP argued for
                Appellee Valley Health System; Mark R. Attwood of
                Jackson Lewis LLP argued for Appellees Valley
                Health System Retirement Plan and its trustees,
                Joel Bergenfeld, Vinay M. Rao, and Michele Bird.

Before:  DUNN, PAPPAS, and TAYLOR, Bankruptcy Judges.

This appeal is before us for a second time. On March 19, 2012 ("Prior Disposition"),[2] the Panel determined that the bankruptcy court lacked subject matter jurisdiction over the dispute between the parties.  On further appeal to the Ninth Circuit Court of Appeals, that determination was reversed and remanded to this Panel to determine the remaining substantive issues posed on appeal from the bankruptcy court.  See Valley Health Sys. v. Kirton (In re Valley Health Sys.), 584 Fed.Appx. 477 (9th Cir. 2014).

We restate the introduction to the appeal set forth in the Prior Disposition:

Peggy Kirton and Diana Agnello ("Kirton Parties") are former employees of Valley Health System ("VHS") and were participants in the Valley Health System Retirement Plan ("Retirement Plan").  After VHS confirmed its chapter 9[3] plan of adjustment, they filed in state court a petition for writ of mandamus ("Petition") against VHS and others seeking to enforce their alleged rights under the Retirement Plan.  VHS

_____

[2]  The Prior Disposition was a reported opinion: Kirton v. Valley Health Sys. (In re Valley Health Sys.), 471 B.R. 555 (9th Cir. BAP 2012).

[3]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

removed the Petition to the bankruptcy court. Along with other named respondents, VHS then filed a Civil Rule 12(b)(6) motion to dismiss the Petition, which the bankruptcy court granted without leave to amend. The Kirton Parties filed a motion for reconsideration, which the bankruptcy court denied.

The Kirton Parties appeal from both the dismissal order and the order denying the motion for reconsideration.

For the reasons stated below, we AFFIRM the bankruptcy court's dismissal of the adversary proceeding.

## I. FACTUAL BACKGROUND[4]

A. VHS Confirms a Chapter 9 Plan

VHS is a local health care district under the California Local Health Care District Law, Cal. Health & Safety Code § 32000 et seq. VHS filed a chapter 9 bankruptcy petition in December 2007, and the bankruptcy court entered an order for relief in the case in February 2008. Pursuant to § 943, the bankruptcy court confirmed VHS' first amended plan of adjustment ("Chapter 9 Plan") by order entered April 26, 2010 ("Confirmation Order"). On October 14, 2010, VHS issued a notice that October 13, 2010, was the effective date of the Chapter 9 Plan. Among other things, the Chapter 9 Plan provided for the discharge of VHS' prepetition debts and also enjoined claimants from pursuing any action or proceeding on account of such debts.

The underlying fact that has driven the litigation that is the subject of this appeal is that VHS, prepetition, allegedly had failed to fund the Retirement Plan adequately by at least

---

[4] A complete recitation of the facts is set forth in the Prior Dispostition. The facts in this Memorandum are more summary in nature, and borrow heavily from the previously stated facts.

-3-

$100 million.  The Chapter 9 Plan specifically addressed VHS'

obligations under its Retirement Plan:

> Defined Benefit Plan Participants will be entitled to
> the same rights and benefits to which such participants
> are currently entitled under the VHS Retirement Plan
> and the MetLife Group Annuity Contract, and such
> participants shall have no recourse to the District or
> to any assets of the District, and shall not be
> entitled to receive any distributions under this Plan.
> Instead, all unallocated amounts held by MetLife Group,
> pursuant to the VHS Retirement Plan and the MetLife
> Group Annuity Contract, will continue to be made
> available to provide retirement benefits for
> participants in the manner indicated under the
> provisions of the VHS Retirement Plan and the MetLife
> Group Annuity Contract.  Accordingly, the treatment of
> Allowed Class 2C claim holders set forth herein shall
> not affect any legal, equitable or contractual rights
> to which the VHS Retirement Plan participants are
> entitled.

Chapter 9 Plan (Dec. 17, 2009) at 16:13-22.  Based on this

treatment, Retirement Plan participants (Class 2C claimants) were

characterized as unimpaired, with no entitlement to vote on the

Chapter 9 Plan.

The Kirton Parties were served with notice of the claims bar

date, bankruptcy court approval of the first amended disclosure

statement, and the confirmation hearing on the Chapter 9 Plan.

They also received copies of the Chapter 9 Plan and the first

amended disclosure statement.  The Kirton Parties filed no proofs

of claim, did not object to confirmation of the Chapter 9 Plan,

and otherwise did not participate in VHS' Chapter 9 case.  They

further did not appeal the Confirmation Order.

B.   The Kirton Parties Seek Relief in State Court

In August 2010, after the Chapter 9 Plan had been confirmed,

the Kirton Parties filed the state court Petition, naming as

respondents VHS, the Retirement Plan, three individual trustees

-4-

for the Retirement Plan, and MetLife, Inc. ("MetLife"), the administrator of the Retirement Plan. The Petition sought damages in excess of $100 million under various theories for the alleged underfunding of the Retirement Plan since 1999. The Petition's prayer for relief sought a writ of mandate directing the respondents to fund the Retirement Plan as required by law, to disclose VHS' underfunding and violations of the Retirement Plan and the California Constitution, to cease any concealment of underfunding/violations, and to prosecute any actions allowed or required to conserve the Retirement Plan's assets. The Petition alleged that all of the respondents had breached their respective duties to prevent, to disclose, or both, VHS' underfunding of the Retirement Plan, which were alleged to have arisen under the Retirement Plan itself and California Constitution Art. XVI, Sec. 17. However, ultimately, as noted in the Prior Disposition, "[t]he gravamen of the Petition was that VHS allegedly underfunded the Retirement Plan to the tune of $100 million." 471 B.R. at 560.

C.   VHS Removes the State Court Petition to Bankruptcy Court

On September 22, 2010, VHS filed a notice of removal pursuant to 28 U.S.C. § 1452(a) and Rule 9027, which removed the Petition from state court to the bankruptcy court. VHS, the Retirement Plan, and its Trustees ("VHS Defendants") then filed the motion ("Dismissal Motion") to dismiss the Petition under Civil Rule 12(b)(6), applicable in the adversary proceeding pursuant to Rule 7012, on October 22, 2010.

The primary argument in the Dismissal Motion was that the Chapter 9 Plan and the Confirmation Order discharged VHS'

obligation to fund the Retirement Plan.  In addition, the VHS
Defendants argued that the Trustees had no contractual or
fiduciary obligations to the Kirton Parties under the Retirement
Plan; that the Retirement Plan did not have legal capacity to sue
or be sued; that the Kirton Parties did not comply with the pre-
filing requirements of the California Government Claims Act; that
both VHS and the Trustees were immune from liability; and that
the Kirton Parties failed to plead the requisite elements for
mandamus relief or for relief under the causes of action alleged.

The notice which accompanied the Dismissal Motion warned the
Kirton Parties that if they failed to file a timely opposition,
the Local Rules authorized the bankruptcy court to treat that
failure as consent to the relief requested in the Dismissal
Motion.  Notwithstanding that warning, the Kirton Parties never
filed a response to the Dismissal Motion.  On the eve of the
January 4, 2011, hearing ("Hearing") on the Dismissal Motion, the
Kirton Parties instead filed what they intended to be an amended
complaint.

At the Hearing, the bankruptcy court found that no valid
amended complaint had in fact been filed; the Kirton Parties had
failed to comply with Civil Rule 15, which required either
written consent from the VHS Defendants or an order from the
bankruptcy court in advance of filing an amended complaint,
neither of which the Kirton Parties had obtained.  In light of
the Kirton Parties' failure to respond to the Dismissal Motion,
the bankruptcy court granted the Dismissal Motion without leave
to amend.

The Kirton Parties objected to the proposed dismissal order

prepared by the VHS Defendants on the basis that it attempted to grant relief beyond that sought in the Dismissal Motion and to resolve matters not properly before the bankruptcy court.  In particular, the Kirton Parties asserted that granting the Dismissal Motion in favor of parties not expressly named as movants in the Dismissal Motion would violate the Kirton Parties' due process rights.  In large part this argument seems to be directed to the Kirton Parties' assertions that VHS had more than one retirement plan and that the retirement plan named in their Petition was not the Retirement Plan on behalf of which the Dismissal Motion was filed.  The Kirton Parties also asserted that the California Constitution deprived the bankruptcy court of jurisdiction over any retirement plan of VHS.  The bankruptcy court overruled the Kirton Parties' objections and entered the form of order ("Dismissal Order") the VHS Defendants had lodged.

In response, the Kirton Parties filed a motion for reconsideration of the Dismissal Order, reiterating their arguments made against the form of order.  The bankruptcy court entered a Memorandum of Decision ("Opinion") without a hearing with respect to reconsideration on February 24, 2011.  In the Opinion, the bankruptcy court explicitly found that "VHS had only one retirement plan – the VHS Retirement Plan identified in VHS's disclosure Statement."  The bankruptcy court also rejected the Kirton Parties' theory that the VHS Retirement Plan was a <u>sui juris</u> entity capable of being sued in its own right.  Rather, the bankruptcy court ruled that the VHS Retirement Plan was "tantamount to a pre-petition contract between VHS and the plan participants," citing <u>Westley v. Cal. Pub. Employees Ret. Sys.</u>

Bd. of Admin., 105 Cal. App. 4th 1095, 1116 (3d Dist. 2003).  The
bankruptcy court ruled that VHS' only funding obligation arose
from this contractual relationship, implicitly rejecting any
theory that the underfunding implicated the California
Constitution.  Finally, the bankruptcy court ruled that the
Trustees had no contractual obligations under the Retirement Plan
in their individual capacities.  Noting that the Kirton Parties
had been on notice throughout VHS' bankruptcy case of relevant
deadlines but had failed to take any action to protect any claim
they might have had against VHS for underfunding the Retirement
Plan, the bankruptcy court concluded that the claims asserted in
the Petition were barred by the confirmed Chapter 9 Plan.

