FILED & ENTERED

JUL 24 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick         DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 6:07-bk-18293-PC |
| | ) | |
| | ) | Chapter 9 |
| | ) | |
| VALLEY HEALTH SYSTEM, | ) | **MEMORANDUM RE: MOTION OF DEBTOR VALLEY HEALTH SYSTEM FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST PEGGY KIRTON, DIANA AGNELLO AND GREGORY G. PETERSON, AND EACH OF THEM** |
| Debtor. | ) | |

Before the court is the <u>ex parte</u> Motion of Debtor Valley Health System for Issuance of an Order to Show Cause Re Civil Contempt Against Peggy Kirton, Diana Agnello and Gregory G. Petersen, and Each of Them ("Motion") pursuant to FRBP 9020 and LBR 9020-1.[1] Having considered the Motion, Respondents Gregory G. Petersen, Peggy Kirton, and Diana Agnello's

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

1

[Amended] Objections to Debtor Valley Health System's Motion for OSC Re: Civil Contempt, and Valley Health System's reply,[2] the court will dispense with oral argument and a hearing and deny the Motion without prejudice based on the following findings of fact and conclusions of law made pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and applied to contested matters by FRBP 9014(c).

By its Motion, Valley Health System ("VHS") seeks issuance of an order to show cause ("OSC") pursuant to LBR 9020-1(a), which states:

> Unless otherwise ordered by the court, contempt proceedings are initiated by filing a motion that conforms to LBR 9013-1 and a proposed order to show cause. Cause must be shown by filing a written explanation why the party should not be held in contempt and by appearing at the hearing."

The proposed order must clearly identify the allegedly contemptuous conduct, the sanctions sought, and the grounds for such sanctions. LBR 9020-1(c)(2). The target of the OSC must be served with the motion and given an opportunity to object to issuance of the OSC. LBR 9020-1(b).

"Contempt proceedings are the traditional method for addressing a violation of the discharge injunction." Bassett v. Am. Gen. Fin. Inc. (In re Bassett), 255 B.R. 747, 755 (9th Cir. BAP 2000), aff'd in part, rev'd in part on other grounds, 285 F.3d 882 (9th Cir. 2002); see Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 445 (1st Cir. 2000) ("[A] bankruptcy court is authorized to invoke section 105 to enforce the discharge injunction . . . ."). "A party that knowingly violates the discharge injunction can be held in contempt under § 105(a)." Nash v. Clark Co. Dist. Attorney's Office (In re Nash), 464 B.R. 874, 880 (9th Cir. BAP 2012); see Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1205 n.7 (9th Cir. 2008), aff'd, 559 U.S. 260 (2010). The violation must be willful. Jarvar v. Title Cash of Mont., Inc. (In re Jarvar), 422 B.R. 242, 250 (Bankr. D. Mont. 2009) ("Willful violation of the § 524(a)(2) injunction warrants the finding of contempt").

---

[2] Valley Health System's Evidentiary Objections to the Declaration of David P. Sanders, Objections 1-7 are sustained.

"To prove that a sanctionable violation of the discharge injunction has occurred, the debtor must show that the creditor: '(1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction.'" Nash, 464 B.R. at 880 (quoting Espinosa, 553 F.3d at 1205 n.7). "The courts have employed an objective test in determining whether an injunction should be enforced via the contempt power." Bassett, 255 B.R. at 758. "In determining whether the contemnor violated the stay, the focus 'is not on the subjective beliefs or intent of the contemnors in complying with the order, but whether in fact their conduct complied with the order at issue.'" Lindblade v. Knupfer (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003) (citation omitted). "In other words, a creditor may not hide its eyes to the discharge injunction to avoid its reach." Dickerson, 510 B.R. at 303. "A party's negligence or absence of intent to violate the discharge order is not a defense against a motion for contempt." Jarvar, 422 B.R. at 250.