     Based upon the foregoing, the bankruptcy court ruled that
granting the Dismissal Motion was appropriate, as was granting it
without leave to amend where the claims stated by the Petition
could not possibly be cured by the allegation of other facts.
Further, extending the Dismissal Order to cover claims asserted
against MetLife, notwithstanding MetLife's failure to make an
appearance in response to the Petition, was warranted because
MetLife's position was aligned with that of the VHS Defendants.

     The order ("Reconsideration Order") denying the
Reconsideration Motion was entered February 24, 2011.  The Kirton
Parties thereafter timely appealed both the Dismissal Order and
the Reconsideration Order.

## II.  JURISDICTION

     The bankruptcy court had "related to" jurisdiction under
28 U.S.C. §§ 1334 and 157.  See Valley Health Sys. v. Kirton
(In re Valley Health Sys.), 584 Fed.Appx. 477 (9th Cir. 2014).

-8-

We have jurisdiction under 28 U.S.C. § 158.

### III.  ISSUES

Whether the bankruptcy court clearly erred and/or abused its discretion when it dismissed the adversary proceeding.

### IV.  STANDARDS OF REVIEW

We review de novo the bankruptcy court's interpretation of the Civil Rules. Am. Sports Radio Network, Inc. v. Krause (In re Krause), 526 F.3d 1070, 1073 n.5 (9th Cir. 2008).  Thus, the bankruptcy court's dismissal of an adversary proceeding for failure to state a claim under Civil Rule 12(b)(6) is reviewed de novo. N.M. State Inv. Council v. Ernst & Young LLP, 641 F.3d 1089, 1094 (9th Cir. 2011); Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. 2011).

"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004)(citation omitted).  Where amendment would be futile, it is not error for a trial court to deny leave to amend. Id., citing Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

We review the bankruptcy court's denial of a motion for reconsideration for an abuse of discretion. Tracht Gut, LLC v. Cnty. of L.A. Treasurer & Tax Collector (In re Tracht Gut, LLC), 503 B.R. 804, 809 (9th Cir. BAP 2014).

Review of an abuse of discretion determination involves a two-prong test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application.  See United States v. Hinkson, 585 F.3d 1247, 1261-

-9-

62 (9th Cir. 2009)(en banc). If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous. We will affirm unless its fact findings were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See id.

We may affirm the decision of the bankruptcy court on any basis supported by the record. See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

1. The Bankruptcy Court Dismissed the Adversary Proceeding Because the Kirton Parties Failed to Comply With National and Local Rules.

It is well- and long-established that a court's local rules have the force of law. See Weil v. Neary, 278 U.S. 160, 169 (1929). This principle includes the bankruptcy court's Local Rules. See Price v. Lehtinen (In re Lehtinen), 332 B.R. 404, 412-14 (9th Cir. BAP 2005), aff'd, 564 F.3d 1052 (9th Cir. 2009).

In the Bankruptcy Court for the Central District of California, Local Rule 9013-1(f) provides, with exceptions not relevant to this appeal, that "each interested party opposing or responding to the motion must file and serve the response (Response) on the moving party and the United States trustee not later than 14 days before the date designated for hearing." Further, Local Rule 9013-1(h) cautions "if a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may

be."

The VHS Defendants filed the Dismissal Motion on October 22, 2010. The notice of motion, with which the Kirton Parties were served, warned that a failure to file a timely opposition to the Dismissal Motion could be treated by the bankruptcy court as consent to the relief requested in the Dismissal Motion. Notwithstanding the notice that serious consequences might result if a timely response to the Dismissal Motion was not filed, the Kinton Parties never filed any response, even with several opportunities to do so.

The original scheduled hearing date on the Dismissal Motion was November 30, 2010, making the Kirton Parties' response due no later than November 16, 2010. The record establishes that on November 24, 2010, the parties filed a stipulation to continue the hearing to a proposed date of December 30, 2010; that the continuance was a professional courtesy being extended to counsel for the Kirton Parties based upon his poor health; and that the parties expressly stipulated "[t]o allow [the Kirton Parties'] Opposition and [the VHS Defendants'] Reply to the Opposition to [the Dismissal Motion] to be filed in accordance with the new date [sic] hearing." The bankruptcy court ultimately reset the hearing on the Dismissal Motion for January 4, 2011, resetting the deadline for the Kirton Parties to file an opposition to the Dismissal Motion to December 21, 2010. A joint status report also was due on December 21, 2010 under the Local Rules; however, counsel for the VHS Defendants was unable to obtain the cooperation of counsel for the Kirton Parties. The VHS Defendants filed a unilateral status report instead. On

December 30, 2010, the VHS Defendants filed a notice that no opposition had been filed to the Dismissal Motion. Ultimately, at 9:23 p.m. on January 3, 2011, the day before the Hearing, the Kirton Parties filed their own unilateral status report.

The Kirton Parties belatedly attempted to file an amended complaint, taking the position that the amended complaint would render the Dismissal Motion moot, thereby relieving the Kirton Parties of the responsibility for responding to the Dismissal Motion, timely or otherwise.

Local Rule 7015-1(a)(3) provides, "Unless otherwise ordered, a pleading will not be deemed amended absent compliance with this rule and [Rule] 7015." Rule 7015 expressly incorporates Civil Rule 15. Because the Kirton Parties did not amend the Petition within 21 days after the Dismissal Motion was filed, they were required to comply with Civil Rule 15(a)(2), which states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Kirton Parties having obtained neither the written consent of the VHS Defendants nor leave of the bankruptcy court to file their amended complaint, the bankruptcy court properly determined that the Petition was not deemed amended. The Kirton Parties were therefore left with a live Dismissal Motion to which they had not responded.

The bankruptcy court neither erred nor abused its discretion in entering the Dismissal Order in these circumstances. That determination was in accordance with Local Rules 9013-1(f) and (h), of which the Kirton Parties were fully informed.

1    2.   <u>Dismissal Without Leave to Amend Was Not Improper</u>

2         Rule 15(a)(2) requires the bankruptcy court to freely give

3    leave to amend a pleading "when justice so requires."  If,

4    however, upon de novo review, it is clear that the Petition could

5    not be saved by any amendment, dismissal without leave to amend

6    is not improper.  <u>See</u> <u>Polich v. Burlington N., Inc.</u>, 942 F.2d

7    1467, 1472 (9th Cir. 1991).  To dismiss a pleading without leave

8    to amend, the bankruptcy court was required to determine that the

9    Petition could not possibly be cured by the allegation of other

10   facts.  <u>United States v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048,

11   1052 (9th Cir. 2001).

12        Any underfunding of the Retirement Plan could only be

13   collected from VHS.  As noted by the bankruptcy court, the

14   Petition through its various claims for relief sought damages in

15   excess of $100 million for the alleged underfunding of the

16   Retirement Plan since 1999.  Yet, in light of the terms of the

17   confirmed Chapter 9 Plan, no action could be taken to require VHS

18   to pay additional funds into the Retirement Plan.  In these

19   circumstances, the bankruptcy court concluded that the Petition

20   failed to state a plausible claim for relief against any of the

21   VHS Defendants or MetLife, a fatal defect that could not be cured

22   by amendment.  We agree with the bankruptcy court's conclusion.

23   It is clear that the allegation of additional facts would not

24   cure the defects in the Petition.  Accordingly, the bankruptcy

25   court did not err in dismissing the Petition without leave to

26   amend.

27        3.   <u>The Scope of the Dismissal Was Not Improper</u>

28        The Kirton Parties contend that the bankruptcy court erred

-13-

in dismissing the Petition as to all of the named respondents when not all had requested dismissal.  Aside from Does 1-200, the only "Respondent" named in the Petition that did not join in the Dismissal Motion was MetLife.

     The Ninth Circuit has held as a matter of law that dismissal with prejudice in favor of a party which has not appeared can be based upon the presentations of other defendants which have appeared.  See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 743 (9th Cir. 2008).  MetLife was the administrator of the Retirement Plan; its interest was absolutely aligned with that of the VHS Defendants.  The bankruptcy court determined that MetLife was in an identical position to the VHS Defendants such that the claims in the Petition against MetLife also should be dismissed without leave to amend.  Not only was it within the authority of the bankruptcy court to do so (see Silverton v. Dep't. of Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895 (1981)), it was not error in the circumstances before us.

## VI.  CONCLUSION

     In light of the failure of the Kirton Parties to comply with the Local Rules in relation to the Dismissal Motion, the bankruptcy court did not err when it dismissed the Petition.  Nor was dismissal without leave to amend the Petition error where the confirmed Chapter 9 Plan precluded any effort by the Kirton Parties to compel VHS to provide additional funding to the Retirement Plan.  Extending the scope of the Dismissal Order to MetLife was appropriate where MetLife was merely the administrator of the Retirement Plan and was aligned with all of the other VHS Defendants.  Accordingly, we AFFIRM both the

Dismissal Order and the Reconsideration Order.[5]

---

[5] Appellants filed two requests for judicial notice in this appeal. The first requested that we take judicial notice of (1) the list of creditors in the chapter 9 case and (2) the docket of the chapter 9 case. The second, filed days before oral argument, requested that we take judicial notice of a June 2, 2003, opinion of the Attorney General for the State of California. We deny the requests on the basis that the documents which Appellants request that we take judicial notice of are not relevant to the disposition of this appeal or are merely redundant to facts and/or authorities already in the record before us.