The moving party must prove by clear and convincing evidence that the offending party violated the discharge order and that sanctions are justified. Espinosa, 553 F.3d at 1205 n.7; Nash, 464 B.R. at 880. If adequate proof is produced, the burden then shifts to the offending party to demonstrate why it was unable to comply with the discharge injunction. See Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1069 (9th Cir. 2002); F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999); Dickerson, 510 B.R. at 298. The bankruptcy court has broad discretion in fashioning a remedy for violation of the discharge injunction. Bassett, 255 B.R. at 758. If the court finds a willful violation of the discharge injunction, the court may award actual damages, punitive damages, attorneys' fees and costs to the debtor. See Espinosa, 553 F.3d at 1205 n.7; Nash, 464 B.R. at 880.

Courts must scrutinize ex parte motions seeking the issuance of an OSC re contempt. See Costa v. Welch (In re Costa), 172 B.R. 954, 963 (Bankr. E.D. Cal. 1994) ("Courts should be cautious when authorizing contempt proceedings. Orders to show cause should not issue merely because someone requests one."). "Obtaining an order to show cause requires a demonstration of facts that, if not rebutted, could be sufficient to warrant an order of contempt." Id. As the court explained in Costa:

> Contempt is serious business that nobody takes lightly. The mere existence of an order to show cause suggests that the court has made a preliminary determination that an order of contempt is a realistic possibility. When issued based on allegations that are unlikely to warrant an order of contempt, the order to show cause smacks of bullying and creates perceptions that call the court's impartiality into question.

Id. at 963-64.

In this case, VHS seeks an order directing Respondents Gregory G. Petersen, Peggy Kirton, and Diana Agnello to appear and show cause why they should not be held in contempt for allegedly violating the discharge injunction contained in this court's Order (i) Confirming First Amended Plan for Adjustment of Debts of Valley Health System Dated December 17, 2009, As Modified February 19, 2010, and (ii) Granting Judgment For Valley Health System In Each Challenge Action ("Confirmation Order") entered on April 26, 2010, by Respondents' commencement and prosecution of each of the following lawsuits to assert claims based upon or arising out of the Valley Health System Retirement Plan Adopted January 1, 1971, as amended ("VHS Retirement Plan"):

> Case No. RIC 10017129, styled Kirton v. Valley Health System, et al., filed in the Superior Court of California, County of Riverside, on August 26, 2010, removed to this court on September 22, 2010, and assigned Adversary No. 6:10-ap-01566-PC ("Kirton").

> Case No. RIC 120152, Reichardt, et al. v. Valley Health System, et al., filed in the Superior Court of California, County of Riverside, on January 25, 2012, removed to this court on January 27, 2012, and assigned Adversary No. 6:12-ap-01032-PC ("Reichardt I").

> Case No. RIC 1406794, styled Reichardt, et al. v. The Valley Health System Retirement Plan, et al., filed in the Superior Court of California, County of Riverside ("Reichardt II") on July 18, 2014, removed to this court on September 10, 2014, and assigned Adversary No. 6:14-ap-01236-PC ("Reichardt II").

VHS further seeks an order requiring Respondents "to cease prosecuting any and all currently pending litigation against VHS or the [VHS Retirement Plan] and prohibiting [Respondents] from commencing any litigation, including but not limited to lawsuits, adversary proceedings,

petitions for mandamus, or administrative proceedings against VHS or the VHS Retirement Plan,"[3] together with an award of reasonable attorneys' fees and costs.

Respondents, Kirton and Agnello are the plaintiffs in Kirton, and Respondent, Gregory G. Petersen is their attorney. VHS asserts that Respondents "(1) knew there was a Discharge Injunction applicable to their claims, and (2) despite such knowledge, intended to and did prosecute lawsuits that directly violated the Discharge Injunction."[4] As evidence of knowledge and intent, VHS points to this court's Memorandum Decision entered in Kirton on February 24, 2011, which included, among other findings of fact and conclusions of law, the following findings in support of its order denying Kirton's motion for reconsideration of an order dismissing Kirton under F.R.Civ.P 12(b)(6) for failure to state a claim:

> 1. Kirton received notice of VHS's bankruptcy and the deadline of August 25, 2008, within which to file proofs of claim.
>
> 2. Kirton did not object to confirmation of VHS's plan.
>
> 3. When the sale closed on October 13, 2010, VHS's confirmed plan of adjustment became effective and binding upon all parties in interest, including Kirton.
>
> 4. VHS was then [when the Plan became effective] discharged from its prepetition obligations to Kirton based upon or arising out of the VHS Retirement Plan.
>
> 5. <u>Kirton was enjoined from enforcing such obligations except as provided by the confirmed plan</u>.[5]

Respondents, however, disagreed with the court's decision. On appeal, the United States Bankruptcy Appellate Panel for the Ninth Circuit ultimately affirmed. Kirton v. Valley Health Sys. (In re Valley Health Sys.), 2015 WL 777685, *7 (9th Cir. BAP 2015). But on March 26, 2015, Respondents appealed to the Ninth Circuit where it is currently pending under Case No. 15-60023.

---

[3] Motion, Exh. 1, 2:25-3:5.

[4] Id. at 12:4-6.

[5] Id. at 12:9-19 (emphasis added by VHS).

      Kirton, Reichardt I, and Reichardt II each involve claims by Defined Benefit Plan Participants[6] against VHS and/or the VHS Retirement Plan, Metropolitan Life Insurance Company ("MetLife"), as administrator of the VHS Retirement Plan, and one or more of the Plan Trustees,[7] seeking damages and other relief for an alleged underfunding of the VHS Retirement Plan based upon various theories of recovery, including fraud, breach of contract, and breach of fiduciary duty. In Kirton, the court dismissed the claims asserted in the Kirton complaint without leave to amend reasoning that: (1) on the petition date, VHS's only funding obligation with respect to the VHS Retirement Plan arose from its prepetition contractual obligations under the plan; (2) the Plan Trustees had no contractual obligations under the VHS Retirement Plan in their individual capacities; (3) the VHS Chapter 9 Plan and Confirmation Order discharged VHS from its prepetition obligations to the Defined Benefit Plan Participants, including Kirton, based upon or arising out of the VHS Retirement Plan; (4) MetLife, as administrator of the VHS Retirement Plan, was in an identical position as VHS and the Plan Trustees with respect to Kirton's claims as a Defined Benefit Plan Participant; and (5) Kirton's claims against MetLife were integrally related to those asserted against VHS and the Plan Trustees. Whether this court's findings were correct will be determined by the Ninth Circuit.

      Respondents argue that the claims made the basis of Kirton, Reichardt I and Reichard II are distinct and separate, but the court believes there are fundamental issues common to Kirton, Reichardt I and Reichardt II that a final determination by the Ninth Circuit in Kirton will ultimately control. Accordingly, the court has stayed further action in Reichardt I and Reichard II pending final adjudication by the Ninth Circuit of the substantive issues on appeal in Kirton.

---

[6] "Defined Benefit Plan Participants" are defined in Section I.A.(22) of the First Amended Plan for the Adjustment of Debts of Valley Health System Dated December 17, 2009 (as modified) ("VHS Chapter 9 Plan") as "participants in the VHS Retirement Plan."

[7] The complaints in Kirton, Reichardt I, and Reichardt II each assert claims against one or more of the following persons, individually and in their capacity as a trustee of the VHS Retirement Plan: Geoffrey Lang, Lloyd Dunn, Myron Grindheim, Patricia Tuller, William Blasé, William Cherry, Glenn Holmes, Madeleine Dreier, Vinay M. Rao, Amelia Hippert, Tom F. Wilson, Dean Deines, Joel Bergenfeld, and Michele Byrd (collectively, the "Plan Trustees")

1  Because the facts upon which VHS relies for issuance of an OSC re contempt are the
2  subject of an appeal to the Ninth Circuit in <u>Kirton</u> and VHS has not demonstrated other facts
3  sufficient to warrant an order of contempt, VHS's Motion will be denied without prejudice. A
4  separate order will be entered consistent with this memorandum.

###

Date: July 24, 2015



Peter H. Carroll
United States Bankruptcy Judge