EXHIBIT "9"



Gregory G. Petersen, Esq., SBN 77744
petersen@huntortmann.com
John Darling, Esq., SBN 156109
darling@huntortmann.com
Alison Gibbs, Esq., SBN 257526
gibbs@huntortmann.com
**HUNT ORTMANN PALFFY NIEVES**
**LUBKA DARLING & MAH, INC.**
18301 Von Karman Avenue, Suite 330
Irvine, California 92612
Phone: 949-335-3500   Fax: (949) 313-7849

Attorneys for Petitioners JAN REICHARDT,
ROSIE DE LA ROSA and AILEEN GRISHAM

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 25 2012

M. Criel

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

RIC1200152

| | |
|---|---|
| JAN REICHARDT, an individual; and ROSIE DE LA ROSA, an individual; AILEEN GRISHAM, an individual; on behalf of all others similarly situated.<br><br>        Petitioners,<br><br>vs.<br><br>VALLEY HEATH SYSTEM, A CALIFORNIA LOCAL HEALTH CARE DISTRICT, RETIREMENT PLAN; GLENN HOLMES, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; MADELINE DREIER, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan; AMELIA HIPPERT, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan; DR. WILLIAM CHERRY, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; TOM WILSON, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; DEAN DEINES, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; JOEL BERGENFELD, individually and in his capacity as a Trustee of | **PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE § 1085 RE:**<br><br>**(1) VIOLATION OF THE CALIFORNIA CONSTITUTION** |

Writ of Mandate per CCP § 1085 – Page 1

EXHIBIT A
7

1   the Valley Health System Retirement Plan;
    VINAY M. RAO, individually and in his
2   capacity as a Trustee of the Valley Health
    System Retirement Plan; MICHELE BYRD,
3   individually and in her capacity as a Trustee of
    the Valley Health System Retirement Plan;
4   METROPOLITAN LIFE INSURANCE
    COMPANY in its fiduciary capacity as the
5   insurance company holding the trust funds of
    the Valley Health System Retirement Plan; and
6   DOES 1 through 200, inclusive,

7          Respondents.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Writ of Mandate per CCP § 1085 – Page 2

## INTRODUCTION

1.    Petitioners JAN REICHARDT, ROSIE DE LA ROSA, AILEEN GRISHAM, petitions this Court, pursuant to Code of Civil Procedure §1085 and Article XVI, § 17 of the California Constitution, for a Writ of Mandate directed to Respondents VALLEY HEALTH SYSTEM, A CALIFORNIA LOCAL HEALTH CARE DISTRICT, RETIREMENT PLAN, VINAY M. RAO, GLENN HOLMES, MADELINE DREIER, AMELIA HIPPERT, DR. WILLIAM CHERRY, TOM WILSON, DEAN DEINES, JOEL BERGENFELD, MICHELE BYRD, METROPOLITAN LIFE INSURANCE COMPANY commanding them to comply with Article XVI, § 17 of the California Constitution, including but not limited to, subdivision (f).

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under Code of Civil Proc. §1085, and Article VI section 10 of the California Constitution.

3.    Venue is proper in this Court. The acts and omissions complained of herein occurred in this County and Respondents are situated in this County.

## GENERAL ALLEGATIONS

4.    Petitioners JAN REICHARDT, an individual; and ROSIE DE LA ROSA, an individual, AILEEN GRISHAM, an individual and all other similarly situated individuals ("PLAN PARTICIPANTS") are former employees of Valley Health System, a California Local Health Care District, ("HOSPITAL"), each of whom has acquired a vested property and contractual right to receive retirement benefits from the Valley Health System, A California Local Health Care District, Retirement Plan ("PLAN").

5.    The "Valley Health System Retirement Plan" ("PLAN DOCUMENT"), was created in 1971 and is allegedly in effect, *to the extent it has not been superseded by law.* However, significant statutory, constitutional and decisional changes are not reflected in the PLAN DOCUMENT which requires that the relevant statutory and constitutional requirements be followed.

6.    Respondent PLAN is an entity established in 1971 by the HOSPITAL and, in accordance with California Constitution article XVI §17. The PLAN provides retirement,

Writ of Mandate per CCP § 1085 – Page 3

1    disability and death benefits to its members.  Said PLAN is an independent *sui juris* entity with

2    constitutionally-mandated fiduciary duties to the Petitioners.

3        7.    Respondents PLAN TRUSTEES ("PLAN TRUSTEES") Vinay M. Rao, Glenn

4    Holmes, Madeline Dreier, Amelia Hippert, Dr. William Cherry, Tom Wilson, Dean Deines, Joel

5    Bergenfeld, Michele Byrd, and other unknown named DOES ("PLAN TRUSTEES") are

6    responsible, in whole or in part, for the actions complained of herein and have breached their

7    Constitutionally-mandated obligations and fiduciary duties to the Petitioners and the Public.

8        8.    Respondent METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE")

9    is the insurance company which is supposedly holding the trust funds of the PLAN for the

10   benefit of the Petitioners and Plan Participants as required by law and is responsible, in whole or

11   in part, for the actions complained of herein and have breached their Constitutionally-mandated

12   obligations and fiduciary duties to the Petitioners and the Public.

13       9.    The true names or capacities, whether individual, corporate, associate, or

14   otherwise, of Respondents DOES 1 to 200, inclusive, are unknown to Petitioners, who therefore

15   sues said Respondents by such fictitious names.

16       10.    Petitioners are informed and believes thereon alleges that each of the Respondents

17   designated herein as a DOE is responsible in some manner for the events and happenings herein

18   referred to, and caused injury and damages proximately thereby to Petitioners as herein alleged.

19   Petitioners will seek leave of court to amend this complaint to set forth the true names and

20   capacities of such named Respondents when their identities become known to him.

21       11.    Petitioners are informed and believe thereon allege that each Respondent named

22   in this action, including DOE Respondents, at all relevant times, was the agent, ostensible agent,

23   servant, employee, representative, assistant, joint venturers, aiders and/or abettors and/or co-

24   conspirator of each of the other Respondents, and was at all times acting within the course and

25   scope of his, her, or it's the authority the agent, ostensible agent, servant, employee,

26   representative, joint venturer, and/or co-conspirator, with the same authorization, consent,

27   permission or ratification of each of the other Respondents and who, one with another for the

28   common purposes and designs alleged herein committed the wrongs alleged in this action.

Writ of Mandate per CCP § 1085 – Page 4

1    12.    Petitioners are members of PLAN.

2    13.    The California Pension Protection Act of 1992 (enacted by passage of Proposition

3    162), Art. XVI, § 17 of the California Constitution, was amended to grant retirement boards

4    "plenary authority and fiduciary responsibility for investment of moneys and administration of

5    the system...." The amendment is subject to the subdivisions which follow and the law, as

6    enacted, and includes a statement of "Purpose and Intent".

7    14.    Art. XVI, § 17 applies to all retirement boards in the State of California. The

8    amendment states in pertinent part (in italics) as follows:

9    "Notwithstanding any other provisions of law or this Constitution to the contrary, the

10   retirement board of a public pension or retirement system shall have plenary authority

11   and fiduciary responsibility for investment of moneys and administration of the system,
     subject to all of the following:

12

13   (a) The retirement board of a public pension or retirement system shall have the
     sole and exclusive fiduciary responsibility over the assets of the public pension or

14   retirement system. The retirement board *shall also have sole and exclusive
     responsibility to administer the system in a manner that will assure prompt*

15   *delivery of benefits and related services to the participants and their
     beneficiaries. The assets of a public pension or retirement system are trust funds*

16   *and shall be held for the exclusive purposes of providing benefits to participants
     in the pension or retirement system and their beneficiaries and defraying*

17   *reasonable expenses of administering the system.*

18

19   (b) The *members of the retirement board of a public pension or retirement system
     shall discharge their duties with respect to the system solely in the interest of, and*

20   *for the exclusive purposes of providing benefits to, participants and their
     beneficiaries,* minimizing employer contributions thereto, and defraying

21   reasonable expenses of administering the system. *A retirement board's duty to its*

22   *participants and their beneficiaries shall take precedence over any other duty.*

23   (c) The members of the retirement board of a public pension or retirement system
     shall discharge their duties with respect to the system with the care, skill,

24   prudence, and diligence under the circumstances then prevailing that a prudent
     person acting in a like capacity and familiar with these matters would use in the

25   conduct of an enterprise of a like character and with like aims.

26   (d) The members of the retirement board of a public pension or retirement system

27   shall diversify the investments of the system so as to minimize the risk of loss and
     to maximize the rate of return, unless under the circumstances it is clearly not

28   prudent to do so.

*(e) The retirement board of a public pension or retirement system, consistent with the exclusive fiduciary responsibilities vested in it, shall have the sole and exclusive power to provide for actuarial services in order to assure the competency of the assets of the public pension or retirement system.*

(f) With regard to the retirement board of a public pension or retirement system which includes in its composition elected employee members, the number, terms, and method of selection or removal of members of the retirement board which were required by law or otherwise in effect on July 1, 1991, shall not be changed, amended, or modified by the Legislature unless the change, amendment, or modification enacted by the Legislature is ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed.

(g) The Legislature may by statute continue to prohibit certain investments by a retirement board where it is in the public interest to do so, and provided that the prohibition satisfies the standards of fiduciary care and loyalty required of a retirement board pursuant to this section.

(h) As used in this section, the term 'retirement board' shall mean the board of administration, board of trustees, board of directors, or other governing body or board of a public employees' pension or retirement system; provided, however, that the term 'retirement board' shall not be interpreted to mean or include a governing body or board created after July 1, 1991 which does not administer pension or retirement benefits, or the elected legislative body of a jurisdiction which employs participants in a public employees' pension or retirement system."

(see Cal. Const., art. XVI, § 17)

15.    In pertinent part, the Declaration of Purpose is as follows:

"Section Three.  Purpose and Intent.  The People of the State of California hereby declare that their purpose and intent in enacting this measure is as follows:

(a) To protect pension funds so that retirees and employees will continue to be able to enjoy a basic level of dignity and security in their retirement years.

(b) To give voters the right to approve changes in the composition of retirement boards containing elected retirees or employee members.

...

(d) To ensure that the assets of public pension systems are used exclusively for the purpose of efficiently and promptly providing benefits and services to participants of these systems, and not for other purposes.

(e) To give the sole and exclusive power over the management and investment of public pension funds to the retirement boards elected or appointed for that purpose, to strictly limit the Legislature's power over such funds, and to prohibit the Governor or any executive or legislative body of any political subdivision of this state from tampering with public pension funds.

(f) To ensure that all actuarial determinations necessary to safeguard the competency of public pension funds are made under the sole and exclusive direction of the responsible retirement boards.

(g) To affirm the legal principle that a retirement board's duty to its participants and their beneficiaries takes precedence over any other duty."

(See Historical Notes, 3 West's Ann. Const. (1996 ed.) following art. XVI, § 17, p. 114.)

16.   The PLAN became effective January 1, 1971 and at the time of formation the employer, plan sponsor, and plan administrator was Valley Health System a "California Local Health District" which is a political subdivison of the State of California.

17.   The PLAN DOCUMENT, which was written in 1971 does not accurately set forth the duties and responsibilities under which the PLAN must operate since it has not been amended to comply with legislative and constitutional changes or decisional law.

18.   The PLAN DOCUMENT fails to comply with the subsequent Amendments to the California Constitution (i.e., California Pension Protection Act of 1992); as well as fails to comply with Constitutional requirements stemming from the seminal cases of *Abbott v. City of Los Angeles* (1958) 50 Cal. 2d 438 and *Claypool v. Wilson* (1992) 4 Cal. App. 4th 646.

19.   Petitioners have a constitutional and statutory vested right to receive their pension from the PLAN as forth in numerous annual statements from the PLAN. For example, Aileen L. Grisham, as a reduced herein, has annual employee benefit statements for 1986, 1992 through May 4, 1999. The most recent statement of May 4, 1999 states that her retirement date is November 1, 2018 and further states that she was 100% vested as of May 4, 1999. Ms. Grisham's estimated lifetime monthly pension payment was then stated to be $952.23.

20.   Each Petitioner herein has been given a similar pension statement for each year of their employment up to the year 1999.

Writ of Mandate per CCP § 1085 – Page 7

21.  Under California law, the pension benefit vested for each participant under the PLAN was at the time of employment and not the date of retirement. (see *Betts v. Board of Administration* (1978) 21 Cal. 3d 859, 863; *Cory v. Valdez* (1983) 139 Cal. App. 3d 773, 783-784).

22.  "Retirement Statements" provided to Plan Participants, unequivocally stated that the plan was fully paid for by the HOSPITAL and should be viewed as an important addition to pensioners retirement income planning.

23.  In May 4, 1999, the HOSPITAL unlawfully stopped funding the PLAN and told the employees that the PLAN was overfunded and additional contributions were not necessary.

24.  All benefits of the PLAN, including but not limited to interest on the funds, remains the property of the pension trust. As such, any interest accruing on the trust since the PLAN was frozen in May 4, 1999 accretes to the PLAN trust.

25.  The Valley Health System Summary Plan Description ("PLAN SUMMARY") identified the PLAN trustees were Geoffrey Lane, Lloyd Dunn, Myron Grindheim, Patricia T. Tuller, and William Blase who were employees of the HOSPITAL.

26.  At the December, 2011 meeting of the HOSPITAL Board of Directors, Glenn Holmes, Madeline Dreier, Vinay Rao, Amelia Hippert, Tom Wilson, Dr. William Cherry and Denis Deines ("HOSPITAL BOARD"), and John Marshall, attorney for the HOSPITAL, announced for the first time to Plan Participants:

(a)  That they claimed to have appointed the members of the HOSPITAL BOARD to be the Trustees of the PLAN;

(b)  That the approximate amount of money, supposedly being held in trust for them, was approximately fifty one million dollars ($51,000,000.00).

(c)  The HOSPITAL BOARD, through its counsel, stated that the HOSPITAL BOARD, indicated that it was to vote on authorizing the disbursement of the PLAN trust funds to MET LIFE to fund a group of retirees who have already commenced receiving pension benefit payments, in derogation to the PLAN DOCUMENT, which does not authorize the

Writ of Mandate per CCP § 1085 – Page 8

1  proposed disbursement to the limited category of Plan Participants set forth by the

2  HOSPITAL BOARD.

3  (d) The HOSPITAL BOARD seeks to disburse approximately forty-seven million dollars

4  ($47,000,000.00) to the aforementioned group of retirees already receiving benefit

5  payments. The HOSPITAL BOARD seeks to further allocate the remaining three million

6  ($3,000,000.00) among those Plan Participants who were fifty-five (55) or older on July

7  31, 2010 (which is the date HOSPITAL BOARD terminated the PLAN) but were not

8  receiving benefits. Any Plan Participants who were under fifty-five (55) on July 31, 2010

9  will receive no benefits.

10  27.    Pursuant to the HOSPITAL BOARD's unlawful proposed disbursement of PLAN

11  funds, approximately 1,614 Plan Participants, including Petitioners, will receive either

12  substantially less than their vested pension benefits or no pension benefits at all.

13  28.    Rightly or wrongly, in defining the group of pension payees, the HOSPITAL

14  BOARD has exceeded its authority.  The HOSPITAL BOARD's actions violate the provisions

15  of the California Constitution, the California statutory scheme that regulates public employee

16  pensions, unlawfully converts the trust funds of the Plan Participants to the personal desires of

17  the HOSPITAL BOARD all of which acts are *ultra vires*.

18  29.    At no time, except in the December 2011 meeting, has the HOSPITAL BOARD,

19  composed of seven (7) members, claimed to be the PLAN TRUSTEES.  In fact, as set forth in

20  the PLAN SUMMARY the only PLAN Trustees identified consisted of five (5) trustees who

21  were participants and HOSPITAL employees. **As such, the number of trustees was, in 1991,**

22  **five (5) and not seven (7).**  The change in the composition of the PLAN board of trustees is

23  constitutionally prohibited as set forth herein.

24  30.    The statement of the HOSPITAL BOARD's counsel, John Marshall, that it had

25  appointed the members of its Board of Directors as trustees of the PLAN significantly altered the

26  management and administration of the PLAN by increasing number of trustees from five (5) to

27  seven (7) (thereby eliminating HOSPITAL employees/Plan Participants as trustees), improperly

28  dominated the PLAN TRUSTEES with individuals who were or are not employees of the

Writ of Mandate per CCP § 1085 – Page 9

1  HOSPITAL without notice to the Plan Participants. These changes drastically altered the

2  composition of the PLAN Board of Trustees without the legally required vote of the

3  "jurisdictional electorate" as required by the California Constitution.

4       31.    Properly appointed or elected Plan Trustees have a duty under state, federal and

5  common law to preserve and protect the assets of the pension trust fund Said duties are fiduciary

6  in nature, and may include, but are not limited to, an obligation first and foremost to pursue the

7  funds of the plan participants from whatever source they may be secreted.

8       32.    The PLAN must also protect the participants against improper diversion of trust

9  funds including attempts to divert such funds by way of PLAN termination, bankruptcy of the

10 plan sponsor, appointment of unqualified trustees or trustees with a conflict of interest such as

11 the current self-appointed HOSPITAL BOARD as PLAN TRUSTEES seeking to disseminate

12 the PLAN pension funds in the HOSPITAL's best interests contrary to the Plan Participants best

13 interest or any other interests which would diminish or divest plan participants of their vested

14 pension rights.

15      33.    Individual respondents falsely claiming to be trustees they have made false and

16 misleading statements, which were untruthful and knowingly false when made to deceive Plan

17 Participants into allowing the HOSPITAL BOARD to benefit the HOSPITAL to plan

18 participants serious financial detriment. Such false and misleading statements include but are not

19 limited to:

20      (a) Representing to Plan Participants that HOSPITAL BOARD is the lawfully-appointed

21      Trustee of the PLAN,

22      (b)That it had authority to dissolve the PLAN, that it had authority to manage and

23      administer the PLAN,

24      (c)That it could disburse PLAN funds,

25      (d) That it had authority to freeze the PLAN and in other ways ratified the wrongs

26      committed by the mismanagement of the PLAN funds,

27      (e) The mismanagement includes, the failure to properly invest pension funds under

28      prudent investor rule, and

Writ of Mandate per CCP § 1085 – Page 10

(f) To issue annual reports and financial statements, to pay the required actuarial- sound, annual contribution's to  the PLAN, and

(e) Publishing false and misleading information about the PLAN and its financial status.

34.    This suit is brought in the public interest because the members of the public, including citizens of and visitors to the region served by the HOSPITAL, who benefit from a PLAN, which (a) keeps promises to loyal public servants and therefore promotes public service, and (b) maintains the integrity of the properly appointed or elected retirement board's exclusive power over the management and investment of public pension funds who were elected or appointed for that purpose as set forth below.

35.    Petitioners do not seek any relief greater than or different from the relief sought for the class of PLAN beneficiaries of which they are members.

36.    Granting the relief sought, would confer a significant pecuniary benefit to the public trust fund administered by the PLAN, its more than 1,614 Plan Participants, and the general public.

37.    Private enforcement is necessary because PLAN, METLIFE and TRUSTEES have failed to prosecute these claims or protect the interests of the Plan Participants.  This private enforcement has placed a disproportionate financial burden on Petitioners in relation to their stake in this matter.

38.    The California Tort Claims Act, California Government (Gov't) Code sections 810-996.6 requires that all California public entities register on the roster of public entities. The PLAN, nor the HOSPITAL, are registered on the California Registry of Public Entities with the Secretary of State.  Therefore, the PLAN and the HOSPITAL have waived any rights or protections arising under the Act.  Absent that failure the California Tort Claims Act does not apply to the claims here seeking injunctive relief, extraordinary relief or relief under the United States and/or California Constitutions.

//

//

//

## FIRST CAUSE OF ACTION – VIOLATION OF CALIFORNIA CONSTITUTION

### (Against all the Respondents and DOES 1-200)

39.     Petitioners incorporate by reference and reallege paragraph 1 through 38 as though fully set forth herein.

40.     The California Constitution sets forth the fiduciary and constitutional requirements applicable to a retirement board's administration, management and investment of public pensions.

41.     The California Constitution states, in pertinent part, that:

"the **retirement board** of a public pension or retirement system shall have plenary authority and fiduciary responsibility for investment of moneys and administration of the system". Further, "The retirement board of a public pension or retirement system shall have the **sole and exclusive fiduciary responsibility over the assets of the public pension or retirement system.**"  see Cal. Const., ar. XVI, §17 (a) (bold, underline emphasis added).

"With regard to the retirement board of a public pension or retirement system which includes in its composition **elected employee members, the number, terms, and method of selection or removal of members of the retirement board which were required by law or otherwise in effect on July 1, 1991, shall not be changed, amended, or modified by the Legislature unless the change, amendment, or modification enacted by the Legislature is ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed.** see Cal. Const., ar. XVI, §17 (f) (bold, underline emphasis added).

42.     At the December, 2011 meeting of the HOSPITAL BOARD,  John Marshall attorney for the HOSPITAL stated that on or around April 2011, the HOSPITAL BOARD appointed itself as Trustees of the PLAN. Mr. Marshall claimed that the meeting was duly-noticed thereby implying that employees were provided notice of the anticipated appointment. However, the HOSPITAL BOARD meeting minutes from the April to November 2011 meetings do not reflect or show that the appointment of HOSPITAL BOARD as Trustees to the PLAN occurred. The December, 2011 meeting minutes have not been approved, however, no such appointment of the HOSPITAL BOARD was made during that meeting either.

Writ of Mandate per CCP § 1085 – Page 12

43.     The HOSPITAL BOARD is not the public agency authorized to publish an agenda for the PLAN, which is an independent body inasmuch the PLAN is a *sui juris* public entity responsible for the administration of the trust funds to the exclusion of the HOSPITAL BOARD as set forth under the California Pension Protection Act. As a result, the HOSPITAL BOARD has no authority to set matters on the PLAN's agenda or give notice of the PLAN's proposed action as such violates the public notice provisions of the Ralph M. Brown Act.

44.     Prior to the December 2011 of the HOSPITAL BOARD, Petitioners and Plan Participants were not aware of the claim that HOSPITAL BOARD was now improperly attempting to act as the Trustees of the PLAN. Petitioners and Plan Participants were not provided an opportunity to vote or elect the HOSPITAL BOARD as Trustees of the PLAN as no election of PLAN Trustees has been held, at the very least, in the last ten (10) years.

45.     The HOSPITAL BOARD failed to comply with California Constitution Art. XVI, §17, subd. (f). In pertinent part, subdivision (f) states that any changes, amendment or modification to a retirement board in terms of composition of elected employee members, number of members, member terms, and method of selection or removal of members in effect on July 1, 1991, shall not occur unless ratified by a majority vote of the jurisdiction's electorate. The HOSPITAL BOARD did not seek such Constitutionally-mandated approval from the electorate, prior to claiming to have appointed its members as the Trustees of the PLAN.

46.     As a result of the HOSPITAL BOARD's failure to comply with California Constitution Art. XVI, §17, subd. (f), the current PLAN TRUSTEES do not constitute a lawfully- appointed or elected retirement board under the Constitution. Indeed, the HOSPITAL BOARD members, albeit claiming to act as the PLAN trustees, never published any minutes of any meeting of the PLAN or any agenda for the PLAN as required by law.

47.     As a result of the HOSPITAL BOARD's failure to comply with California Constitution Art. XVI, §17, subd. (f), the current PLAN TRUSTEES are without authority to act on behalf of the Plan Participants in any way.

48.     Petitioners and Plan Participants have a beneficial interest that the PLAN and its trustees comply with the requirements of the California Constitution; however, HOSPITAL

1  BOARD members claiming to act as PLAN TRUSTEES have violated this duty by appointing

2  themselves as the PLAN TRUSTEES in violation of the terms of Art. XVI §17, subdivision (f)

3  of the California Constitution.

4      49.    Petitioners and Plan Participants are entitled to extraordinary and injunctive relief

5  to prevent the unlawfully self-designated HOSPITAL BOARD members from acting as the

6  PLAN TRUSTEES or from exercising any power or control over the PLAN, including, but not

7  limited to, enjoining them from attempting to act as the PLAN, attempting to act under the

8  PLAN, attempting to give notice of actions resting solely within the jurisdiction of the PLAN or

9  otherwise pretending to be the PLAN.

10      50.    Petitioners have performed all conditions precedent to the filing of the petition.

11  No other adequate remedy exists under statute, regulation or other provisions of law.

12      51.    There are no administrative remedies available to Petitioners to compel the relief

13  sought herein. Therefore, Petitioner's have exhausted all available administrative remedies.

14      52.    Petitioner's have no plain, speedy or adequate remedy at law.

15      53.    Petitioners are entitled to damages in an amount to be shown upon proof at trial.

16  WHEREFORE, Petitioner's prays Judgment:

17      1.    Following a duly noticed hearing, this Court should issue its Peremptory Writ of

18  Mandate commanding the Respondents on Petitioners' First Causes of Action to:

19          a.    Take no action as they are acting in excess of their authority.

20          b.    That the Respondent PLAN TRUSTEES be compelled to comply with

21  Article XVI §17 of California Constitution with including, subdivision (f), which requires that

22  any changes in the composition of a public pension retirement board, including modification of

23  elected employee members, number of members, terms, and method of selection or removal of

24  members of the board, be ratified by a majority vote of the electors of the jurisdiction in which

25  plan participants are or were employed.

26          c.    The PLAN and/or the TRUSTEES cease to violate their fiduciary duties to

27  Petitioners.

28

Writ of Mandate per CCP § 1085 – Page 14

d.      That the Respondents place all of the PLAN funds not already paid to the PLAN in a segregated account under the control of the PLAN, in a constructive trust, as a result of the constructive fraud and breach by Respondents, including the PLAN TRUSTEES, of their fiduciary duties to the Petitioners.

2.      This Court award Petitioners' their costs of suit herein.

3.      This Court award Petitioners' counsel reasonable attorney fees in accordance with applicable California or Federal law including but not limited to section 1021.5 of the Code of Civil Procedure and the common fund doctrine, and

4.      This Court award such other and further relief as it deems necessary and proper.

Dated: January 25, 2012

Respectfully submitted,

By:

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
Gregory Petersen
Attorneys for Petitioners

Writ of Mandate per CCP § 1085 – Page 15

01/23/2012 11:47 FAX 9517861917          Mail Plus More                              @0001/0001

1

**VERIFICATION**

2    STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

3         I have read the foregoing Petition for Writ of Mandate and know its contents.

4

5    I am a former employee of Valley Health System, a California Local Health Care District, who
     has acquired vested property and contractual rights to receive retirement benefits from the Valley
6    Health System, A California Local Health Care District, Retirement Plan, and I am a party to this
     action, and therefore authorized to make this verification for and on Petitioners and other
7    similarly situated individuals behalf, and I make this verification for that reason. The matters
     stated in it are true of my own knowledge except as to those matters that are stated on
8    information and belief, and as to those matters I believe them to be true.

9         Executed on January 23, 2012, at _____Hemet_____, California.

10        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
11

12

13    Rosie De La Rosa
     Print Name of Signatory                                    Signature
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A
22



EXHIBIT "10"

**FILED**

Superior Court Of California
County Of Riverside
07/08/2014
**D ROSENBLOOM**
**BY FAX**

1 Gregory G. Petersen | S.B. No: 77744
Richard L. Hutchinson | S.B. No.: 92727
2 **GREGORY G. PETERSEN, ALC**
3 4425 Jamboree Road, Suite 175
Newport Beach, CA 92660
4 Telephone: (949) 864-2200
Facsimile: (949) 640-8983
5

6

7

8 **SUPERIOR COURT OF CALIFORNIA**
9 **RIVERSIDE COUNTY**

10

11 JAN REICHARDT, PHYLLIS
ABBONDANZA, JOSEPH ACOSTA,
12 DIANA AGNELLO, DENISE ALLEN,
13 MARSA ANDERSON,
MELISSA APOLLO, RAY ASTORGA,
14 MARY AVERETTE, TAMMY AYALA,
15 CINDI BAILEY, MICHAEL
BARRERA, LINDA BASSETT,
16 DEBBIE BIVIANS, CINDA
17 BLICKENSDERFER, KATHLEEN
BONNEY, TERESA BOOTH,
18 THOMAS BRETTNER, BETTY
19 BRAUN, CATHERINE BRUCE,
MARY BURGNER, MARGO
20 BUSHELL, RICHARD BYRNE,
21 DENISE CALDWELL, SANDRA
CALLIN, SHIRLEY CALLOWAY,
22 ELIZABETH CAMPION, PAMELA
23 CARLOS, BARBARA CHAPPELL,
JULIA CLARK, ANNA COOPER,
24 BRUCE COOPER, ELVA CORDERO,
25 RONALD COX, LEEANNE CRIPE,
JANETTE DAVIS, RUBY
26 DEARDORFF, ROSIE DE LA ROSA,
27 LINDA DEKIEWIET, LISA DEW,
GHIRMAI DREE, LOUIS DRUCKER,

28

Case No.: **RIC 1406794**

**PLAINTIFFS' COMPLAINT FOR:**

1. BREACH OF FIDUCIARY DUTY
2. FRAUD
3. NEGLIGENT MISREPRESENTATION
4. VIOLATION OF RALPH M. BROWN ACT
5. VIOLATION OF CALIFORNIA POLITICAL REFORM ACT
6. BREACH OF IMPLIED AND EXPRESS CONTRACT
7. ACCOUNTING
8. INJUCTIVE RELIEF
9. VIOLATION OF CALIFORNIA CONSTITUTION
10. DECLARATORY RELIEF

1  MAURINE DZIKONSKI, DEBBIE
2  ECKWALL, JUDY ENGLAND,
   STEPHEN EWALT, PEGGY
3  FETCHKO, CHERYL FISH,
   ESTRELLA FLORA, RAJENDER
4  GILL, JENIFER GOERL, ANNETTE
5  GREENWOOD, AILEEN GRESHAM,
   GREG GRIFFITHS, TERRI
6  GRIFFITHS, TIMOTHY GRIGGS,
7  PENNY HARELSON, JEAN
   HARRISON, TERI HARSTAD, KEITH
8  HERBERT, MICHAEL HOUGEN,
9  ROBERTA PITTS, DEBBIE
   JOHNSON, MERRIDEE JOHNSON,
10 FLORENCE KELLOG, CAROL
11 KILLINGSWORTH, PEGGY
   KIRTON, DAVID KLEINHANS,
12 ROSEMARY KOTYUK, DIANE
13 KRAFT, JILL KRELL, EILEEN
   KUHN, JESSICA LOPEZ, LINDA
14 LOTT, MAGGIE LUQUIN, MARIA
15 MARTINEZ, JUDY MASONIS,
   BEATRICE MASSEY, THOMAS
16 MATHIESEN, MATTHEW MCCOMB,
17 LYNNE MCELWEE, JAMES
   MCKENZIE JR., LINDA MCKENZIE,
18 MILDRED MILLER, ROBERT
19 MILLER, SANTOS MIRELES,
   SAMUEL MONTES, DEBORAH
20 MORGAN, DENISE MURDOCK,
21 PATRICIA MURLIN, CYNTHIA
   NELTHORPE, HELEN ONSTOTT,
22 JENNIFER O'SULLIVAN,
23 GWENDOLYN OWSLEY, DOROTHY
   PALMER, TODD PARMENTER, RON
24 PAUL, MICHAEL  PAYNE,
25 JEANETTE PENCE, CAROL
   PETRICH, DIANA  PHILLIPS-
26 RAMSEY, SYLVIA PINALES,
   JEFFREY PITTS, ROBERTA PITTS,
27 ANN  PLAN TENGA, LORENE
28 PRATT, MARY PRUITT,LYNN

1  RACELA, ROSHNI REDDY, MARK
   REDMOND,
2  SAMANTHA REDMOND, BLANCA
3  REYES, RANDY REYNOLDS,
   EVELYN RIDDLE, SANDRA RILEY,
4  DESIREE RODERICK, ANTONIA
5  RODRIGUEZ, CAROLINE ROOT,
   TARRI RUBIO, JANIS RUSTAD,
6  NORMA SACK,
7  DAVID SANDERS, CAROL
   SCARBROUGH, HELENA SHEILDS,
8  MARIA SCHLEUNIGER, SCOTT
9  SEIDMAN, LAURA SCULLY,
   MARGARET SHAFER, HELENA
10 SHIELDS, ELLEN SIMONSEN,
11 WILLIAM SIQUEIROR, MARK
   SOUSA, KATHY SPOON, ANA
12 STOKES-ADAMS, DAVID STUART,
13 JUANITA SUALOG, NANCY
   SULLIVAN, LINDA SUTLIFF,
14 SHEVAUN TRIOLO, PAULA
15 TRIPLET, PHILIP VALDEZ, DANA
   VALENZUELA, PATRICIA VEARY,
16 JAMES WEASE, CYNTHIA WEIAND,
17 BARBARA WELSHON, KAREN
   WHEATON, VIRGINIA WIGGINS,
18 DOROTHY WILLIAMS, DONALD
19 WILSON, JOHNNY YU, AND MARIA
   ZAVALA,
20              Plaintiffs,

21 vs.

22
   the VALLEY HEALTH SYSTEM
23 RETIREMENT PLAN , a public
24 employee retirement entity, MET LIFE,
   INC., in its fiduciary capacity as the
25 administrator of the Valley Health System
26 Retirement Plan , GEOFFREY LANG,
   individually and in his capacity as trustee
27 of the Valley Health System Retirement
28 Plan, LLOYD DUNN,  individually and in

3
COMPLAINT

his capacity as trustee of the Valley Health System Retirement Plan, **MYRON GRINDHEIM**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **PATRICIA TULLER**, individually and in her capacity as trustee of the Valley Health System Retirement Plan, **WILLIAM BLASÉ**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **WILLIAM CHERRY**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **GLENN HOLMES**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **MADELINE DREIER**, individually and in her capacity as trustee of the Valley Health System Retirement Plan, **VINAY M. RAO**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **AMELIA HIPPERT**, individually and in her capacity as trustee of the Valley Health System Retirement PLAN, **TOM F. WILSON**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **DEAN DEINES**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **JOEL BERGENFELD**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **MICHELE BYRD**, individually and in her capacity as trustee of the Valley Health System Retirement Plan and DOES 1-1000, inclusive,

Defendants

Plaintiffs complain of Defendants, and each of them, and allege as follows:

## GENERAL ALLEGATIONS

1.     Plaintiffs, and each of them, are former employees of the Valley Health System, which at all relevant times herein, is a public entity and community hospital ("HOSPITAL"), Plaintiffs are beneficiaries under the terms of the Valley Health System Retirement Plan (hereafter the "PLAN").

2.     Defendant PLAN is a public pension PLAN organized under California law and subject to the requirements of California law and the California Constitution, including specifically but not limited to the requirement that it register and operate as a separate public entity, pursuant to the provisions of the California Government Code.

3.     Defendants Geoffrey Lang, Lloyd Dunn, Myron Grindheim, Patricia T. Tuller, William Blasé, William Cherry, Glenn Holmes, Madeline Dreier, Vinay M. Rao, Ameilia Hippert, Tom F. Wilson, Dean Deines, Joel Bergenfeld, and Michele Byrd (hereafter the "Individual Defendants"), are or have at some point since 1999 been Trustees of the PLAN . As such, they owed fiduciary duties to the PLAN and to the beneficiaries under the PLAN.

4.     Defendant MET LIFE INC. was and is the administrator of the PLAN, and is responsible for the administration and activities of the PLAN (including but not limited to investments and payout to beneficiaries) under the terms of the PLAN.  In that role, Defendant MET LIFE also has fiduciary duties to the PLAN and to its beneficiaries that commenced when they were retained at the time of the PLAN's creation and have continued to the present day.

5.     Plaintiffs are presently unaware of the names or capacities of Defendants DOES 1 through 1000, inclusive, and so sues them by their fictitious names.  When and if Plaintiffs ascertain the true names or capacities of the said DOE Defendants, or any of them, Plaintiffs will seek leave of Court to substitute those said true names or capacities in the place and stead of the present fictitious ones.

6. Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times relevant herein, each of the Defendants named herein (including the DOE Defendants) were the agents or employees of each of the other Defendants, and were, in doing the things herein complained of, acting within the course and scope of such agency or employment. Each Defendant herein conspired, one with another, as well as aided and abetted the commission of the unlawful actions set forth herein.

7. The acts herein complained of represent some, but not all, of the continuing and ongoing violations of Plaintiffs' rights and the fiduciary duties owed by Defendants, and each of them, to Plaintiffs, and each of them. As such, the actions herein complained of have occurred, as more specifically alleged below, within various applicable statutes of limitations. Moreover, the full course of conduct complained of represents continuing and on-going violations commencing in 1999 or before and continuing to the present day with new violations being discovered or disclosed even now.

## FIRST CAUSE OF ACTION

(Breach of Fiduciary Duties, against Individual Defendants
and DOES 1 through 500, inclusive)

8. Plaintiffs refer to Paragraphs 1 through 7, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

9. Within four years last past, and commencing in 1999 in a continuing violation as alleged, the Individual Defendants failed and refused to perform their fiduciary duties owed to the PLAN and to the PLAN's beneficiaries (Plaintiffs herein), inter alia, by the following acts and omissions:

a. Falsely claiming not to be an independent entity within the meaning of the California Pension Protection Act of 1992 to some plaintiffs;

b. Falsely claiming not to be a public entity and not registering under the California Tort Claims Act as a public agency with the State of California, as required by law;

c. Falsely claiming to be an ERISA defined benefit pension PLAN when it was and is not;

d. Falsely claiming to be insured under the Federal Pension Insurance Statutes;

e. Failing and refusing to hold public meetings with published agendas as required under the Ralph M. Brown Act, but rather conducting their business as Trustees of the PLAN in secret and without public input or scrutiny.

f. Concealing that they were engaging in actions that constituted an impermissible conflict of interest, including, but not limited to terms of the California Political Reform Act, common law, and the California Constitution;

g. By taking actions adverse to the interests of the PLAN and/or its beneficiaries, which actions have allegedly left the PLAN underfunded and unable to pay out full retirement benefits to its intended beneficiaries as per its written terms and requirements, and in violation of the terms of the California Constitution and the California Pension Reform Act;

h. Falsely claiming the PLAN was and is properly funded to provide when the funds were unlawfully being diverted to benefit others who were not entitled to the protections and benefits of the PLAN ;

i. By making gifts of public funds of the PLAN for ultra vires purposes, such as sponsorship of charity events, all of which injured the funds of the PLAN and contributed to the PLAN 's being unable to meet its financial obligations to beneficiaries;

j. Failing and refusing to participate properly in the management of PLAN assets and conspiring and/or aiding and abetting with others to divert PLAN trust funds to the benefit of others;

k.  Failing and refusing to prevent the ultra vires attempt to wind down and terminate the PLAN, in such a manner as to deny Plaintiffs of their proper pension benefits;

l.  Failing and refusing to properly manage the funds of the PLAN for the benefit of its beneficiaries; but rather abdicating their role in the said winding down and termination to others without authority to do so at the time, thus constituting a further conflict of interest;

m. Failing to disclose the true and accurate nature of the PLAN assets;

n.  Investing in insolvent and mismanaged business entities;

o.  Failing to provide an accurate actuary study yearly as required by law;

p.  Failing to report the status of the PLAN to the members yearly as required by law;

q.  Failing to exercise control over the assets of the PLAN and improperly allowing others to do so to the determinant of the PLAN and its beneficiaries; and,

r.  Allowing the administrator to take ultra vires actions without the consent of the Trustees, which depleted the assets of the PLAN ; and,

s.  Failing to exercise oversight and control over MET LIFE in the handling of the PLAN assets, including the unauthorized disbursement of approximately 49 million dollars.

10.     As a direct and proximate result of these failures by the Defendants named in this Cause of Action to properly discharge their fiduciary duties, the PLAN and its beneficiaries were damaged, in that the PLAN was allegedly left underfunded and unable to fully pay benefits to beneficiaries as called for under the terms of the PLAN; failing to collect funds due from any source since 1999.

11.     Accordingly, Plaintiffs are entitled to injunctive relief enjoining these Defendants from continuing their unlawful actions and stopping the unlawful actions that

they have caused; disqualifying each such Defendant from holding office of a TRUSTEE for the PLAN and compelling each Trustee Defendant to make full disclosures regarding the damages set forth below.

## SECOND CAUSE OF ACTION

(Breach of Fiduciary Duties, against Defendant MET LIFE

And DOES 5 through 100, inclusive)

12.     Plaintiffs refer to Paragraphs 1 through 11, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

13.     As administrator of the PLAN, Defendant MET LIFE owed fiduciary duties to the PLAN and to its beneficiaries (Plaintiffs herein and other members of the class not named herein).

14.     Within four years last past, and commencing in 1999 in a continuing violation as alleged, Defendant MET LIFE failed and refused to perform its fiduciary duties owed to the PLAN and to the PLAN 's beneficiaries (Plaintiffs herein), inter alia, by the following acts and omissions:

a. Failing properly to provide quarterly, annual, and other reports on the financial condition of the PLAN , in sufficient detail and specificity to inform Plaintiffs as beneficiaries of the true financial state of the PLAN ;

b. Failing to disclose the fact that the PLAN was so underfunded that it could not make full and adequate pension payouts to Plaintiffs.

c. Conspiring and/or aiding and abetting or acting in concert with the Individual Defendants, in all of the actions set forth in the First Cause of Action herein in violation of the Individual Defendants' fiduciary duties

d. Failing to account properly to Plaintiffs for the monies entrusted to its care as administrator of the PLAN.

e. Failing to honestly and correctly respond to clients' inquiries and pension requests.

15. As a direct and proximate result of these failures by the Defendants named in this Cause of Acton properly to discharge their fiduciary duties, the PLAN and its beneficiaries were damaged, in that the PLAN was left underfunded and unable to fully pay benefits to beneficiaries as called for under the terms of the PLAN .

16. Accordingly, Plaintiffs are entitled to damages as set forth below.

## THIRD CAUSE OF ACTION

### (Fraud, against all the Defendants)

17. Plaintiffs refer to Paragraphs 1 through 16, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

18. Within three years last past, and as part of a continuing violation of Plaintiffs' rights since 1999 as alleged, the Defendants, and each of them, made materially false representations to Plaintiffs, knowing they were false, about the PLAN as follows:

a. That the PLAN was adequately funded and/or stated that the PLAN was fully funded; and,

b. The ability of the PLAN to pay out retirement benefits pursuant to its written terms to Plaintiffs' benefits as PLAN beneficiaries remained in place up to the present, all the while knowing that not to be true.

19. At the time these representations were made, the said Defendants knew that they were false – that in fact, the winding down and termination of the PLAN was fully contemplated by the Defendants and hidden from the beneficiaries; that the wind down would have a major harmful impact on the financial integrity and ability of the PLAN to make payments according to its terms; and that the actions taken were ultra vires.

20.     In fact, the PLAN has turned out to be unable to make full and adequate payments to beneficiaries (Plaintiffs herein) in accordance with its terms and has disposed of at least 49 million dollars without legal consent to do so.

21.     Plaintiffs relied on the truth of the statements made by the said Defendants, and each of them, as alleged, and were justified in doing so given those Defendants' superior positions and fiduciary duties to Plaintiffs.

22.     As a direct and proximate result of these fraudulent misrepresentations by the said Defendants, and each of them, Plaintiffs have been damaged in that their pension and retirement benefits have been unlawfully compromised and have not been paid out as called for under the terms of the PLAN.

23.     The aforesaid conduct of Defendants, and each of them, was malicious, oppressive, fraudulent, and intended to cause harm to Plaintiffs, and each of them, thereby entitling Plaintiffs, in addition to any other relief, to an award of punitive damages against Defendants pursuant to Civil Code Section 3294.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation against all Defendants)

24.     Plaintiffs refer to Paragraphs 1 through 23, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

25.     At the time these representations were made, the said Defendants had no reasonable basis for believing that any of these representations were true.

## FIFTH CAUSE OF ACTION

### (Violation of California Public Meetings Act [The Ralph M. Brown Act], against PLAN and all Individual Defendants)

26.     Plaintiffs refer to Paragraphs 1 through 25, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

27. At all times relevant herein, the California Public Meetings Act (the Ralph M. Brown Act) was in full force and effect. The terms of the Brown Act, require, inter alia, that public agencies conduct business in a public manner, with noticed and open meetings and under openly published agendas.

28. Defendants, and each of them as Trustees of the PLAN, a public agency, had an ongoing obligation to conduct the business of the PLAN in public meetings pursuant to the terms of the Brown Act as alleged. After inquiry, there are no records of the PLAN conducting any meetings pursuant to the Ralph M. Brown Act.

29. Within three years last past Defendants, and each of them, failed and refused to abide by the terms of the Ralph M. Brown Act, and instead conducted the business meetings of the PLAN in private, without published agendas or meeting minutes, and without any meaningful opportunity for public participation or viewing of their actions.

30. As a result, Plaintiffs are entitled to injunction and damages as set forth by law.

## SIXTH CAUSE OF ACTION

(Violation of California Political Reform Act against Individual Defendants and DOES 1 through 50, inclusive)

31. Plaintiffs refer to Paragraphs 1 through 30, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

32. At all times relevant herein, the California Political Reform Act (Government Code Sections 81000 et seq.) was in full force and effect. The terms of that Act, require, inter alia, that public agencies not make gifts of public funds.

33. Defendants, and each of them as Trustees of the PLAN, a public agency had an ongoing obligation to conduct the business of the PLAN in public meetings pursuant to the terms of the Political Reform Act as alleged.

34.     Within three years last past Defendants, and each of them, failed and refused to abide by the terms of the Political Reform Act, and instead made gifts of the funds of the PLAN, inter alia, to provide sponsorship for charity events. Those gifts represented a material loss to and had a material impact upon the viability and financial solvency of the PLAN, thereby rending it unable to meet its obligations.

35.     As a result, Plaintiffs are entitled to damages a set forth by law.

## SEVENTH CAUSE OF ACTION

### (For an Accounting, as against all Defendants)

36.     Plaintiffs refer to Paragraphs 1 through 35, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

37.     As beneficiaries of the PLAN, Plaintiffs are entitled to a full accounting from Defendants, and each of them, of all relevant financial transactions involving the PLAN and its assets, including but not limited to beneficiary memberships, all disbursements of retirement of other funds, income and loss from all investments, capital or other contributions (whether made by the PLAN itself, the Valley Health System agency, Plaintiffs through employee contributions, or any other person or entity), and all other financial transactions or periodic reports of financial transactions or conditions made or authorized by the Individual Defendants, or any of them, in their capacities as Trustees of the PLAN, or by MET LIFE as administrator of the PLAN .

## EIGHTH CAUSE OF ACTION

### (For Injunctive Relief against all Defendants)

38.     Plaintiffs refer to Paragraphs 1 through 37, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

39.     As a result of the misconduct of Defendants, and each of them, as alleged

herein, Plaintiffs are entitled to injunctive relief against Defendants, and each of them, to restrain and halt them from entering any further financial transactions (including disbursement of any finds, whether for retirement benefits to beneficiaries or otherwise) until the full accounting prayed for herein is completed. Plaintiffs thus are entitled to a preliminary and permanent injunction as prayed for herein.

## NINTH CAUSE OF ACTION

### (Violation of California Constitution against all Defendants)

40. Plaintiffs refer to Paragraphs 1 through 39, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

41. From at least 1999 to the present the PLAN has not been funded by HOSPITAL as required by the PLAN document.

33. From its fiscal year beginning in 1999 through its fiscal year beginning this year the HOSPITAL violated its obligations by failing to pay the PLAN earnable compensation as determined by the PLAN's Actuary pursuant to the annual actuarial valuation required by law.

42. The Defendants concealed the HOSPITAL's violations of the PLAN document as well as the underfunding of its pension trust fund, by concealing that such Underfunding would render the PLAN pension trust fund actuarially unsound.

43. The Defendants induced the PLAN, METLIFE, and/or TRUSTEES to violate their fiduciary duties to Plaintiffs by enticing the, said other Defendants with special benefits and improper directions.

44. Allowing the underfunding was a constructive fraud and a breach by PLAN TRUSTEES of their fiduciary duties to the Plaintiffs.

45. By conduct alleged the Defendants actively participated with, aided, and abetted in the PLAN's breach of trust.

46. The Defendants participated with, aided, and abetted in PLAN 's breach of trust for Respondents own financial gain.

47. The Defendants also concealed their participation and assistance with PLAN 'S breach of trust.

48. The pension trust fund administered by PLAN has suffered damages of at least $100 million as a result of the Underfunding and other acts of misconduct alleged herein.

49. PLAN has been unwilling to prosecute this action to recover assets belonging to the trust.

50. By all of these acts or omissions, as well as others not specifically alleged herein, Defendants, and each of them, violated that portion of the California Constitution popularly known as the Pension Protection Act of 1992.

51. This cause of action is brought on behalf of Plaintiffs and any recovery obtained in this action will be paid to PLAN.

## TENTH CAUSE OF ACTION

(Breach of Implied and Express Contract against the PLAN, MET LIFE, and Does 1-1000)

52. Plaintiffs refer to Paragraphs 1 through 51, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

53. Plaintiffs, as third party beneficiaries and PLAN members, and the PLAN and MET LIFE, have a valid and binding contract to pay sums certain to the beneficiaries as set forth in the entitlement letters to each Plaintiff.

54. An implied and express covenant of the parties' contract required the PLAN and MET LIFE to maintain an actuarially sound retirement system, as does the California Constitution.

55. Plaintiffs have a vested contractual right to an actuarially sound retirement system as set forth in MET LIFE'S communications to the beneficiaries.

56. MET LIFE breached its contract with the PLAN by allowing the PLAN to become actuarially unsound.

57. Plaintiffs have performed all terms of the contract on their part to be performed.

58. MET LIFE concealed its breach, as well as the underfunding of its pension trust fund from 1999 through the present.

59. MET LIFE concealed its breach, as well as allowing the underfunding of its pension trust by withholding financial statements from the Plaintiffs and others.

60. MET LIFE concealed its breach, as well as the Underfunding of its pension trust, by concealing that such underfunding would render the PLAN fund actuarially unsound.

61. As the result of the Met Life's and the PLAN's breach of contract, Plaintiffs have suffered damages in an amount to be proved at trial.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Relief against all Defendants)

62. Plaintiffs refer to Paragraphs 1 through 61, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

63. An actual and justiciable controversy has arisen, and now exists, between Plaintiffs, on the one hand, and the PLAN, on the other hand, as to:

a. Whether the PLAN violated the PLAN document by failing to fund its retirement PLAN as required

b. The PLAN and MET LIFE breached its contract with Plaintiffs by rendering the retirement system actuarially unsound.

64.     Pursuant to <u>Code of Civil Procedure</u> Section 1060, Plaintiffs desire judicial determinations that:

a. The Defendants, MET LIFE and the PLAN violated the PLAN document by failing to fund its retirement PLAN as required

b. MET LIFE and the PLAN breached its contract with Plaintiffs by rendering the retirement system actuarially unsound.

65.     Such judicial determinations are necessary and appropriate at this time so that the parties can ascertain their respective rights and duties in order to avoid the potential for a multiplicity of costly judicial challenges by individual members of PLAN.

66.     There are no administrative remedies available to Plaintiffs to compel the relief sought herein. Therefore, Plaintiffs have exhausted all available administrative remedies.

67.     Plaintiffs have no plain, speedy or adequate remedy at law.

68.     Plaintiffs are entitled to damages in an amount that will rectify the PLAN's underfunding upon proof at trial.

WHEREFORE, Petitioner's prays Judgment:

1.     For damages payable in the amount of the underfunding, with interest, since 1999.

2.     Following a duly noticed hearing, this Court render issue its permanent Injunction commanding MET LIFE and the PLAN to:

a. fund its retirement PLAN in accordance with the PLAN's independent Actuary pursuant to the annual actuarial valuation required by law.

b. The PLAN and MET LIFE disclose all information concealed by the individual Defendants in regards to its violations of the PLAN document, as well as the underfunding of its pension trust fund, by producing all books and records of the PLAN for inspection and review by the PLAN members and their counsel.

c. That the Defendants take no action concealing or furthering that the underfunding or spending or reducing the PLAN funds;

d. That the Defendants take no action that renders the PLAN actuarially unsound.

e. The PLAN and/or the TRUSTEES cease to violate their fiduciary duties to Plaintiffs.

f. That the Defendants place all of the PLAN funds not already paid to the PLAN in a segregated account under the control of the PLAN, in a constructive trust, as a result of the constructive fraud and a breach by MET LIFE and the individual Defendants PLAN TRUSTEES, of their fiduciary duties to the Plaintiffs.

g. The PLAN immediately prosecute any and all actions allowed or required to recover the PLAN corpus and other assets, belonging to the PLAN, from any and all persons and entities who have custody or control of such funds or assets, whether in a constructive trust or otherwise, under the supervision and direction of this Court and that this Court maintain jurisdiction to oversee the proper performance of this duty to the PLAN and its Trustees.

3. For Declaratory Relief as per the Eleventh Cause of Action hereto.

4. For Damages according to proof.

5. For an award of punitive damages pursuant to Civil Code Section 3294 in connection with the Third Cause of Action hereto.

6. For an accounting pursuant to the Seventh Cause of Action hereto.

7. For costs of suit herein.

//
//
//
//
//

18
COMPLAINT

8.  For an award of reasonable attorney fees in accordance with section 1021.5 of the Code of Civil Procedure and the common fund doctrine, and

7.  For such other and further relief as it deems necessary and proper.


Dated: July 7, 2014                    Respectfully Submitted:


**GREGORY G. PETERSEN,**
A Law Corporation




By: _Gregory G. Petersen_____
       Gregory G. Petersen,
       Attorney for Plaintiffs

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF DEBTOR VALLEY HEALTH SYSTEM FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST PEGGY KIRTON, DIANA AGNELLO AND GREGORY G. PETERSEN, AND EACH OF THEM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GARY E. KLAUSNER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 14, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Andrew K Alper    aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
- Robert S Altagen    rsaink@earthlink.net
- Terri H Andersen    terri.andersen@usdoj.gov
- Todd M Arnold    tma@lnbyb.com
- Kathryn M Barnes    kbarnes@thelen.com
- Daniel I Barness    daniel@barnesslaw.com
- Manuel A Boigues    bankruptcycourtnotices@unioncounsel.net
- Mark Bradshaw    mbradshaw@shbllp.com, sswartzell@shbllp.com;rhodges@shbllp.com
- Michael E Busch    michael.busch@fnf.com
- Gail E Cohen    , pbronstrup@mail.hinshawlaw.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- Traci L Cotton    tcotton@utsystem.edu
- Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
- Timothy J Farris    timothy.j.farris@usdoj.gov
- Marina Fineman    mfineman@stutman.com
- H Alexander Fisch    afisch@stutman.com
- Heather Fowler    heather.fowler@lw.com, colleen.rico@lw.com
- Anthony A Friedman    aaf@lnbyb.com
- Roger F Friedman    rfriedman@rutan.com
- Fred Gaines    fgaines@gaineslaw.com
- Paul R. Glassman    pglassman@sycr.com
- Peter J Gurfein    pgurfein@lgbfirm.com, marizaga@lgbfirm.com;kalandy@lgbfirm.com;cboyias@lgbfirm.com;rspahnn@lgbfirm.com
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com
- Allan H Ickowitz    aickowitz@nossaman.com, mbonilla@nossaman.com
- Jacqueline L James    jlj@lnbyb.com
- Jeffrey L Kandel    jkandel@pszjlaw.com
- Sheri Kanesaka    generalmail@alvaradoca.com, heather.kane@piblaw.com
- Q Scott Kaye    qskaye@mwe.com
- John W Kim    john.kim@limruger.com, amy.lee@limruger.com
- Gary E Klausner    gek@lnbyb.com
- Bradford Klein    bklein@wrightlegal.net, jevaristo@wrightlegal.net
- Robert A Klyman    robert.klyman@lw.com
- Stuart I Koenig    Skoenig@cmkllp.com
- Jean LeBlanc    jleblanc@mwe.com
- Paul J Leeds    leedsp@higgslaw.com, reisingc@higgslaw.com
- Dana N Levitt    dlevitt@mwe.com, WSmith@mwe.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

- Melissa Davis Lowe    mdavis@shbllp.com, lverstegen@shbllp.com
- Michael S Lurey    michael.lurey@lw.com, colleen.rico@lw.com
- Bryant C MacDonald    Maclaw51@verizon.net
- Samuel R Maizel    smaizel@pszjlaw.com, smaizel@pszjlaw.com
- David J McCarty    dmccarty@sheppardmullin.com, nparker@sheppardmullin.com
- Neeta Menon    nmenon@btlaw.com
- Scott H Olson    solson@vedderprice.com, ecfdocket@vedderprice.com,jcano@vedderprice.com,jparker@vedderprice.com
- Gregory G Petersen    ggpetersenlaw@gmail.com, linnda@saminilaw.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com
- Uzzi O Raanan    uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
- Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net
- Christopher O Rivas    crivas@reedsmith.com
- Stephanie M Seidl    sseidl@sheppardmullin.com
- Leonard M Shulman    lshulman@shbllp.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
- Nathan M Smith    nate@ethanbrownlaw.com
- Adam M Starr    starra@gtlaw.com, laik@gtlaw.com
- Jason D Strabo    jstrabo@mwe.com, cgilbert@mwe.com
- Derrick Talerico    dtalerico@lntlaw.com, nlockwood@lntlaw.com;jokeefe@lntlaw.com
- Wayne R Terry    wterry@hemar-rousso.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Andrea M Valdez    avaldez@fulbright.com
- Michael S Winsten    mike@winsten.com
- David M Wiseblood    dwiseblood@wisebloodlaw.com, dmwadmin@wisebloodlaw.com

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) *April 14, 2015*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
N/A

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) *April 14, 2015*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVICE BY OVERNIGHT MAIL

The Honorable Peter H. Carroll
United States Bankruptcy Court
Central District of California
1415 State Street, Suite 230
Santa Barbara, CA  93101

Gregory G. Petersen
SAMINI SCHEINGBERG, PC
840 Newport Center Drive, Suite 700
Newport Beach, CA 92660

Peggy Lynn Kirton
1158 S. Gilbert
Hemet, CA 92543

Diana Agnello
25387 Lacebark
Murrieta, CA 92563

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 14, 2015 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.